#AA-2974
Pelican Bay State Prison
PO BOX 7500
Crescent City, CA 95532

EASTERN DISTRICT OF CALIFORNIA.

2  GUILLERMO TRUJILLO CRUZ,

CASE NO. 1:22CV00177 BAK(PC)

3  PLAINTIFF,

FILED

"CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C

4  VS.

1983, FOR MONEY DAMAGES AND JURY TRIAL

5  M. GONZALEZ, ET. AL, & MC

FEB 10 2022

DEMAND."

RECEIVED

6  DENNIEL, ET. AL,

CLERK U.S. DISTRICT COURT

FEB 10 2022

7  DEFENDANTS;

EASTERN DISTRICT OF CALIFORNIA

BY_____

DEPUTY CLERK

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY____M____
DEPUTY CLERK

8

9                    JURISDICTION :

10  I PLAINTIFF, GUILLERMO TRUJILLO CRUZ, BRINGS THIS CIVIL RIGHTS ACTION PURSUANT

11  TO 42 U.S.C. 1983; UNNECESSARY USE OF FORCE, RETALIATION, AND MY DENIAL OF MEDICAL

12  TREATMENT IN VIOLATION OF THE EIGHT, FIRST AND THE DUE PROCESS CLAUSE OF THE

13  FOURTEENTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION. THE INCIDENT

14  OCCURED AT KERN VALLEY STATE PRISON (K.V.S.P); ADMINISTRATIVE SEGREGATION UNIT

15  2 (A.S.U 2); E-POD, CELL # 152. THIS COURT HAS JURISDICTION OVER THIS ACTION

16  PURSUANT TO 28 U.S.C. 1331 AND 1334 (a)(3). THIS COURT ALSO HAS SUPPLEMENTAL

17  JURISDICTION OVER PLAINTIFFS, STATE-LAW CLAIMS PURSUANT TO 28 U.S.C. 1367, UNDER

18  FEDERAL RULE OF CIVIL PROCEDURE 38(b), AND ALSO HAS JURISDICTION TO A JURY TRIAL.

19

20                    VENUE :

21  THE EASTERN DISTRICT OF CALIFORNIA IS THE APPROPRIATE VENUE UNDER 28 U.S.C. 1391

22  (b)(2) BECAUSE ITS WHERE THE EVENTS OR OMISSIONS GIVING RISE TO THE CLAIM OCCURED

23  IN THIS DISTRICT.

24                    PARTIES :

25  I PLAINTIFF, GUILLERMO TRUJILLO CRUZ, ARRIVED HERE AT KERN VALLEY STATE PRISON

26  (K.V.S.P) ON FRIDAY, FEBRUARY 03, 2021 FROM PELICAN BAY STATE PRISON (P.B.S.P) FOR

27  OUT-TO-COURT PROCEEDINGS ON CASE NO # DF012066(A). AT ALL TIMES RELEVANT TO THIS

28  ACTION PLAINTIFF CONTINUED TO BE HOUSED AT (KVSP) A.S.U 2 WHICH IS LOCATED IN

DELANO, CALIFORNIA.

DEFENDANT, M. GONZALEZ, IS A CORRECTIONAL OFFICER WHO IS EMPLOYED WITH THE DEPARTMENT OF CORRECTIONS & REHABILITATION (C.D.C.R.) WHO AT ALL TIMES RELEVANT TO THIS ACTION HELD THE RANK OF LANDING FLOOR OFFICER AT (K.V.S.P.) AD-SEG UNIT 2 (A.S.U 2.)

WITNESSES, ARE CORRECTIONAL OFFICERS C. DAVIS, I. PEREZ, K. NIZAMI, AND OFFICER R. HUSLEY WHO ARE EMPLOYED WITH THE DEPARTMENT OF CORRECTIONS & REHABILITATION (C.D.C.R.) WHO AT ALL TIMES RELEVANT TO THIS ACTION HELD THE RANK OF LANDING FLOOR OFFICER AT (K.V.S.P.) AND WERE ON DUTY ON SUNDAY, APRIL 11, 2021, THIRD WATCH SHIFT. ASSISTING OFFICER M. GONZALEZ, WITH UNLOCKING FOOD PORT TRAY SLOTS FOR LAUNDRY PICK UP AND PASS OUT.

DEFENDANT, (LVN) McDANNIEL, IS A CORRECTIONAL NURSE WHO IS EMPLOYED FOR THE DEPARTMENT OF CORRECTIONS & REHABILITATION (C.D.C.R.) WHO AT ALL TIMES RELEVANT TO THIS ACTION HELD THE RANK OF (LVN) AND WAS ON DUTY SUNDAY, APRIL 11, 2021, AT KERN VALLEY STATE PRISON (K.V.SP) AD-SEG UNIT 2.

EACH DEFENDANT, LISTED ABOVE IS BEING SUED IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES. EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

"THREE-STRIKE PROVISION":

I, PLAINTIFF, GUILLERMO TRUJILLO CRUZ, ~~WWE~~ BRING'S THIS LAWSUIT UNDER THE "THREE-STRIKE" PROVISION RULE PURSUANT TO 28 U.S.C. 1915(g). SECTION 1915(g) PROVIDES THAT: IN NO EVENT SHALL A PRISONER BRING A CIVIL ACTION OR APPEAL... UNDER THIS SECTION HAS ON 3 OR MORE PRIOR OCCASIONS, WHILE INCARCERATED OR DETAINED IN ANY FACILITY, BROUGHT AN ACTION OR APPEAL IN A COURT OF THE UNITED STATES THAT WAS DISMISSED ON THE GROUND THAT ITS FRIVOLOUS, MALICIOUS, OR FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNLESS THE PRISONER IS UNDER "IMMINENT DANGER OF SERIOUS PHYSICAL INJURY" PURSUANT TO 28 U.S.C. 1915(g).

HERE IN THIS MATTER THE CLERKS OF COURTS HAVE NOTICE NUMEROUS OF CASES THAT HAVE BEEN DISMISSED : (1). TRUJILLO VS. SHERMAN, CASE NO # 1:14-CV-00975-SAB DISMISSED ON JANUARY 06, 2016 FOR FAILURE TO STATE A CLAIM, (2). TRUJILLO VS. RUIZ, CASE NO # 1:14-CV-00140I-DAM DISMISSED ON APRIL 25, 2015 FOR FAILURE TO STATE A CLAIM, (3). TRUJILLO VS. GONZALEZ-MORAN, CASE NO # 17-15200 (9TH CIR.) DISMISSED AS FRIVOLOUS ON AUGUST 21, 2017, (4). TRUJILLO VS. GOMEZ, CASE NO # 1:15-CV-0859-EPG DISMISSED ON FEBRUARY 03, 2017 FOR FAILURE TO STATE A CLAIM, (5). TRUJILLO VS. GOMEZ, CASE NO # 1:14-CV-1797-DAD-DLB DISMISSED ON AUGUST 05, 2016 FOR FAILURE TO STATE A CLAIM.

THEREFORE, I PLAINTIFF, GUILLERMO TRUJILLO CRUZ, SUBMITS MY WRITTEN ORAL ARGUMENT THAT ON APRIL 08, 2021 AND APRIL 11, 2021, DID MEET THE "IMMINENT DANGER" EXCEPTION AT THE TIME OF THE FILING BEHIND DEFENDANT, M. GONZALEZ, VERBAL THREATS TOWARDS ME OF WANTING TO COMMIT A BATTERY UPON ME THE DAY I TRANSFER BACK TO PELICAN BAY STATE PRISON ONCE I PLAINTIFF, IS FINISH WITH OUT-TO-COURT PROCEEDING ON CASE NO # DF01206G.A. DEFENDANT, M. GONZALEZ, WANTS THE ASSAULT DONE AT RELEASE & RECEIVING (R&R) HOLDING CELLS IN "RETALIATION", "VENGENCE", AND "VENDETTA" FOR FILING 602 GRIEVANCES AGAINST HER AND PRIOR LAWSUITS IN THE PAST. SECONDLY, LIKE TO NOTE THAT THIS HAS NOT BEEN THE FIRST BATTERY COMMITTED AGAINST ME BY DEFENDANT, M. GONZALEZ, WHICH SHOWS AN ON GOING PATTERN OF ON GOING PHYSICAL INJURIES. THE FIRST ASSAULT BY DEFENDANT, M. GONZALEZ, OCCURED FROM FEBRUARY 2021 OR MARCH 2021 BY THE USE OF HER MECHANICAL RESTRAINTS (HANDCUFFS) TO CAUSE BRAKAGE OF SKIN TO WRIST, BLEEDING, SEVERE PAIN, DISCOMFORT, SORENESS, AND EMOTIONAL DISTRESS. THE SECOND ASSAULT BY DEFENDANT, M. GONZALEZ, OCCURED ON SUNDAY, APRIL 11, 2021 BY SLAMMING CELL # 152 DOOR FOOD PORT TRAY SLOT "MALICIOUSLY" AND "SADISTICALLY" WITH FULL FORCE AGAINST RIGHT AND LEFT HAND DURING LAUNDRY PASS OUT CAUSING DISCOMFORT, SEVERE PAIN, SORENESS, SWELLING, BREAKAGE OF SKIN TO INDEX FINGER, MIDDLE FINGER, AND PINKY KNUCKLE WHICH CAUSE SEVERE PAIN, SORENESS, BLEEDING,

1   BRUISING, AND SEVERE EMOTIONAL DISTRESS. FINALLY, ON THURSDAY, APRIL 08,

2   2021, KERN VALLEY STATE PRISON (K.V.S.P) INSTITUTIONAL GANG INVESTIGATION

3   UNIT (IGI) CORRECTIONAL SERGEANT R. OLIVAREZ, SERVED ME WITH A C.D.C.R 128-

4   B CHRONO REGARDING TO (SAFETY CONCERNS) INFORMATION INDICATING I PLAINTIFF,

5   MR. TRUJILLO (AA-2974) MAY BE TARGETED FOR AN ASSAULT BY MEMBER'S /OR

6   ASSOCIATES OF THE MEXICAN MAFIA SECURITY THREAT GROUP-1 (STG-1) IF

7   HOUSED ON ANY GENERAL POPULATION (GP) FACILITY. I BELIEVE AND KNOW THAT

8   SERGEANT R. OLIVAREZ, PERSONALLY WITH DEFENDANT, M. GONZALEZ, AND CO-WORKER'S

9   PERSONALLY FABRICATED THESE FALSE MISLEADING STATEMENT'S AND STORY TO TRY

10  AND COVER UP THEIR ASSAULT THAT THEY WANTED ACCOMPLISH UPON MY PERSON AND

11  NOT FACE LIABILITY TO THE INJURIES I MIGHT OF SUSTAINED BEHIND THE BEATEN

12  I WOULD OF TAKENED. THIS PARTICULAR 128-B CHRONO DATED: THURSDAY, APRIL

13  08, 2021 AUTOMATICALLY GIVE'S MORE WEIGHT TO THE "IMMINENT DANGER OF

14  SERIOUS PHYSICAL INJURY" PURSUANT TO 28 U.S.C. 1915 (g) NOW THAT I PLAINTIFF,

15  MR. TRUJILLO, IS BACK AT PELICAN BAY STATE PRISON DUE TO BEING DONE WITH

16  OUT-TO-COURT PROCEEDING'S PRISON OFFICIAL'S HERE AT (P.B.S.P) ARE NOW

17  FALLOWING THE SAME PATTERN OF VERBAL THREAT'S. SEE ATTACHED ALL C.D.C.R 602

18  GRIEVANCE'S THAT SUPPORT'S THESE CLAIM'S AS EXHIBIT'S ( B ).

19                          FACTUAL ALLEGATIONS:

20  ON SUNDAY, APRIL 11, 2021 AT APPROX 3:30 P.M. DEFENDANT, M. GONZALEZ, WAS ON DUTY

21  WORKING A 16 HOUR SHIFT (OVERTIME). WHEN SHE AN HER COWORKER'S C. DAVIS, K. NIZAMI,

22  AND I. PEREZ, STARTED UNLOCKING E-POD CELL DOOR'S FOOD PORT TRAY SLOT'S FOR LAUNDRY

23  PASS OUT. AT THAT POINT DEFENDANT, M. GONZALEZ, APPROACHED PLAINTIFF'S, TRUJILLO'S,

24  ASSIGNED CELL #152 THAT'S LOCATED IN AD-SEG UNIT 2, E-POD TO PICK UP DIRTY LAUNDRY

25  AND PASS OUT CLEAN LAUNDRY. I PLAINTIFF, MR. TRUJILLO, ~~IMMEDIATELY~~ ~~NOTICE~~ PERSONALLY PROVIDE HER

26  THE FALLOWING STATE WHITE CLOTHING ONE T-SHIRT, ONE BOXER SHORTS, AND ONE WHITE

27  TOWEL TO BE PROVIDE THE SAME EXACT CLOTHING IN TURN. I PLAINTIFF, IMMEDIATELY

28  NOTICE NOTICE THAT THE CLOTHING OFFICER M. GONZALEZ, PROVIDE ME WAS (XL) TO SMALL

1  FOR ME AND EXPLAINED TO HER THAT I NEED A BIGGER SIZE (4XL) WHILE I WAS HOLDING

2  CLOTHING ROLL AGAINST THE CELL FOOD PORT TRAY SLOT DOOR FRAME. AT THAT POINT

3  OFFICER M. GONZALEZ (DEFENDANT) BECAME AGGITATTED AND VERY UP SET TO MY

4  REQUEST TO BE PROVIDE WITH A BIGGER SIZE OF CLOTHING. AT THAT POINT DEFENDANT,

5  M. GONZALEZ, "MALICIOUSLY" AND "SADISTICALLY" SLAMMED CELL DOOR FOOD PORT TRAY

6  SLOT DOOR AGAINST BOTH MY RIGHT AND LEFT HAND WITH FULL FORCE, NEVER DID

7  OFFICER M. GONZALEZ, PROVIDED ME WITH VERBAL ORDER'S TO MOVE CLOTHING ROLL

8  AND HANDS AWAY FROM FOOD PORT TRAY SLOT. DEFENDANT, M. GONZALEZ, SLAMMED MY

9  RIGHT AN LEFT HAND TWO OR THREE TIMES WITH CELL DOOR FOOD PORT TRAY SLOT AT

10  HER FOURTH ATTEMPT TO SLAMMED MY HAND AGAIN, I QUICKLY MOVED MY HANDS AWAY

11  FROM FOOD PORT TRAY SLOT WHICH LEFT THE STATE WHITE CLOTHING ROOL LAYING ON TOP

12  OF THE FOOD PORT TRAY SLOT THAT HAD GOTTEN CAUGHT IN BETWEEN FOOD PORT TRAY SLOT

13  AND ASSIGNED CELL # 152 DOOR FRAME. OFFICER M. GONZALEZ, THEN ALL UP SET OPEN

14  THE FOOD PORT TRAY SLOT DOOR AND WITH HER RIGHT HAND TOSSED THE STATE WHITE

15  CLOTHING ROLL THAT WAS LAYING ON TOP OF THE FOOD PORT TRAY SLOT FRAME BACK

16  INSIDE MY CELL #152 AND IMMEDIATELY WALKED AWAY FROM MY ASSIGNED CELL # 152

17  BEFORE I COULD OF ASKED HER TO SPEAK TO THE LIEUTENANT OR SERGEANT ON DUTY ABOUT

18  THE INCIDENT AND/OR REQUEST TO SPEAK TO (LVN) NURSE ON DUTY FOR MEDICAL TREAT-

19  MENT.

20

21  SHORTLY, AFTER THE ASSAULT DEFENDANT, M. GONZALEZ, MADE HER FINAL ~~BEFORE~~ RUTINE BANK CHECK

22  OF ALL INMATE'S WELFARE THAT ARE HOUSE IN AD-SEG UNIT 2, E-POD, OFFICER M. GONZALEZ,

23  STOP AT MY ASSIGNED CELL #152. I PLAINTIFF, MR. TRUJILLO, INFORMED HER IF CAN SPEAK

24  TO LIEUTENANT/OR SERGEANT ON DUTY ABOUT THE ASSAULT AND TO SPEAK WITH (LVN)

25  NURSE ON DUTY ABOUT MY INJURIES. WHERE DEFENDANT, M. GONZALEZ, IGNORED MY

26  REQUEST AND JUST WALKED AWAY FROM MY CELL DOOR #152.

27

28

AFTER DEFENDANT, M. GONZALEZ, GOT DONE WITH HER LAST AND FINAL BANK CHECK OF ALL

1  INMATES WELFARE ON E-POD. OFFICER C. DAVIS (WITNESSES) STARTED HIS ROUTINE

2  SECURE BANK CHECKS OF ALL INMATES ON E-POD. I PLAINTIFF MR. TRUJILLO,

3  INFORMED HIM ABOUT THE ASSAULT THAT HAD OCCURED EARLIER THAT DAY BY DEFENDANT,

4  M. GONZALEZ, I PERSONALLY ALSO INFORMED HIM THAT I NEED TO SPEAK TO LIEUTENANT

5  OR SERGEANT ON DUTY REGARDING MY INJURIES TO HAVE PICTURES TAKEN AND SPEAK

6  TO (LVN) NURSE ON DUTY BUT NEVER GOT THE APPORTUNITY TO SPEAK TO EATHER ONE OF

7  THEM. I, PLAINTIFF, WAS DENIED C.D.C.R 602 GRIEVANCE THAT I REQUESTED FOR.

8

9

10  LATER THAT DAY ABOUT 4:30 P.M /OR 5:00 P.M THAT SAME DAY, SUNDAY, APRIL 11, 2021,

11  DURING CHOW PASS OUT AND UNLOCKING FOOD PORT FOR CHOW TO BE PASSED OUT AND LOCK

12  UP FOOD PORTS AFTER TRAYS AND TRASH PICK UP OFFICER K. NIZAMI, WAS INFORMED BY

13  ME ABOUT DEFENDANT, M. GONZALEZ, ASSAULT AND BATTERY TOWARDS ME WITH A STATE

14  OBJECT FOOD PORT TRAY SLOT DOOR, DURING LAUNDRY PASS OUT AND REQUEST TO HIM IF

15  I CAN SPEAK WITH THE LIEUTENANT/SERGEANT ON DUTY. I ALSO REQUESTED TO SEE (LVN)

16  NURSE ON DUTY BECAUSE OF MY INJURIES I SUSTAINED EARLIER THAT DAY AND THAT

17  I WAS FEELING DISCOMFORT, SEVERE PAIN, SORENESS, SWEELLING AND BREAKAGE OF

18  SKIN TO INDER FINGER, MIDDLE FINGER, AND PINKY KNUCKLE WHICH WAS BLEEDING

19  AND ONCE AGAIN NEVER GOT THE CHANCE TO SPEAK TO EATHER STAFF ABOUT THE INCIDENT.

20

21  OVER THE NEXT THREE (3) HOURS I, PLAINTIFF, MR. TRUJILLO, WAS CONFINED IN MY

22  ASSIGNED CELL #152 THAT'S LOCATED ON E-POD. I WAS CONTINUE TO REQUEST TO OFFICER

23  C. DAVIS, K. NIZAMI, AND M. GONZALEZ DURING THEIR ROUTINE SECURE BANK CHECKS TO

24  SPEAK WITH LIEUTENANT/OR SERGEANT AND (LVN) NURSE ON DUTY REGARDING THE

25  INCIDENT AND INJURIES TO RIGHT HAND AND HAVE PICTURES TAKEN OF THE INJURIES

26  WHICH MY REQUEST WAS DENIED.

27

28  ON SUNDAY, APRIL 11, 2021, RIGHT BEFORE SHIFT CHANGE (FIRST SHIFT) NIGHT STAFF CAME ON

    DUTY OFFICER J. PEREZ, (WITNESS) WAS CONDUCTING HIS FINALLY BANK CHECKS BEFORE

10:00 P.M. I PLAINTIFF, PERSONALLY INFORMED OFFICER I. PEREZ (WITNESS) ABOUT THE INCIDENT AND INJURIES I SUSTAINED BEHIND DEFENDANT, M. GONZALEZ, UNLAWFUL MISCONDUCT. WERE I REQUESTED TO SPEAK TO LIEUTENANT/OR SERGEANT AND SEE (LVN) NURSE ABOUT MY INJURIES AND TO HAVE PICTURES TAKEN OF THE INJURIES BUT NEVER GOT THE APPORTUNITY TO SPEAK TO EATHER ONE.

LATER ON THAT EVENING AT APPROX 7:00 P.M / 8:00 P.M. I PLAINTIFF, GOT THE APPORTUNITY TO SPEAK WITH (LVN) NURSE MC DANNIEL, ABOUT THE INCIDENT AND INJURIES I SUSTAINED TO RIGHT HAND THAT TAKEN PLACE EARLIER THAT DAY. DEFENDANT, (LVN) MC DANNIEL, ACTED UNCONCERN, AND UNCARRING TO MY MEDICAL NEEDS AND JUST PROVIDED ME WITH A TRIPPLE ANTIBIOTIC OINTMENT PACK AND REFUSED TO FILE A MEDICAL REPORT (C.D.C.R 7219) AND TO TAKE PICTURES OF THE INJURYS. I HAD ALSO ASKED IF I CAN SPEAK TO LIEUTENANT/OR SERGEANT ON DUTY THAT EVENING WHICH I WAS ALSO DENIED.

THE FALLOWING DAY MONDAY, APRIL 12, 2021 AFTER YARD RECALL OFFICER: I, PEREZ, WAS ESCORTING ME BACK TO MY ASSIGNED CELL# 152 THAT'S LOCATED IN AD-SEG UNIT 2, E-POD. I HAD ASKED OFFICER I. PEREZ, IF HE HAD INFORMED LIEUTENANT/OR SERGEANT ABOUT THE ASSAULT BY OFFICER M. GONZALEZ (DEFENDANT) DATED: APRIL 11, 2021. OFFICER I. PEREZ, THEN STATED TO ME THAT HE HAD NOT INFORMED OR REPORT MY REQUEST TO EATHER HIGHER RANK OFFICER ON DUTY BECAUSE ACCORDING TO HIM HE FELT THAT THE ASSAULT/AND BATTERY WAS NOT THAT SERIOUS TO HIM. BASICALLY LET THING ME KNOW THAT HE HAD (WITNESS) THE INCIDENT AND KNEW ABOUT THE INCIDENT THE HOLE TIME. TURNING A BLIND EYE TO THE BATTERY COMITTED BY DEFENDANT, M. GONZALEZ. THEIR IS VIDEO FOOTAGE OF OFFICER I. PEREZ ESCORT BACK INTO ASU 2 ASSIGN CELL # 152 ESCORT OF ME. THAT CAN BE OBTAIN BY KERN VALLEY STATE PRISON (K.V.S.P) INVESTIGATION UNIT STAFF.

1    DEFENDANT, (LVN) MC DANNIEL, WAS AWARE ABOUT MY INJURIES IGNORED AND DENIED

2    ME MY MEDICAL TREATMENT TO MY INJURIES : SEVERE PAIN, SORENESS, SWEELING, BREAKAGE

3    OF SKIN TO INDER FINGER, MIDDLE FINGER, AND PINKY KNUCKLE WHICH ALSO CAUSE A LOT

4    OF EMOTIONAL DISTRESS. DEFENDANT, (LVN) MC DANNIEL, ALSO FAILED TO REPORT

5    THE INCIDENT AND FAILED TO COMPLETE A C.D.C.R 7219 MEDICAL REPORT, AND FAILED

6    TO TAKE PICTURES OF MY INJURIES.

7

8                    EXHAUSTION OF ADMINISTRATIVE REMEDIES :

9    I PLAINTIFF, GUILLERMO TRUJILLO CRUZ, EXHAUSTED MY ADMINISTRATIVE REMEDIES

10   AS REQUIRED BY PRISON POLICY AND THE PLRA REQUIREMENT. SEE ATTACHED ALL

11   C.D.C.R 602 GRIEVANCES AS EXHIBIT (_____).

12                    CAUSE OF ACTIONS :

13   I PLAINTIFF, GUILLERMO TRUJILLO CRUZ, INCORPORATES PARAGRAPHS __1__ THROUGH

14   __220__ AS THEY ARE STATED FULLY HEREIN.

15

16   DEFENDANT, M. GONZALEZ, APRIL 08-09, 2019; DURING MORNING 2ND SHIFT AFTER CHOW

17   AND TRAY PICK UP OFFICER M. GONZALEZ, OBSERVED ME CLEANING MY CELL # 159 DOOR

18   FOOD PORT TRAY SLOT AND IMMEDIATELY WALKED OVER TO MY ASSIGNED CELL # 159 THAT'S

19   LOCATED ON E-POD AND WITH OUT TELLING ME ANYTHING "MALICIOUSLY" AND "SADISTICALLY"

20   SLAMMED FOOD PORT TRAY SLOT DOOR AGAINST MY RIGHT HAND CAUSING PAIN AND

21   SWEELING TO THE RIGHT HAND PINKY KNUCKLE. WHEN PLAINTIFF, WAS NOT ACTING

22   DISRUPTLY, BREAKING ANY PRISON RULES OR DISOBEYING ANY DIRECT ORDERS. VIOLATING

23   PLAINTIFF, TRUJILLO'S, RIGHTS UNDER THE EIGHT AMENDMENT TO THE UNITED STATES

24   CONSTITUTION AND CAUSE MR. TRUJILLO, SEVERE PAIN, SWEELING, BRUISING, PHYSICAL

25   INJURY, AND EMTIONAL DISTRESS.

26

27   DEFENDANT, M. GONZALEZ, "MALICIOUSLY" AND "SADISTICALLY" AGAIN USED EXCESSIVE FORCE

28   AGAINST I, PLAINTIFF, MR. TRUJILLO, ON APRIL 11, 2021 BY AGAIN SLAMMING CELL # 152

     CELL DOOR FOOD PORT REPEATEDLY WHEN MR. TRUJILLO, WAS NOT VIOLATING ANY PRISON

RULE, NOR ACTING DISRUPTEDLY IN ANYWAY. DEFENDANT, M. GONZALEZ, ACTION

VIOLATED AND CONTINUE TO VIOLATE PLAINTIFFS, MR. TRUJILLO'S RIGHT UNDER THE

EIGHT AMENDMENT TO THE UNITED STATES CONSTITUTION AND IS CAUSING PLAINTIFF,

PAIN, PHYSICAL INJURY AND EMOTIONAL DISTRESS.

DEFENDANT, M. GONZALEZ, ILLEGAL ACTION, FAILING TO CORRECT THAT MISCONDUCT

AND HER CONTINUATION OF HER MISCONDUCT, DEFENDANT, M. GONZALEZ, HAS CONTINUE

TO VIOLATE PLAINTIFFS, MR. TRUJILLO'S RIGHTS UNDER THE EIGHT AMENDMENT TO

THE UNITED STATES CONSTITUTION, AND CAUSING PLAINTIFF, PAIN, PHYSICAL INJURY,

AND EMOTIONAL DISTRESS.

DEFENDANT, M. GONZALEZ, ILLEGAL ACTION'S OF USING EXCESSIVE FORCE, AND THREATS

FOR EXCERCISING MY RIGHTS TO SEEK REDRESS FROM THE PRISON GRIEVANCE SYSTEM,

DEFENDANT, M. GONZALEZ, HAS CONTINUE TO RETALIATE AGAINST PLAINTIFF, MR.

TRUJILLO, UNLAWFULLY, IN VIOLATION OF PLAINTIFFS, MR. TRUJILLO'S RIGHT

UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION. THESE ILLEGAL

ACTION'S ARE CAUSING PLAINTIFF, MR. TRUJILLO, INJURY TO MY FIRST AMENDMENT

RIGHTS.

DEFENDANT, (LVN) NURSE MC DANNIEL, WAS IN DELIBERATE INDIFFERENCE TO A SERIOUS

MEDICAL NEED OF TREATMENT TO MY INJURIES. IN VIOLATION OF MY RIGHTS UNDER THE

EIGHT AMENDMENT TO THE UNITED STATES CONSTITUTION FOR THE DENIAL OF MY

MEDICAL CARE WHEN PLAINTIFFS, INJURIES ARE CAUSING SEVEREPAIN, SWELLING,

BRUISING, AND UNNECESSARY WANTON INFLICTION OF PAIN.

PLAINTIFF, GUILLERMO TRUJILLO CRUZ, HAS NO PLAIN, EDAQUATE OR COMPLETE

REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF, MR. TRUJILLO,

HAS BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE

1   CONDUCT OF THE DEFENDANTS, UNLESS THIS COURT GRANTS THE DECLARATORY

2   RELIEF WHICH PLAINTIFF SEEKS.

3                          PRAYER FOR RELIEF:

4   WHERFORE, PLAINTIFFS MR.TRUJILLO, RESPECTFULLY PRAY THIS COURT ENTER

5   JUDGMENT:

6

7   GRANTING PLAINTIFF, MR.TRUJILLO, A DECLARATION THAT THE ACTS AND OMISSIONS

8   DESCRIBED HEREIN VIOLATES HIS RIGHTS UNDER THE CONSTITUTION AND LAWS OF

9   THE UNITED STATES, AND

10

11  ORDERING DEFENDANT, M.GONZALEZ, TO CEASE ~~THEIR~~ HER PHYSICAL VIOLENCE AND THREATS

12  TOWARDS PLAINTIFF, MR.TRUJILLO, AND

13

14  GRANTING PLAINTIFF, MR.TRUJILLO, COMPENSATORY DAMAGES IN THE AMOUNT

15  OF #125,000 AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY

16

17  PLAINTIFF, MR.TRUJILLO, SEEKS COMPENSATORY DAMAGES OF #25,000 AGAINST

18  DEFENDANT, (LVN) MC DANNIEL ONLY.

19

20  PLAINTIFF, MR.TRUJILLO, SEEKS PUNITIVE DAMAGES IN THE AMOUNT OF #125,000

21  AGAINST DEFENDANT, M. GONZALEZ.

22

23  PLAINTIFF, ALSO SEEKS A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY,

24

25  PLAINTIFF, MR.TRUJILLO, ALSO SEEKS RECOVERY OF THEIR COSTS IN THIS SUIT, AND

26

27

28  ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER, AND EQUITABLE.

1

2    I PLAINTIFF, GUILLERMO TRUJILLO CRUZ, HAVE READ THE FOREGOING COMPLAINT

3    AGAINST BOTH DEFENDANT'S, AND HEREBY VERIFY THAT THE MATTER'S ALLEGED

4    THEREIN ARE TRUE, EXCEPT AS TO MATTER'S ALLEGED ON INFORMATION AND BELIEF

5    AND, AS TO THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER PENALTY OF

6    PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

7    EXECUTED AT DELANO, CALIFORNIA 93216. ON APRIL 30, 2021

8

9                                    RESPECTFULLY SUBMITTED,
                                           #AA-2974
10                                   GUILLERMO TRUJILLO CRUZ

11                                   PELICAN BAY STATE PRISON

12                                      P.O. BOX. 7500

13                                   CRESCENT CITY, CAL 95532

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE

| INSTITUTION NAME<br>KVSP-Central Service | INMATE'S NAME<br>TRUILLO, GUILLERMO C. | CDC NUMBER<br>AA2974 |
|---|---|---|

### REASON(S) FOR PLACEMENT (PART A)

☑ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☑ ENDANGERS INSTITUTION SECURITY    ☐ RETAINED IN ASU AS NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On Friday, February 3, 2021, you, inmate Guillermo Trujillo (AA2974) arrived at Kern Valley State Prison (KVSP) from Pelican Bay State Prison (PBSP) due to out-to-court proceedings. A review of your Strategic Offender Management System (SOMS) file indicates you are on Maximum Custody Status and have an active Staff Separation Alert regarding Correctional Officer S. Savoie currently employed here at KVSP. Therefore, to ensure your safety, the safety of the staff member, and the safety and security of the institution, you will remain in Administrative Segregation pending Administrative Review, the completion of your court proceedings and return back to your original institution. As a result of this placement, your custody level, privilege group, visiting status, and credit earning status may be subject to change.

Inmate Trujillo is not a participant in the Mental Health Delivery System at any level of care and his TABE score is 1.8.

☐ IF CONFIDENTIAL INFORMATION USED, DATE INFORMATION DISCLOSED:

| DATE OF ASU PLACEMENT<br>02/03/2021 | SEGREGATION AUTHORITY'S PRINTED NAME<br>E. Contreras | SIGNATURE<br>E. Contreras | TITLE<br>Lieutenant |
|---|---|---|---|

| DATE NOTICE SERVED | TIME SERVED<br>20:00:00 | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE<br>Lieutenant |
|---|---|---|---|---|

| ☑ INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER<br>AA2974 |
|---|---|---|

### ADMINISTRATIVE REVIEW (PART B)
**The following to be completed during the administrative review by Captain or higher on the first working day following placement**

| STAFF ASSISTANT (SA) | | | INVESTIGATIVE EMPLOYEE (IE) | | |
|---|---|---|---|---|---|
| IS THIS INMATE: | | | | | |
| LITERATE? | ☐ YES | ☐ NO | ASU IS FOR DISCIPLINARY REASONS | ☐ YES | ☐ NO |

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# CLASSIFICATION COMMITTEE CHRONO

| | | | |
|---|---|---|---|
| **Inmate Name:** | TRUJILLO, GUILLERMO C. | **Date:** | 02/23/2021 |
| **CDC#:** | AA2974 | **Date of Birth:** | 08/13/1980 |
| **Control Date:** | 09/06/2027 | **Control Date Type:** | Earliest Possible Release Date |

| | | | |
|---|---|---|---|
| **Hearing Date:** | 02/25/2021 | **Hearing Type:** | Initial ASU; OTC/Return; ASU Extension; Other (See Committee Action Comments) |
| **Committee Type:** | Institution Cls. Committee (ASU/SHU/THU/PSU-ICC/DPU) | **Correctional Counselor:** | A. Geary |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

### CLINICIAN COMMENTS

Clinician Review: S is not a participant in the MHSDS at the GP level of care. S's interactions with staff appear to be appropriate. S's placement in alternative levels of care in the Mental Health Services Delivery System was considered and is not recommended. Per S's assigned clinician, S's mental health is unlikely to decompensate while retained in ASU.  Present as a member of ICC was Dr. Boyd Bowman.

### COMMITTEE ACTION SUMMARY

COMMITTEE ACTION 2/25/2021/ OTC /RET ASU/ASU EXT:  REFER TO SHU CSR FOR A 90 DAY ASU EXT; RETAIN KVSP ASU PX S'S COURT PROCEEDINGS & RETURN TO PBSP UPON COMPLETION OF OTC; MAX CUST & WG/PG D1D EFF EST S/C; NO NDS.

### COMMITTEE COMMENTS

CDC 114D REVIEW:  S's CDC 114D is current and accurately documents the reasons for ASU placement.  A review of the CDC 114D indicates the document was issued in sufficient detail and S was afforded all the due process requirements.

COMMITTEE NOTES:  S was initially placed into Ad. Seg. on 2/3/2021 at KVSP due to arriving from NKSP /PBSP for court proceedings in Kern County. Specifically, S arrived for court proceedings in Kern County for court case and DF012066A as a defendant (noting RVR dated 10/29/2015 for Possession of a Weapon, Log# FA-14-10-035R). A further review of S's case factors notes; Trujillo has an active Staff Separation at KVSP.

ICC elects to refer to retain S in ASU due to active Staff Separation Alerts at KVSP IV 180 GP. Upon completion of the court proceedings S will be eligible for transfer back to PBSP IV 180. S next court date is scheduled for 3/4/2021- Readiness trial and 3/15/2021 for trial. At this time, the length of S's court proceedings is unknown; Committee notes S's court proceedings are criminal in nature for RVR dated 4/17/2017 for Battery on Peace Officer, therefore ICC elects not to grant NDS at this time. Establish MAX custody D1D.

MEDICAL/MENTAL HEALTH STATUS:  S's medical status has been reviewed and S has no housing restrictions.  S is Full Duty/Medium Risk per MCC dated 2/23/2021. Per IHA dated 12/6/2017 S is at the GP mental health level of care.

CONFIDENTIAL FILE:  Reviewed and noted.  S's CDC Notification of death, serious illness, serious injury, Classification scoresheets and COSA /OSA have been reviewed and updated.

CELL REVIEW: Committee notes S is currently Single Cell status based on being the victim of a Battery on Inmate with a Weapon at SATF on 11/1/13 by 2 inmates whom entered his cell and stabbed him several times.  S was also the victim of a Battery at HDSP on 8/11/16.  PBSP-UCC determined S should remain single celled. Therefore, ICC elects to continue S on Single Cell status while housed in KVSP-ASU and Single Cell upon return to PBSP.

YARD REVIEW:  Committee elects to place S on W/A yard.

CASE FACTORS: VIO Reviewed affixed by UCC on 8/27/13 due to Instant Offense. BPH: N/A; EPRD 11/29/2027.

PREA: S was interviewed during today's ICC and asked if S had any new, relevant information related to PREA which has come to light since S's intake interview. S stated that he did not.
EFFECTIVE COMMUNICATION: Assigned as staff assistant is C/O P. Medina, based on S's RL below 4.0. A pre-committee conference at cell front was conducted at least 24 hours prior to ICC. During pre-committee conference, effective communication was established by using simple English spoken clearly and slowly. S reiterated in his own words what was explained to him and appropriately answered questions asked of him. Effective communication was achieved based on S's manner and interaction which indicated he understood.

TO OIA
IB
TO THE OFFICE INTERNAL AFFAIRS
IN BAKERSFIELD.
Case 1:22-cv-00177-AWI-CDB   Document 1   Filed 02/10/22   Page 14 of 218
RECEIVED
JUN 11 2019
OIA-CENTRAL

OIA-1037-2019

Dear Staff,

On The Above Date: April 11, 2019. I Filed A Letter Complaint Against Correctional Officer M. Gonzalez. Verbal Threats And Battery With An Object Cell Door Food Port. In This Matter And Above Dates: April 08. 2019 And April 09, 2019 Officer M. Gonzalez, During Her Morning Second Shift Started Making Verbal Threats About Me To Anonymous Inmates At A .3.4. 2 F-Pod By Telling Them To Get Me (Battered) Out On The Main Yard. In Retaliation For Filling 602 Grievances And Lawsuits Against Her. The Fallowing Day April 09, 2019 Again During Her Second Watch Shift And Chow Passed Out Again Started Making Verbal Threats About Me, But This Tyme She Was Informing Her Co-Workers That Work Observation Towers Out On The Main Yard (Gunners) That If I Be Involved In Any Physical Altercation Or Group Disturbance Out On The Main Yard To Not Waste Any Time And Shoot Me With The Block Gun To Break Legs. This Becomes Officer M. Gonzalez, Violation Of C.C.R Title 15 Section 3004(b) Rights And Respect Of Others. That Same Day April 09, 2019 After Chow And Tray Pick Up Officer M. Gonzalez, Was Picking Up Food Trays. When She Observe Me Cleaning My Cell Door Food Port Door And Immediately Walked To Assigned Cell #159 In E-Pod And With Out Telling Me Anything "Maliciously" And "Sadistically" Slammed The Food Port Door Against My Right Hand Causing Pain And Swelling The Right Pinky Knuckle. After The Above Incident I Immediately Informed And Reported The Incident To Her Co-Worker Cervantez And Medical Nurse Mrs. Ortiz, Where Both Officer Cervantez And Nurse Ortiz Refuse To Provide Me With Medical Attention Nor Report

1  The Incident To Sgt. Flores Or Lt. Ostrander To Cover Up
2  Her Unlawful Misconduct. Later That Same Day I Ask Officer
3  M. Gonzalez And Her Co-Worker's For A 602 Grievance To
4  File A Complaint And Denied Me The Form's Requested.
5  Violation Of C.C.R Title 15 Section 3084.1 Right To Appeal. (a)(d.)
6      Therefore, Rewrite Your Investigation Unit Staff To Question
7  About If Their Was Ever An Investigation Conducted About
8  Officer's M. Gonzalez, Cervantez, And Nurse Ortiz Unlawfull
9  Misconduct And Not Reporting The Incident To Higher Rank
10  Officer's On Duty.
11      I'm Truly Hoping To Hear From Your Investigation Unit Staff
12  Regarding To Prison Officials Unlawfull Misconduct.

14  Dated: June 06, 2019                    Respectfully,
15  See Enclose Photo Copy          Guillermo Jr-Jello Cruz #A 2971
16  As Exhibit And Supporting        North Kern State Prison
17    Documents.                              P.O. Box. 4999
18                                                   Delano, Cal 93216

CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT APPEAL CLAIMS DECISION RESPONSE

**Re:** Appeal Claims Decision Response

**Offender Name:** TRUILLO, GUILLERMO C          **Date:** 12/08/2021
**CDC#:** AA2974
**Current Location:** PBSP-Facility B             **Current Area/Bed:** B  003 1 - 116001L

**Log #:** 000000166798

---

**Claim #  001**

**Institution/Parole Region of Origin:** Pelican Bay State Prison          **Facility/Parole District of Origin:** PBSP-Facility B
**Housing Area/Parole Unit of Origin:**
**Category:** Offender Safety and          **Sub-Category:** Use of Force
Security

### I. ISSUE ON APPEAL

You are appealing the Office of Grievances' rejection of this claim as untimely.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Title 15, subsections 3482(b) and 3487(a)(1).

#### B. DOCUMENTS CONSIDERED

CDCR Form 602-1 and 602-2.

### III. REASONING AND DECISION

The Office of Appeals finds that this claim was properly rejected as untimely. This claim concerns your contention that Kern Valley State Prison lost a grievance you submitted on or about April 11, 2021. Pursuant to Title 15, subsection 3483(f), the Office of Grievances is required to send you a grievance acknowledgement letter within 14 calendar days of receiving a grievance. Since you did not receive a grievance acknowledgement letter within 14 calendar days, it is reasonable to conclude that you were aware of this issue on or about April 25, 2021. Yet, you did not submit this claim until September 20, 2021. You should have submitted your claim on or by May 24, 2021 to meet the 30-calendar day time limit set forth in Title 15, sections 3482(b) and 3487(a)(1). Therefore, this claim is denied.

It is also important to note that although this claim was appropriately rejected as untimely, Pelican Bay State Prison also reassigned this claim to Kern Valley State Prison since this issue occurred at Kern Valley State Prison. Records reflect that Kern Valley State Prison rejected this same claim as untimely under log numbers 168160 and 172720, and you had the ability to appeal those rejections with this office.

### IV. REMEDY

Your claim has been denied. Therefore, there is no applicable remedy.

**Decision: Denied**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is denied. This decision exhausts the administrative remedies available to the claimant within CDCR.

| Staff Signature | Title | Date/Time |
|---|---|---|
| C. Rojas [ROCY016] | AW | 12/07/2021 |

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| **STAFF USE ONLY** | Appeal #:_____ Date Received:_____ |
| | Date Due:_____ |
| | Categories:_____ |
| | Grievance #: 11ale 798 _____ |

Claimant Name: _GUILLERMO TRUJILLO CRUZ_____   CDCR #: _#AA-2974_____

Current Housing/Parole Unit: _FB-B5-205____   Institution/Facility/Parole Region: _P.B.S.P_____

☐ There are no claims that can be appealed.

☐ The following claims cannot be appealed:

REC BY COA

OCT 13 2021

Claim #s: _____

_____

_____

_This is the process to appeal the decision made regarding a claim that is not listed above._

Claim #: _#1_____

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.

_I am dissatisfied with the response I was given because THIS PORTION AT C.D.C 602 IS REGARDING TO THE_
_DELAYED OR LOST APPEAL DATED: APRIL 11 2021. SECONDLY LIKE TO NOTE THAT EVERY MONTH AFTER APRIL_
_11 2021 I CONTINUE TO SUBMIT A NEW C.D.C 602 TO TRACK DOWN THE ORIGINAL DECLINED OR LOST APPEAL_
_TO R.V.S.P WITH NO RESPONSE TO EITHER APPEAL RE-SUBMITTED. THAT'S WHY I USED P.B.S.P THIS PORTION_
_TO OBTAIN A RESPONSE AND OBTAIN A LOG NUMBER._

_____

_____

_____

_____

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:

_NO. I DO NOT HAVE SUPPORTING DOCUMENTATION THAT WILL HELP ME WITH MY DISSATISFIED RESPONSE_
_BECAUSE ACCORDING TO R.V.S AND P.B.S.P 602'S ARE DETERMINED TO BE NON-LEGAL DOCUMENTS AND MAY_
_NOT BE COPIED OR PRINT OUT, UNLESS THE COMPLAINTS REACHES THE DIRECTORS LEVEL OF REVIEW._
_THE ONLY THING I HAVE AS A HELPFUL POSITION ARE THE DATES OF EVERY OTHER APPEAL SUBMITTED THAT WAS_  THAT WAS
_DELAYED OR LOST MAY 01 2021, JUNE 01 2021, JULY 01 2021, AUGUST 10 2021 AND SEPTEMBER 29 2021._  AS

_____

**DISTRIBUTION**    Original: Claimant's File    **Copies:** DAI, DAPO, and Claimant.

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

**Claim #:**_____

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because*_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:

_____

_____

_____

_____

_____

_____

**Reminder:** Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

**Claimant Signature:**_____    **Date Signed:**__09-30-2021__

MAIL TO:
Office of Appeals
Department of Corrections and Rehabilitation
P.O. Box 942883
Sacramento, CA 95811



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

**Offender Name:** TRUILLO, GUILLERMO C          **Date:** 09/22/2021
**CDC#:** AA2974

**Current Location:** PBSP-Facility B          **Current Area/Bed:** B 005 2 – 205001L

**Log #:** 000000166798

---

**Claim #: 001**
**Institution/Parole Region of Origin:** Pelican Bay State Prison          **Facility/Parole District of Origin:** PBSP-Facility B
**Housing Area/Parole Unit of Origin:**
**Category:** Offender Safety and Security          **Sub-Category:** Use of Force

The California Department of Corrections and Rehabilitation (CDCR) Office of Grievances at PBSP-Facility B has received your claim.

Your claim is being rejected by Office of Grievances for the reason(s) indicated below.

This serves as your response by the Office of Grievances. If you are dissatisfied with this response, you may appeal the rejection decision to CDCR's Office of Appeals.

Do not resubmit this claim to the Office of Grievances at PBSP-Facility B.

**Decision: Rejected**

(1.)     You did not submit the claim within the timeframe required by California Code of Regulations, title 15. The date you discovered the adverse policy decision, action, condition, or omission by the Department was 4/11/2021; the date you submitted this claim was 9/20/2021. You should have submitted your claim on or by 5/11/2021 to meet the 30 calendar day requirement set forth in the regulations.

---

**Claim #: 002**
**Institution/Parole Region of Origin:** Pelican Bay State Prison          **Facility/Parole District of Origin:** PBSP-Facility B
**Housing Area/Parole Unit of Origin:**
**Category:** Offender Safety and Security          **Sub-Category:** Use of Force

Our office reassigned your claim concerning Offender Safety and Security;Use of Force to the Office of Grievances at Kern Valley State Prison.

The Office of Grievances at Kern Valley State Prison will provide a response to your claim on or before 11/21/2021.

Once you receive a response from Kern Valley State Prison and if you are dissatisfied with the decision, you may file an appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

**Decision: Reassigned**

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# OOG ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF GRIEVANCE

**Offender Name:** TRUILLO, GUILLERMO C.          **CDC#:** AA2974

**Date:** 09/21/2021

**Current Location:** PBSP-Facility B          **Current Area/Bed:** B 005 2205001L

**From:** Office of Grievances at Pelican Bay State Prison

**Re:** Log # 000000166798

The California Department of Corrections and Rehabilitation Office of Grievances at Pelican Bay State Prison received your grievance on 09/21/2021. Your grievance has not been assigned for review and response because your claim(s) is being handled as specified below.

**Claim # 001:**

Your claim concerning Offender Safety and Security;Use of Force is being rejected by Office of Grievances for the reason(s) indicated below:

You did not submit the claim within the timeframe required by California Code of Regulations, title 15. The date you discovered the adverse policy decision, action, condition, or omission by the Department was 04/11/2021; the date you submitted this claim was 09/20/2021. You should have submitted your claim on or by 05/11/2021 to meet the 30 calendar day requirement set forth in the regulations.

This serves as your response by the Office of Grievances. If you are dissatisfied with this response, you may appeal the rejection decision to CDCR's Office of Appeals.

Do not resubmit this claim to the Office of Grievances at Pelican Bay State Prison.

**Claim # 002:**

Our office reassigned your claim concerning Offender Safety and Security;Use of Force to the Office of Grievances at Kern Valley State Prison.

The Office of Grievances at Kern Valley State Prison will provide a response to your claim on or before 11/21/2021.

Once you receive a response from Kern Valley State Prison and if you are dissatisfied with the decision, you may file an appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

CDCR SOMS OGTT300
OOG ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF GRIEVANCE

CDCR SOMS OGTT300 - OOG Offender Grievance Receipt Acknowledgement



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# OOG CLAIM REASSIGNMENT NOTICE

**To:** Kern Valley State Prison Office of Grievances

**Address:** P.O. Box 3130
Delano, California 93216

**From:** Office of Grievances at Pelican Bay State Prison

**Re:** OOG Claim Reassignment Notice

**Offender Name:** TRUILLO, GUILLERMO C.                    **CDC#:** AA2974

**Date:** 09/21/2021

**Current Location:** PBSP-Facility B                    **Current Area/Bed:** B 005 2205001L

**Re:** Log # 000000166798                    **Claim #:** 002

The California Department of Corrections and Rehabilitation Office of Grievances at Pelican Bay State Prison received a claim concerning Offender Safety and Security;Use of Force from the claimant referenced above on 09/21/2021. This claim is being reassigned to your grievance office at Kern Valley State Prison. Please process this claim as you would if it was received directly from the claimant. Our office will notify claimant of the reassignment using the acknowledgement letter.

Please provide the claimant with a response to this claim on or before 11/21/2021.

If you have any questions, please contact the Office of Grievances at Pelican Bay State Prison.

CDCR SOMS OGTT312
OOG CLAIM REASSIGNMENT NOTICE

EMERGENCY

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (Rev. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | 166798 | 11/21/2021 |

*FOR STAFF USE ONLY*

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRUJILLO GUILLERMO CRUZ | #AA-2974 | FB-B5-#205 | N/A |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

LOST, STOLEN, OR DESTROYED 602

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON THE ABOVE DATE
APRIL 11, 2021 I SUBMITTED A C.D.C.R 602 AGAINST OFFICER M. GONZALEZ FOR
BATTERY UPON ME WHILED CONFINED AND HOUSED AT KVSP ASU 2 E POD, CELL
#152. ON THIS PARTICULAR DAY C/O M. GONZALEZ WAS WORKING A 16 HOUR

B. Action requested (If you need more space, use Section B of the CDCR 602-A): I WOULD LIKE FOR
THIS C.D.C.R 602 TO PROPERLY BE INVESTIGATED TRACK DOWN THE LOST,
STOLEN, OR DESTROYED C.D.CR 602 DATED: APRIL 18, 2021 AND PLACE
OFFICER M. GONZALEZ UNDER INVESTIGATION TO HER BATTERY ON INMATE

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____          _____
_____          _____

☐ No, I have not attached any supporting documents. Reason : _____
_____
_____

Inmate/Parolee Signature: _____          Date Submitted: 09-20-21

[    ] **By placing my initials in this box, I waive my right to receive an interview.**

| C. First Level - Staff Use Only | Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No |
|---|---|

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.
    Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.
    Date of Interview: _____          Interview Location: _____
Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
    See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
              (Print Name)
Reviewer: _____ Title: _____ Signature: _____
              (Print Name)
Date received by AC: _____

| | AC Use Only Date mailed/delivered to appellant ___/___/___ |
|---|---|

21

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A   (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |
| | FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): TRUJILLO, GUILLERMO CRUZ | CDC Number: # AA·2974 | Unit/Cell Number: FB-B5-# 205 | Assignment: N/A |
|---|---|---|---|

**A.** Continuation of CDCR 602, Section A only (Explain your issue): ~~EVERY~~ "SHIFT OVERTIME." WHEN
HER AND COWORKERS C. DAVIS, K. NIZAMI, AND I. PEREZ WHERE ~~OPENING~~ UNLOCKING
FOOD PORT TRAY SLOTS ON E-POD FOR LAUNDRY PASS OUT. WHEN OFFICER M.
GONZALEZ APPROACHED MY ASSIGNED CELL # 152. I GAVE HER THE FOLLOWING
STATE WHITE CLOTHING ONE T-SHIRT, ONE BOXER SHORT, & ONE TOWEL TO BE
PROVIDE THE SAME EXACT STATE CLOTHING. AT THAT POINT I NOTICE THAT THE
CLOTHING PROVIDE TO ME WHERE TO SMALL (XL) AND INFORMED HER THAT I NEEDED
A BIGGER SIZE (4XL) BECAUSE AM A BIG BOY. OFFICER M. GONZALEZ BECAME
VERY UP SGT TO MY REQUEST AND SLAMMED THE CELL FOOD PORT TRAY SLOT
AGAINST MY RIGHT HAND WITH FULL FORCE ABOUT THREE TIMES. CAUSING
SWELLING, BRUISING, PAIN, BREAKAGE OF SKIN TO INDEX FINGER, MIDDLE
FINGER AND SEVERE SWELLING TO PINK KNUCKLE. AFTER THE INCIDENT HAD
OCCURED I ASK TO SEE (LVN) NURSE ON DUTY OFFICER M. GONZALEZ IGNORED
MY REQUEST AND DENIED ME MY MEDICAL ATTETION. THIS C.D.C.R 602
WAS SUBMITTED ON APRIL 18, 2021 FOR PROCESSING WHICH WAS NEVER
FORWARD TO KVSP INMATE APPEALS OFFICE FOR PROCESSING GIVING TO BE
LIEVE THIS 602 WAS SNATCH UP BY THIRD SHIFT STAFF TO COVER UP
THEIR OWN COWORKER M. GONZALEZ UNLAWFULL MISCONDUCT BATTERY ON INMATE
WITH STATE PROPERTY CELL DOOR FOOD PORT TRAY SLOT.

Inmate/Parolee Signature: _[signature]_    Date Submitted: 09-20-21

**B.** Continuation of CDCR 602, Section B only (Action requested): WITH AN OBJECT STATE PROPERTY FOOD PORT TRAY
SLOT. IF ~~THE~~ OFFICER M. GONZALEZ, DENIES ALL ALLEGATIONS MADE AGAINST HER WOULD
LIKE FOR HER TO CONSENT TO A POLYGRAPH EXAMINATION PER! TITLE 15 SECTION 3293 (a) +
(b).

Inmate/Parolee Signature: _[signature]_    Date Submitted: 09-20-21

PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA 95532-7000

Name: _Guillermo Trinidad Diez_
CDCR #: _AH-2474_   Unit #: _FO-185_   Cell #: _# 205_

STATE PRISON
GENERATED MAIL

CONFIDENTIAL
MAIL.

PELICAN BAY STATE PRISON B8

OFFICE OF APPEALS
DEPARTMENT OF CORRECTIONS AND REHABILITATION
P.O. BOX 942883
SACRAMENTO CAL 95811

neopost
10/21/2021
US POSTAGE $000.73
ZIP 95531
041L11265853



C/o Wilbobbs   10/6/21

CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

**Offender Name:** TRUILLO, GUILLERMO C

**Date:** 11/20/2021

**CDC#:** AA2974

**Current Location:** NKSP-Facility B    PBSP    A2-118    B3-110L

**Current Area/Bed:** B 0022 - 243001L

**Log #:** 000000167324

---

**Claim #: 001**

**Institution/Parole Region of Origin:** Kern Valley State Prison

**Facility/Parole District of Origin:** KVSP-Facility Z02

**Housing Area/Parole Unit of Origin:**

**Category:** Offender Safety and Security

**Sub-Category:** Use of Force

The California Department of Corrections and Rehabilitation (CDCR) Office of Grievances at KVSP-Central Service received your claim on 09/21/2021.

California Code of Regulations, title 15, provides CDCR Office of Grievances 60 calendar days to complete a response.

Although 60 calendar days have passed since your claim concerning Offender Safety and Security;Use of Force was received, your claim is still under inquiry or investigation. Due to the expiration of time, this response by the Office of Grievances will be the only response.

You will be notified once the inquiry or investigation of the issue concerning your claim has been completed, but the notification will be outside of the timeframe of the Grievances and Appeals Process. You do not need to resubmit this claim to CDCR.

**Decision: Under Investigation**

EMERGENCY

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (Rev. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | 166 798 | 11/21/2021 |
| | FOR STAFF USE ONLY | | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): TRUJILLO GUILLERMO CRUZ | CDC Number: #AA·2974 | Unit/Cell Number: FB-135-205 | Assignment: N/A |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

LOST, STOLEN, OR DESTROYED 602

**A.** Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON THE ABOVE DATE
APRIL 11, 2021 I SUBMITTED A C.D.C.R 602 AGAINST OFFICER M. GONZALEZ FOR
BATTERY UPON ME WHILED CONFINED AND HOUSED AT KVSP A34 2 E·POD, CELL
#152. ON THIS PARTICULAR DAY C/O M. GONZALEZ WAS WORKING A 16 HOUR

**B.** Action requested (If you need more space, use Section B of the CDCR 602-A): I WOULD LIKE FOR
THIS C.D.C.R 602 TO PROPERLY BE INVESTIGATED TRACK DOWN THE LOST,
STOLEN OR DESTROYED C.D.C.R 602 DATED: APRIL 18, 2021 AND PLACE
OFFICER M. GONZALEZ UNDER INVESTIGATION TO HER BATTERY ON INMATE

Supporting Documents: Refer to CCR 3084.3.

☐ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____

_____

_____

☐ No, I have not attached any supporting documents. Reason :

_____

_____

_____

Inmate/Parolee Signature: _____    Date Submitted: 09-20-21

☐ **By placing my initials in this box, I waive my right to receive an interview.**

**C. First Level - Staff Use Only**     Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: ____ Date: ____ Date: ____ Date: ____
☐ Cancelled (See attached letter) Date: ____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: ____ Date Due: ____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: ____
(Print Name)

Reviewer: _____ Title: _____ Signature: _____
(Print Name)

Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ____ / ____ / ____ |

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A  (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRUJILLO, GUILLERMO CRUZ | # AA-2474 | FB-B5-205 | N/A |

**A.  Continuation of CDCR 602, Section A only (Explain your issue) :** SHIFT OVERTIME. WHEN
HER AND COWORKERS C. DAVIS, K. NIZAMI, AND I. PEREZ WHERE UNLOCKING
FOOD PORT TRAY SLOTS ON E-POD FOR LAUNDRY PASS OUT. WHEN OFFICER M.
GONZALEZ APPROACHED MY ASSIGNED CELL # 152. I GAVE HER THE FOLLOWING
STATE WHITE CLOTHING ONE T-SHIRT, ONE BOXER SHORT & ONE TOWEL TO BE
PROVIDE THE SAME EXACT STATE CLOTHING. AT THAT POINT I NOTICE THAT THE
CLOTHING PROVIDE TO ME WHERE TO SMALL (XL) AND INFORMED HER THAT I NEEDED
A BIGGER SIZE (4XL) BECAUSE AM A BIG BOY. OFFICER M. GONZALEZ BECAME
VERY UP SET TO MY REQUEST AND SLAMMED THE CELL FOOD PORT TRAY SLOT
AGAINST MY RIGHT HAND WITH FULL FORCE ABOUT THREE TIMES. CAUSING
SWELLING, BRUISING, PAIN, BREAKAGE OF SKIN TO INDEX FINGER, MIDDLE
FINGER AND SEVERE SWELLING TO PINK KNUCKLE. AFTER THE INCIDENT HAD
OCCURED I ASK TO SEE (LVN) NURSE ON DUTY OFFICER M. GONZALEZ IGNORED
MY REQUEST AND DENIED ME MY MEDICAL ATTETION. THIS C.D.C.R 602
WAS SUBMITTED ON APRIL 18, 2021 FOR PROCESSING WHICH WAS NEVER
FORWARD TO KVSP INMATE APPEALS OFFICE FOR PROCESSING GIVING TO BE
LIEVE THIS 602 WAS SNATCH UP BY THIRD SHIFT STAFF TO COVER UP
THEIR OWN COWORKER M. GONZALEZ UNLAWFULL MISCONDUCT BATTERY ON INMATE
WITH STATE PROPERTY CELL DOOR FOOD PORT TRAY SLOT.

Inmate/Parolee Signature: _[signature]_                    Date Submitted: 09-20-21

**B.  Continuation of CDCR 602, Section B only (Action requested):** WITH AN OBJECT STATE PROPERTY FOOD PORT TRAY
SLOT. IF OFFICER M. GONZALEZ DENIES ALL ALLEGATIONS MADE AGAINST HER WOULD
LIKE FOR HER TO CONSENT TO A POLYGRAPH EXAMINATION PER TITLE 15 SECTION 3293(a)+
(b).

Inmate/Parolee Signature: _[signature]_                    Date Submitted: 09-20-21

APPEAL OF GRIEVANCE
CDCR 602-2 (03/20)

| **STAFF USE ONLY** | Appeal #:_____ Date Received:_____ |
| | Date Due:_____ |
| | Categories:_____ |
| | Grievance #:_____ 167324 _____ |

Claimant Name: _GUILLERMO TRUJILLO CRUZ_          CDCR #: _AA·2974_

Current Housing/Parole Unit: _FB-B3-116_          Institution/Facility/Parole Region: _P.B.S.P_

☐  There are no claims that can be appealed.

☐  The following claims cannot be appealed:

Claim #s:

_____

_____

_This is the process to appeal the decision made regarding a claim that is not listed above._

Claim #:_____ 1 _____

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.

_I am dissatisfied with the response I was given because_ I AM DISSATISFIED WITH THE 3rd LEVEL REVIEW RESPONSE

BECAUSE IT WAS STATED TO ME THAT INMATE APPEAL'S OFFICE AT SACRAMENTO HAS NOT COMPLETED THEIR INVESTIGATION

CONSERNING TO MY CLAIM'S TO THE USE OF ERCESSIVE FORCE BY OFFICER M. GONZALEZ, WHEN THE SIXTY (60)

CALENDAR DAY'S TO COMPLETE A RESPONSE IS DUE. I HAVE NOT RECEIVEN A NOTICE ABOUT THE STATUS OF THE

INVESTIGATION NOR THE 60 CALENDAR DAYS HAVE PASSED SINCE THE COMPLAINT WAS FILED TO C.D.CR.

THEREFORE WOULD LIKE TO OBTAIN BETTER REMEDIES.

_____

_____

_____

_____

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:

THE FULL CLAIMANT GRIEVANCE CLAIM'S DECISION RESPONSE  DATED: 11-20-2021 TO SUPPORT MY

POSITION .

_____

_____

_____

**DISTRIBUTION     Original:** Offender's File     **Copies:** DAI, DAPO, and Offender

STATE OF CALIFORNIA                                                                              DEPARTMENT OF CORRECTIONS AND REHABILITATION
**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)                                                                                                                    Page 2 of 2

**Claim #:**_____

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because*_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:

_____

_____

_____

_____

_____

_____

**Reminder:** Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

**Claimant Signature:**_____          **Date Signed:**_____

DISTRIBUTION      **Original:** Offender's File      **Copies:** DAI, DAPO, and Offender

State of California                                                                       Department of Corrections and Rehabilitation

# Memorandum

Date  :  December 29, 2021

To    :  Truillo, AA2974
         B3-116
         Pelican Bay State Prison

Subject:  **GRIEVANCE CLAIM DECISION RESPONSE LOG #167324**

### Claim #001 & # 002:

You allege on April 11, 2021, an officer at Kern Valley State Prison (KVSP) slammed the cell food port tray slot against your right hand three times, full force causing swelling, bruising, pain, breaking the skin on your index finger, middle finger and severe swelling to the knuckle. You further claim you were denied medical attention. You claim you submitted a CDCR 602-1 at KVSP on April 11, 2021 that was never forwarded for processing to KVSP Office of Grievances to cover up the incident. You believe third watch staff destroyed your grievance in order to cover up staff misconduct.

### Reasoning and Decision:

Based upon the severity of the allegations, the Hiring Authority at KVSP elected to refer this allegation to the Office of Internal Affairs, Allegation Inquiry Management Section (AIMS) to conduct a Grievance Allegation Inquiry. AIMS accepted the referral and issued Log # C-AIMS-KVSP-2642-21. Correctional Lieutenant J. Gingras conducted the AIMS Grievance Allegation Inquiry. During the course of the inquiry, staff and inmates were interviewed.

A Grievance Allegation Inquiry Report was submitted to the Hiring Authority for review and determination. Based on a review of the AIMS Allegation Inquiry Report, the above referenced documents, staff and inmate interviews, the allegation of staff misconduct was deemed unsubstantiated. Staff did not violate California Department of Corrections and Rehabilitation policy or procedure.

After a thorough review of all documents including the evidence presented at the Office of Grievance (OOG) Level, it is the order of the OOG to DISAPPROVE this claim.

A. LEYVA
Grievance Coordinator
Kern Valley State Prison

R. CARRIEDO
Chief Deputy Warden
Kern Valley State Prison

DIVISION OF ADULT INSTITUTIONS
KERN VALLEY STATE PRISON
P.O. Box 3130
Delano, CA 93216-3130



October 4, 2021

Truillo, AA2974
B5-205
Pelican Bay State Prison

Inmate Truillo:

This is in response to your correspondence, dated July 25, 2021, addressed to Office of Internal Affairs (OIA). You claim on April 11, 2021 staff utilized use of force on you and you were denied medical attention. A review of your grievance listing in Strategic Offender Management System (SOMS) indicates Kern Valley State Prison (KVSP) Office of Grievances (OOG) received a grievance from regarding your allegations on September 21, 2021, Grievance Log # 167324. Due to the nature of the allegation, it was referred to the Office of Internal Affairs, Allegation Inquiry Management Section (AIMS). Your response is due on November 21, 2021.

It is important to note that the filing of a letter does not meet the criteria of the Prison Litigation Reform Act for exhausting administrative remedies. If you have concerns regarding any issue having a material adverse effect upon your welfare, you may submit a CDCR 602-1 directly to KVSP OOG as prescribed in Section 3487 of the CCR and Section 54100 of the Departmental Operations Manual (DOM).

If you wish to file a grievance regarding the issue(s) you have raised, the CDCR 602-1 must be received by the appropriate Grievance Coordinator within prescribed time constraints from the date of the issue you are appealing, as all grievances, are subject to time frames as specified in the CCR and DOM. In the event you have exceeded time constraints, appropriate administrative action may be taken; however, the matter cannot be appealed and pursuant to the regulations, you will not be advised of the outcome.

For further information, you may refer to the CCR and DOM which are available in the law library. Failure to follow these regulations may result in your appeal being rejected.

A. Leyva
Grievance Coordinator
Kern Valley State Prison

cc: C. Pfeiffer, Warden

# EXHIBIT A

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# THIRD LEVEL APPEAL DECISION

Date: JAN 3 1 2017

In re: Guillermo Truillo, AA2974
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

TLR Case No.: 1600964        Local Log No.: KVSP-16-01888

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner T. Lee, Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:**   It is the appellant's position that on May 10, 2016, Correctional Officer (CO) M. Gonzalez sexually harassed the appellant during the routine checks by trying to get the appellant to expose himself. The appellant contends the behavior is ongoing. The appellant asserts he does not want to comply with CO Gonzalez's orders. The appellant states when he does not comply with the orders, CO Gonzalez makes threats to have the appellant assaulted. The appellant requests the Office of Inspector General investigate this matter and for CO Gonzalez to cease her threats.

**II   SECOND LEVEL'S DECISION:**   The Second Level of Review (SLR) identified and addressed the appellant's allegations of staff misconduct. The reviewer documented that an appropriate supervisory staff member was assigned to conduct an inquiry into this matter. The inquiry included a review of the evidence and an evaluation of any interview conducted. In order to determine the facts, the inquiry also included a review of pertinent documents, current policies, laws, and procedures. The SLR noted that all staff personnel matters are confidential in nature, and that the appellant would only be notified whether the actions of staff were or were not in compliance with policy. The SLR found that the staff did not violate policy as alleged. The SLR partially granted the appeal in that an inquiry was conducted.

**III   THIRD LEVEL DECISION:**   Appeal is denied.

   **A.   FINDINGS:**   Upon review of the documentation submitted, the Third Level of Review (TLR) finds that the appellant's allegations were appropriately reviewed and evaluated by administrative staff. The TLR notes that all staff personnel matters are confidential in nature and will not be disclosed to other staff, the inmate population, the general public, or the appellant. The appellant was informed that if the conduct of staff was determined to not be in compliance with policy, the institution would take the appropriate course of action. In this case, the SLR informed the appellant that an inquiry was completed and disclosed the determination of the inquiry to the appellant. The TLR reviewed the confidential inquiry and concurs with the determination of the SLR. The TLR notes that, while the appellant has the right to submit an appeal as a staff complaint, requests for: administrative action regarding staff; the placement of documentation in a staff member's personnel file; to reprimand staff; to remove staff from a position; and/or requests for monetary compensation are beyond the scope of the appeals process. The TLR finds the institution's response complies with departmental policy, and the appellant's staff complaint allegations were properly addressed. Therefore, no further relief shall be afforded at the TLR.

   The appellant has added new issues and requests to his appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

   **B.   BASIS FOR THE DECISION:**
   California Penal Code Section: 832.5, 832.7, 832.8
   California Code of Regulations, Title 15, Section: 3000, 3001, 3004, 3084.1, 3270, 3380, 3391

   **C.   ORDER:**   No changes or modifications are required by the Institution.

GUILLERMO TRUJILLO, AA2974
CASE NO. 1600964
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

T. LEE, Appeals Examiner
Office of Appeals

M. VOONG, Chief
Office of Appeals

cc:     Warden, PBSP
        Appeals Coordinator, PBSP
        Appeals Coordinator, KVSP

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

**IAB USE ONLY**

AA2974

Institution/Parole Region:    Log #:         Category:

KVSP-0-16-G1332

**FOR STAFF USE ONLY**

You... ins and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.           WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name, Last, First: | CDC Number | Unit/Cell Number | Assignment |
|---|---|---|---|
| TRUJILLO, GUILLERMO CRUZ | AA-2974 | A.S.U. 2 #134 | N/A |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
SEXUAL HARASSMENT.

JUN 13 2016

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON THE ABOVE DATE OF 1/11/16, CURRENT MORNING CHIEF OFFICER GONZALEZ, HAS SEXUALLY HARASS ME WHILE I AM CUFFED IN HER WAIST BAND, WINKS BY TRYING TO GET ME TO EXPOSE MY PENIS TO HER WHILE BEING INSIDE MY CELL, THE

B. Action requested (If you need more space, use Section B of the CDCR 602-A): THEREFORE WOULD LIKE TO REPORT HER SEXUAL HARASSMENT AND HAVE THIS MATTER INVESTIGATED BY THE OFFICE OF INSPECTOR GENERAL AND HAVE HER CEASE HER VERBAL SEXUAL HARASSMENT

Supporting Documents: Refer to CCR 3084.3

RECEIVED SEP 6 2016 INMATE APPEALS BRANCH

REC BY OOA JAN 09 2017

RECEIVED JUL 25 2016 INMATE APPEALS BRANCH

Inmate/Parolee Signature:           Date Submitted: 05/30/16

GT: By placing my initials in this box, I waive my right to receive an interview. GT

C. First Level - Staff Use Only          Staff – Check One: Is CDCR 602-A Attached?  ☑ Yes  ☐ No

AC Use Only   Date mailed/delivered to appellant  /  /

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A

BYPASS

Inmate/Parolee Signature: _____      Date Submitted: _____

---

**E. Second Level - Staff Use Only**          Staff – Check One: Is CDCR 602-A Attached? ☐ Yes  ☐ No

This appeal has been:

☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date:          Date:          Date:          Date:          Date:
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review.

Assigned to: _____ Title: _____ Date Assigned: JUN 1 ___ Date Due: JUL 2 ___

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interview date and location, and complete the section below.

Date of Interview: 7/1/16          Interview Location: ASU 2

Your appeal issue is: ☐ Granted  ☒ Granted in Part  ☒ Denied  ☐ Other:
See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ Title: LT.  Signature: _____ Date completed: 7/8/16
Reviewer: G. JAIME Title: C/AW (A) Signature: _____

Date received by AC: JUL _ 3 ___

| AC Use Only |
| Date mailed/delivered to appellant 7/14/16 |

---

F. If you are dissatisfied with the Second Level response, explain reason below, attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A

I AM DISSATISFIED with the second level response to the outcome of the investigation that staff did not violate CDCR policy and no witnesses to back up my allegations. the reason I do not have any witnesses to support my allegations is because when prison officials first make these statements they make sure that there is no other prison officials and inmates around to be a witness to verbal sexual harassment. I also believe that prison officials continue...

Inmate/Parolee Signature: _____          Date Submitted: 07-20-16

---

**G. Third Level - Staff Use Only**

This appeal has been:

☐ Rejected (See attached letter for instruction) Date: AUG 1 1 2016  DEC 2 3 2016  Date:          Date:          Date:
☐ Cancelled (See attached letter) Date:
☒ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted  ☐ Granted in Part  ☒ Denied  ☐ Other:
See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant FEB 0 1 2017 |

---

**Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because: State reason (if withdrawal is conditional, list conditions.)

Print Staff Name. _____

Inmate Parolee Signature. _____
Title: _____     Signature: _____

Date: _____
Date: _____

INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

Side 1

16009664

FOR STAFF USE ONLY

Attach this form to the CDCR 602 only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name Last First | CDC Number | Unit/Cell Number | Assignment |
|---|---|---|---|
| TRUJILLO  GUILLERMO CAVI | AA-2475 | ASU-2 #134 | N-3 |

A. Continuation of CDCR 602, Section A only (Explain your issue) : SEE THE COMMENTS BY HER AND

AS FOLLOW IN SPANISH LANGUAGE), WHAT A BIG PENIS YOU HAVE, I WANT

TO SEE IT, SO I CAN TOUCH MYSELF AT HOME THINKING ABOUT YOU. THIS

TYPE OF MISCONDUCT HAS BEEN ADDRESS IN THE PAST AND HAS BEEN AN

ON-GOING ISSUE MORE AT (KVSP). I ALSO HAVE NOTICE THAT WHEN I DONT

COMPLY WITH HER ORDERS AND WHAT SHE WANTS DONE, SHE STARTS TO MAKE

VERBALLY THREATS THAT SHE WANTS ME ASSAULTED. THIS BECOMES THE

PRESSURING OF PRISON OFFICIAL KNOWING THE SUBSTANTIAL RISK OF

HARM TO MY HEALTH AND SAFETY. IN THE PAST I HAVE BEEN ASSAULTED

FOR REPORTING THIS TYPE OF ABUSE WHERE I BEEN TARGETED BY

PRISON OFFICIALS. SEE BEHAVIOR REPORTS DATED: SEP. 15-15 AND

SEPT-17-15 MORE AT (KVSP/FR 156-239)

RECEIVED
SEP -6 2016
INMATE APPEALS BRANCH

RECEIVED
JUL 25 2016
INMATE APPEALS BRANCH

REC BY OOA
JAN 09 2017

JUN 13 2016

Inmate/Parolee Signature

Date Submitted: 05/30/16

B. Continuation of CDCR 602, Section B only (Action requested): THEREFORE WOULD LIKE TO REPORT HER

SEXUAL HARASSMENT AND HAVE THIS MATTER INVESTIGATED BY THE OFFICE OF

INSPECTOR GENERAL, AND HAVE HER CEASE HER SEXUAL HARASSMENT.

Inmate/Parolee Signature

Date Submitted: 05/30/16

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. Continuation of CDCR 602. Section D only (Dissatisfied with First Level response): *ORDINATES ENGAGED IN DEALING ONLY WITH INTELLAMPULACTS BY JUST STATEMENTS AND MAKING FALSE ALLEGATIONS AND TRYING TO MANIPULATE THE INMATE APPEALS SYSTEM, AND THE I.S.U. LIEUTENANT WILL CONTACT THE INVESTIGATIONS CONTEXT TO BELIEVE THERE FALSE STATEMENTS. THEREFORE — RECEIVE THE APPROPRIATE TOOL UNDER THESE ALLEGATIONS AND INVESTIGATION MATTERS ARE PULYCE-VIE EXAMINATIONS AGAINST PRISON OFFICIALS AND DOING SO TRUTHFULLY STATEMENTS PUR. TO THE IS SECTION 3293 (a)(8).*

Inmate/Parolee Signature: *[signature]*

Date Submitted: **07-20-16**

RECEIVED

F. Continuation of CDCR 602. Section F only (Dissatisfied with Second Level response).

Inmate/Parolee Signature:

Date Submitted:

Template Date 4/4/2012
State of California

Attachment E-1
Department of Corrections and Rehabilitation

# Memorandum

Date    :    July 1, 2016

To    :    Trujillo, AA2974
Kern Valley State Prison, ASU2, Cell 134

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # KVSP-O-16-01888** *SECOND* **LEVEL RESPONSE**

APPEAL ISSUE: You allege that on May 10, 2016, during morning hours, Officer M. Gonzalez (Administrative Segregation Unit 2 Officer) approached your cell in order to complete a welfare check. You claim Officer Gonzalez stated, "Show me what you have between your legs. i want to see how big you are." You allege you did not respond to Officer Gonzalez's comment; however, you were disturbed by her request. You allege Officer Gonzalez threatened to have you assaulted if you did not comply with her request to expose yourself to her.

**DETERMINATION OF ISSUE**: A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal is:
 ➤ Being processed as an Appeal Inquiry.
You were interviewed by ISU Lieutenant P. Chanelo at the Second Level of Review.
**Your appeal is PARTIALLY GRANTED in that:**

➤ The **Appeal inquiry** is complete/ has been reviewed and all issues were adequately addressed.

The following witnesses (es) were questioned: No witnesses were interviewed.

The following information was reviewed as a result of your allegations of staff misconduct. All CDCR 602 inmate Appeal Form KVSP-O-16-01888, and Confidential Memorandum, dated June 14, 2016, authored by ISU Lieutenant P. Chanelo.

Staff: *did not* ☒violate CDCR policy with respect to one or more of the issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.
- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the

Template Date 4/4/2012                                                    Attachment E-1

Page 2

content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: P. Chanelo _____   Sign _____   Date: 07/1/16 _____
Interviewer

Print: G. Jaime _____   Sign: _____   Date: 7/12/11
Reviewing Authority

STATE OF CALIFORNIA
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 11/10)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added the department language (shown inside brackets in non-bold face type) for clarification purposes*

*Pursuant to Penal Code 149.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED |
|---|---|---|
| | | |

| REPORTING STAFF'S PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC/ID NUMBER | DATE SIGNED |
|---|---|---|---|
| C. Smith Smith | GIUSEPPINA TRUJILLO | FAA 2974 | 01-04-17 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| | | | |

DISTRIBUTION
ORIGINAL –
Public – Institution Head/Parole Administrator
Inmate/Parolee – Attach to CDC Form 602
Employee – Institution Head/Parole Administrator
COPY – Complainant

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Thursday, June 16, 2016*

*TRUILLO, AA2974*
*Z02001C1134001LP*

STAFF COMPLAINTS. Sexual misconduct, 06/13/2016
Log Number: KVSP-O-16-01888
(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is
subject to cancellation for failure to correct noted deficiencies.</u>)

The enclosed documents are being returned to you for the following reasons:

*AO Other*

*This appeal has been accepted as a Staff Complaint. As a reminder, per CCR 3084.9 Staff
Complaints shall not be combined with other appeal issues. If you have included other appeal
issues within this Staff Complaint, you must re-submit those appeal issues on a separate
CDCR 602; they will not be addressed in the Staff Complaint Response. Examples of other
appeal issues may include but are not limited to: RVR, property, mail, classification, job
assignment, ADA, etc.*

☐  A. Lucas
☐
☐
Appeals Coordinator
KVSP

NOTE: If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

_____

_____

_____

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and
resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to
CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a
separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if
the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    EDMUND G. BROWN JR., GOVERNOR

**OFFICE OF APPEALS**
1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



December 23, 2016

TRUILLO, GUILLERMO, AA2974
Pelican Bay State Prison            **MAILED**
P.O. Box 7000
Crescent City, CA 95531-7000       DEC 3 0 2016

RE: TLR# 1600964    KVSP-16-01888    STAFF COMPLAINTS

The Office of Appeals, California Department of Corrections and Rehabilitation (CDCR) acts as the third level of review as established in California Code of Regulations (CCR) Title 15, Article 8. The Office of Appeals examines and responds to inmate and parolee appeals, after the institution or parole region has responded at the Second Level of Appeal.

Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(7). Your appeal is missing necessary supporting documents as established in CCR 3084.3. All documents must be legible (If necessary, you may obtain copy(ies) of requested documents by sending a request with a signed trust withdrawal form to your assigned counselor). Your appeal is missing:

• CDCR Form 1858, Rights and Responsibilities Statement

*[signature]*

M. VOONG, Chief
Office of Appeals

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

****PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE****

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    EDMUND G BROWN JR , GOVERNOR

**OFFICE OF APPEALS**

15 5 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento. CA 94283-0001

August 11, 2016

MAILED
AUG 1 2 2016

TRUILLO, GUILLERMO, AA2974
High Desert State Prison
P.O. Box 270220
Susanville, CA 96127

RE: TLR# 1600964    KVSP-16-01888    STAFF COMPLAINTS

The Office of Appeals, California Department of Corrections and Rehabilitation (CDCR) acts as the third level of review as established in California Code of Regulations (CCR) Title 15, Article 8.  The Office of Appeals examines and responds to inmate and parolee appeals, after the institution or parole region has responded at the Second Level of Appeal.

Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(7). Your appeal is missing necessary supporting documents as established in CCR 3084.3.  All documents must be legible (If necessary, you may obtain copy(ies) of requested documents by sending a request with a signed trust withdrawal form to your assigned counselor).  Your appeal is missing:

• CDCR Form 1858, Rights and Responsibilities Statement

M. VOONG, Chief
Office of Appeals

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.

**\*\*\*\*PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE\*\*\*\***

①

PUBLIC LAW LIBRARY
SAN JOSE
1980 EDITION

### 3004. Rights and Respect of Others.

(a) Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner. Employees and inmates may use first names in conversation with each other when it is mutually acceptable to both parties.

(b) Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence.

(c) Inmates, parolees and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap.

HISTORY:

1. Amendment filed 2-24-77; effective thirtieth day thereafter (Register 77, No. 9).

2



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

**Offender Name:** TRUILLO, GUILLERMO C

**CDC#:** AA2974

**Date:** 10/07/2021

**Current Location:** PBSP-Facility B

**Current Area/Bed:** B 005 2 - 205001L

**Log #:** 000000169892

---

**Claim #: 001**

**Institution/Parole Region of Origin:** Pelican Bay State Prison

**Facility/Parole District of Origin:** PBSP-Facility B

**Housing Area/Parole Unit of Origin:**

**Category:** Offender Resources

**Sub-Category:** Other Resources - NOS

Our office reassigned your claim concerning Offender Resources;Other Resources - NOS to the Office of Grievances at Kern Valley State Prison.

The Office of Grievances at Kern Valley State Prison will provide a response to your claim on or before 11/29/2021.

Once you receive a response from Kern Valley State Prison and if you are dissatisfied with the decision, you may file an appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

**Decision: Reassigned**

---

"EMERGENCY"

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | 169892 | 11/29/2021 |
| | | FOR STAFF USE ONLY | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): TRUJILLO, GUILLERMO CRUZ | CDC Number: # AA-2974 | Unit/Cell Number: # FB-D5-205 | Assignment: N/A |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

LOST, STOLEN, OR DESTROYED C.D.C. 602 GRIEVANCE.

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON THE ABOVE DATE,

APRIL 25, 2021, I SUBMITTED A CDCR 602 GRIEVANCE AGAINST (LVN) MC FANNSIEL

FOR HER DELIBERATE INDIFFERENCE TO MY MEDICAL ATTENTION FOR INCIDENT DATED

APRIL 11, 2021. ON THIS PARTICULAR DAY I REQUESTED (LVN) MC DANNIEL FOR TREATMENT

B. Action requested (If you need more space, use Section B of the CDCR 602-A): I WOULD LIKE FOR

THIS C.D.C.R 602 GRIEVANCE TO BE PROPERLY INVESTIGATED AND TRACK DOWN

THE ORIGINAL C.D.C. 602 GRIEVANCE SUBMITTED APRIL 25, 2021 FOR INCIDENT

DATED APRIL 11, 2021 THAT WAS FORWARD TO KVSP INMATE APPEALS OFFICE AND

Supporting Documents: Refer to CCR 3084.3.

☐ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____          _____

_____          _____

☐ No, I have not attached any supporting documents. Reason : _____

_____

_____

Inmate/Parolee Signature: _____          Date Submitted: 09-27-21

☐ By placing my initials in this box, I waive my right to receive an interview.

Pelican Bay State Prison
SEP 29 2021
Appeals Ofc. ☐

**C. First Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached? ☐ Yes  ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
                    (Print Name)

Reviewer: _____ Title: _____ Signature: _____
                (Print Name)

Date received by AC: _____

| | AC Use Only Date mailed/delivered to appellant ___/___/___ |
|---|---|

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____    Date Submitted : _____

---

**E. Second Level - Staff Use Only**    Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____    Interview Location: _____

Your appeal issue is:  ☐ Granted    ☐ Granted in Part    ☐ Denied    ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ Title: _____ Signature: _____ Date completed : _____
                (Print Name)

Reviewer: _____ Title: _____ Signature: _____
              (Print Name)

Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant ____ / ____ / ____ |

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

_____

_____

_____

_____

Inmate/Parolee Signature: _____    Date Submitted: _____

---

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
     See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant ____ / ____ / ____ |

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____

_____ Inmate/Parolee Signature: _____ Date: _____

Print Staff Name: _____ Title: _____ Signature: _____ Date: _____

.5

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): TRUJILLO, GUILLERMO CRUZ | CDC Number: AA-2974 | Unit/Cell Number: FB-D5-205 | Assignment: N/A |
|---|---|---|---|

A. Continuation of CDCR 602, Section A only (Explain your issue): FOR MY INJURIES TO MY RIGHT
HAND BEHIND A BATTERY WITH STATE PROPERTY CELL DOOR #152 FOOD PORT TRAY SLOT
THAT OCCURED BY OFFICER M.GONZALEZ DURING LAUNDRY PASSOUT. THE BATTERY
TOOK PLACE ABOUT 2:30 P.M. I DID NOT HAVE THE APPORTUNITY TO SEE OR SPEAK WITH
(LVN) DUTY 'TIL 8:00 P.M. AT MEDS PASS OUT, AT EXACTLY 8:10 P.M (LVN) MC.DANNIEL
APPEARED AT MY CELL #152 DOOR I PERSONALLY INFORMED HER THAT I HAD INJURIES
TO MY RIGHT HAND ON INDER FINGER, MIDDLE FINGER, AND PINCKY KNUCKLE AND
CHAWED HER MY INJURIES THROUGH THE INSIDE OF MY CELL #152 WINDOW, WHEN
(LVN) MC.DANNIEL MADE THE FOLLOWING STATEMENT. IT APPEAT THAT SERIOUS AND ACTED
ON CONSERN AN UNCARING TO MY INJURIES AND JUST PROVIDED ME WITH A TRIPPLE
ANTIBIOTIC OINTMENT PACK. I ALSO REQUESTED FOR (LVN) MC.DANNIEL TO FULL
OUT A MEDICAL REPORT 7219 AND TO TAKE PICTURES OF THE INJURIES IGNORED
MY REQUEST AND JUST WALK AWAY FROM MY ASSIGNED CELL #152 DOOR, THIS
BECOMES (LVN) MC.DANNIEL'S DELIBERATE INDIFERENCE TO MY MEDICAL
TREATMENT TO MY INJURIES.

Inmate/Parolee Signature: _[signature]_            Date Submitted: 09-27-21

B. Continuation of CDCR 602, Section B only (Action requested): NOT RESPONDED TO EXCEEDING APPEAL TIME LIMITS
WITHIN ITS 30 CALENDAR DAYS. I WOULD ALSO LIKE FOR (LVN) MC.DANNIEL TO CONSENT TO A
POLYGRAPH EXAMINATION PER: TITLE 15 SECTION 3293(a) & (b)

Inmate/Parolee Signature: _[signature]_            Date Submitted: 09 - 27 - 21

**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____   **Date Submitted:** _____

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____   **Date Submitted:** _____

NDC 68599-1163-1

**McKESSON**

## Triple
## Antibiotic
## Ointment

**WITH BACITRACIN,
NEOMYCIN, &
POLYMYXIN B**
First aid antibiotic to help
prevent infection.

NET WT
**0.9 g**
(0.03 oz)

**See Box for full Drug Facts
Information. Not for
individual sale.**

Distributed By
McKesson Medical-Surgical Inc.
Richmond, VA 23229
Rev. 00 01/14
Made in USA

MFR # **118-42213**



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# CLAIMANT APPEAL CLAIMS DECISION RESPONSE

**Re:**  Appeal Claims Decision Response

**Offender Name:**  TRUILLO, GUILLERMO C            **Date:**  03/18/2021

**CDC#:** AA2974

**Current Location:**  KVSP-Facility Z02            **Current Area/Bed:** Z02001E1 - 152001L

**Log #:**  000000071383

---

## Claim #  001

**Institution/Parole Region of Origin:** Kern Valley State Prison            **Facility/Parole District of Origin:** KVSP-Central Service

**Housing Area/Parole Unit of Origin:**

**Category:**  General Employee            **Sub-Category:**    Other Staff Misconduct - NOS
Performance

The California Department of Corrections and Rehabilitation (CDCR) Office of Appeals received this claim on 01/11/2021.

California Code of Regulations, title 15, provides the Office of Appeals 60 calendar days to complete a response. Due to the expiration of time, this response by the Office of Appeals will be the only response.

You do not need to resubmit this claim to the Office of Grievances or to the CDCR Office of Appeals.

**Decision: Time Expired**



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# OOG ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF GRIEVANCE

**Offender Name:** TRUILLO, GUILLERMO C.                **CDC#:** AA2974

**Date:** 12/28/2020

**Current Location:** NKSP-Facility D                **Current Area/Bed:** D 006 1106001L

**From:** Office of Grievances at North Kern State Prison

**Re:** Log # 000000071383

The California Department of Corrections and Rehabilitation Office of Grievances at North Kern State Prison received your grievance on 12/28/2020. Your grievance has not been assigned for review and response because your claim(s) is being handled as specified below.

**Claim # 001:**

Our office reassigned your claim concerning General Employee Performance;Other Staff Misconduct - NOS to the Office of Grievances at Kern Valley State Prison.

The Office of Grievances at Kern Valley State Prison will provide a response to your claim on or before 02/27/2021.

Once you receive a response from Kern Valley State Prison and if you are dissatisfied with the decision, you may file an appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

CDCR SOMS OGTT300
OOG ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF GRIEVANCE

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

INMATE/PAROLEE APPEAL

CDCR-0602 (REV. 03/12)

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | 71993 | | |
| | | | |
| | FOR STAFF USE ONLY | | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRUJILLO, GUILLERMO CRUZ | #AA-2974 | FB-84-213 | N/A |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON THE ABOVE DATE:
10-01-2020, FOR OUT-TO-COURT PROCEEDINGS ON CASE NO. #DA102066A. CORRECTIONAL
OFFICER'S VETTERICK AND L. RODRIGUEZ THAT ARE EMPLOYED AT KERN VALLEY STATE PRISON
(KVSP) IMPRISONED ME WHILE BEING PLACE INTO TRANSPORTATION VAN THAT THE FALLOWING

B. Action requested (If you need more space, use Section B of the CDCR 602-A): I WOULD LIKE FOR THE
LISTED OFFICER'S TO BE PLACE UNDER INVESTIGATION BECAUSE OFFICERS SHALL REFRAIN
THEM SELF'S FROM VERBAL THREATS OF AN ASSAULT, BATTERY, OR DEATH THREATS AND SHALL
ENDANGER
NOT HARASS ANOTHER INMATE OR ASK ANOTHER CORRECTIONAL OFFICER TO ASSIST THEM

Supporting Documents: Refer to CCR 3084.3.

☐ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____     _____

_____     _____

☐ No, I have not attached any supporting documents.  Reason : _____

_____

_____

_____

| Inmate/Parolee Signature: | Date Submitted: 10-05-20 |
|---|---|

☐ By placing my initials in this box, I waive my right to receive an interview.

**C. First Level - Staff Use Only**     Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder:  Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
          (Print Name)

Reviewer: _____ Title: _____ Signature: _____
          (Print Name)

Date received by AC: _____

| | AC Use Only |
|---|---|
| | Date mailed/delivered to appellant ____ / ____ / ____ |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE APPEAL
CDCR-0602 (REV. 03/12)
Side 2
Case 1:22-cv-00177-AWI-CDB    Document 1    Filed 02/10/22    Page 57 of 218

**D.** If you are dissatisfied with the First Level response, explain the reason below; attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.  If you need more space, use Section D of the CDCR 602-A.

Inmate/Parolee Signature: _____  Date Submitted : _____

---

**E. Second Level - Staff Use Only**       Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____    Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____  Title: _____  Signature: _____  Date completed : _____
(Print Name)

Reviewer: _____  Title: _____  Signature: _____
(Print Name)

Date received by AC: _____

| | AC Use Only |
|---|---|
| | Date mailed/delivered to appellant ___ / ___ / ___ |

---

**F.** If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

I AM DISSATISFIED WITH SECOND LEVEL RESPONSE. BECAUSE THE INMATE APPEALS OFFICE AT KVSP ARE REFUSING TO RETURN ORIGINAL GREEN CDCR 602 FORM BACK TO ME. THEREFORE ASK THE CHIEF INMATE APPEAL'S BRANCH TO QUESTION KVSP STAFF ABOUT THE ORIGINAL FORMS AND RETURN THEM BACK.

Inmate/Parolee Signature: _____  Date Submitted: 01-03-2021

---

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached Third Level response.

| | Third Level Use Only |
|---|---|
| | Date mailed/delivered to appellant ___ / ___ / ___ |

---

**H. Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature: _____  Date: _____

Print Staff Name: _____  Title: _____  Signature: _____  Date: _____

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)                                                                                    Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |
| | | FOR STAFF USE ONLY | |

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY In black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRUJILLO, GUILLERMO CRUZ | # AA-2974 | # FB-134-213 | N/A |

A.  Continuation of CDCR 602, Section A only (Explain your issue) OFFICER'S S. BALLESTEROS, AND THE
INSTITUTION WARDEN'S C. PFEIFFER, W.J. SULLIVAN, AND T.S. ARLITZ WHERE STILL UP
SET AT ME FOR FILING CIVIL RIGHTS ACTIONS (LAWSUITS) AGAINST THEM AND WANTED
ME ASSAULTED HERE AT NORTH KERN VALLEY STATE PRISON (NKSP) BY SENDING MESSAGES
TO PRISON OFFICIALS AT NORTH KERN VALLEY STATE PRISON THAT THEY NEEDED ME ASSAULTED
BEFORE BEING TRANSFER BACK TO PELICAN BAY STATE PRISON (P.B.S.P.) AND THAT THESE
MESSAGES WERE BEING SENT THROUGH THEM AND OTHER CORRECTIONAL OFFICER'S THAT
HAD DONE OUT-TO-COURT TRANSFER'S OF ME TO THE SUPERIOR COURT OF KERN COUNTY
IN THE PAST, OTHER VERBAL THREATS BY OFFICERS THAT ARE EMPLOYED AT KERN
VALLEY STATE PRISON (KVSP) TO NORTH KERN STATE PRISON (NKSP) ARE TO HAVE ME KILLED
OUT ON THE MAIN YARD. THIS BECOMES THE VIOLATION OF TITLE 15 SECTION 3004
(A)(b) RIGHTS AND RESPECT OF OTHER'S.

Inmate/Parolee Signature: _____   Date Submitted: 10-05-20

B.  Continuation of CDCR 602, Section B only (Action requested): IN THE COMMISSION OF AN ASSAULT OR BATTERY UPON ANY
INMATE. FURTHERMORE, IF ANY OF THE ABOVE FORMENTION TAKES PLACE WILL BE PROSECUTED WITH THE COURT
OF LAW. I WOULD ALSO LIKE TO CONDUCT A POLYGRAPH EXAMINATION AGAINST ALL CORRECTIONAL OFFICER'S
LISTED IN THIS COMPLAINT DUE TO THEIR DENIAL OF ALLEGATIONS MADE AGAINST THEM AND THEIR
TRUTHFULL STATEMENTS PER: TITLE 15 SECTION 3274 (A)(b)

Inmate/Parolee Signature: _____   Date Submitted: 10-05-20

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side 2**

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____    Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____    Date Submitted: _____

# IN THE SUPERIOR COURT
## COUNTY OF KERN, STATE OF CALIFORNIA
### NOTICE TO DEPARTMENT OF CORRECTIONS

☐ Amended

Date: 9-10-20                               CDC# AA2974

Name: Guillermo Trujillo        ☒ Defendant  ☐ Witness

Court Case Number: DF012WMA           Bail: $250,000.00

Charges: PC 4502(A)

**Next Hearing Date:**

☐ Pre-Preliminary Hearing _____ at _____ am/pm in D- _____

☐ Preliminary Hearing _____ at _____ am/pm in D- _____

☐ Sentencing _____ at _____ am/pm in D- _____

☐ Arraignment _____ at _____ am/pm in D- _____

☒ Readiness 10/1/20 at 830 (am)/pm in D- RH

☒ Trial 10/5/20 at 831 (am)/pm in D- 1

☐ Motion ** _____ at _____ am/pm in D- _____

☐ As Witness _____ at _____ am/pm in D- _____

☐ Other: _____

Hearing type: _____ at _____ am/pm in D- _____

☐ Use of reasonable force authorized to transport inmate to court.

(**If set for a Motion, *please contact the respective court one day prior to see if motion was actually filed and the defendant is needed for court*)

Disposition: _____

☒ Vacate hearing date: 9/21/20

☐ Witness no longer needed.

☐ Defendant does not have future court dates.

☐ Defendant has been sentenced.  ☐ Prison packet to follow

*Please note: If defendant paroles prior to next court date, please contact the respective Superior Court immediately so that the court may place a Hold with the Kern County Sheriff's Department.*

Judge: JUDGE JUDITH K. DULCICH

Tamarah Harber-Pickens, Clerk of the Superior Court

By: _____

Blue – Doc  White – Court
SUP CRT 580 9410 CR1028 (8/16)        A. BALL

State of California

Department of Corrections and Rehabilitation
Office of Appeals

# Memorandum



To:      Claimant

Subject:    **TIME-EXPIRED RESPONSE FROM THE OFFICE OF APPEALS**

Thank you for submitting your appeal for review by the California Department of Corrections, Office of Appeals. Pursuant to Title 15, section 3486(i)(10), if the Office of Appeals is not able to respond to a claim in 60 calendar days, as in this case, then the claim must be answered "time-expired." As a result, the answer provided by the Office of Grievances remains unchanged and this appeal is now closed. No further action will be taken by the Department and no appeal of this action is permitted under the regulations.

Also, pursuant to Title 15, section 3485(e), "The appeal package submitted by the claimant shall be stored electronically by the Department. The CDCR Form 602-2 shall contain a notification to the claimant that the documents submitted will not be returned to the claimant." Therefore, your Form 602-2 and any supporting documents are not included with this response.

However, a copy of your entire appeal package is maintained in your Central File. The process for requesting copies of documents contained in Central Files, often referred to as an *Olsen* review, can be found in the Department Operations Manual, sections 13030.16 and 13030.17.

Thank you,

HOWARD E. MOSELEY
Associate Director

14

**3004.   Rights and Respect of Others.**

(a) Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner. Employees and inmates may use first names in conversation with each other when it is mutually acceptable to both parties.

(b) Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence.

(c) Inmates, parolees and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap.

HISTORY:

1. Amendment filed 2-24-77; effective thirtieth day thereafter (Register 77, No. 9).

2. Amendment of subsection (a) filed 9-30-77; effective thirtieth day thereafter (Register 77, No. 40).

3. New subsection (c) filed 4-18-80; effective thirtieth day thereafter (Register 80, No. 16).



**3293.   Polygraph Examinations.**

(a)  Polygraph examinations may be administered by departmental staff to inmates, parolees, and employees in the course of an investigation of official matters, under the following conditions:

(1)  The examinee has, without coercion, signed a written statement of consent to the examination.

(2)  The polygraph examiner is a Office of Correctional Safety staff member.

(3)  The Assistant Secretary or designee, Office of Correctional Safety, has approved the examination.

(b)  Polygraph examinations shall not be used as an alternative to regulatory requirements for determining a person's guilt or innocence of charges in disciplinary matters.

NOTE: Authority cited: Section 5058, Penal Code, Reference: Section 3307, Government Code; Section 5054, Penal Code; and *Long Beach City Employee's Association* v. *City of Long Beach* (1986) 41 Cal.3rd 937, 227 Cal.Rptr. 90.



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

**Offender Name:** TRUILLO, GUILLERMO C                                    **Date:** 09/24/2021
**CDC#:** AA2974

**Current Location:** PBSP-Facility B                                    **Current Area/Bed:** B  005 2 - 205001L

**Log #:** 000000163580

---

**Claim #: 001**

**Institution/Parole Region of Origin:** Pelican Bay State Prison        **Facility/Parole District of Origin:** PBSP-Facility B
**Housing Area/Parole Unit of Origin:**
**Category:** Offender Resources                              **Sub-Category:** Other Resources - NOS

Our office reassigned your claim concerning Offender Resources;Other Resources - NOS to the Office of Grievances at Kern Valley State Prison.

The Office of Grievances at Kern Valley State Prison will provide a response to your claim on or before 11/13/2021.

Once you receive a response from Kern Valley State Prison and if you are dissatisfied with the decision, you may file an appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

**Decision: Reassigned**

CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# OOG ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF GRIEVANCE

**Offender Name:** TRUILLO, GUILLERMO C.                **CDC#:** AA2974

**Date:** 09/23/2021

**Current Location:** PBSP-Facility B                **Current Area/Bed:** B 005 2205001L

**From:** Office of Grievances at Pelican Bay State Prison

**Re:** Log # 000000163580

The California Department of Corrections and Rehabilitation Office of Grievances at Pelican Bay State Prison received your grievance on  09/13/2021.  Your grievance has not been assigned for review and response because your claim(s) is being handled as specified below.

**Claim # 001:**

Our office reassigned your claim concerning Offender Resources;Other Resources - NOS to the Office of Grievances at Kern Valley State Prison.

The Office of Grievances at Kern Valley State Prison will provide a response to your claim on or before 11/13/2021.

Once you receive a response from Kern Valley State Prison and if you are dissatisfied with the decision, you may file an appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

CDCR SOMS OGTT300
OOG ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF GRIEVANCE

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (Rev. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | 163580 | 11/13/2021 |
| | | *FOR STAFF USE ONLY* | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**   **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): TRUJILLO, GUILLERMO CRUZ | CDC Number: *AA-2974 | Unit/Cell Number: FB-B5-205 | Assignment: N/A |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

LOST, STOLEN, OR DESTROYED C.D.C.R 602

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON THE ABOVE DATE:
APRIL 08 2021 I WAS CONFINED AT KVSP ASU 2 CELL #152. SGT R. OLIVAREZ (IGI)
SERVED ME WITH A FALSE FABRICATED INFORMATION REGARDING TO SAFETY CONCERN
128-B CHRONO MAINTAINED BY THE (D.C.R) OF A SUBSTANTIAL RISK TO MY HEALTH &
B. Action requested (If you need more space, use Section B of the CDCR 602-A): I WOULD LIKE THIS
C.J.C.R 602 PROPERLY INVESTIGATED PROVIDED WITH MY REQUEST TO OBTAIN
THE CONFIDENTIAL INFORMATION REPORT BY THE INDIVIDUAL WHO PROVIDED
SGT. ROLIVAREZ THE "CONFIDENTIAL INFORMATION". TRACK DOWN THE LOST,

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____

_____

☐ No, I have not attached any supporting documents. Reason : _____

_____

_____

Inmate/Parolee Signature: _[signature]_   Date Submitted: 09-03-21

☐ By placing my initials in this box, I waive my right to receive an interview.

*Pelica... ...Prison*
*SEP 13 2021*
*Appeals Office*

*STAFF USE*

**C. First Level - Staff Use Only**   Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: ___ Date: ___ Date: ___ Date: ___
☐ Cancelled (See attached letter) Date: ___
☐ Accepted at the First Level of Review.

Assigned to: ___ Title: ___ Date Assigned: ___ Date Due: ___

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: ___ Interview Location: ___
Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: ___
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: ___ (Print Name) Title: ___ Signature: ___ Date completed: ___
Reviewer: ___ (Print Name) Title: ___ Signature: ___
Date received by AC: ___

| AC Use Only |
|---|
| Date mailed/delivered to appellant ___ / ___ / ___ |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR 802 (Rev. 03/12)                                                                                              Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

Inmate/Parolee Signature: _____          Date Submitted : _____

**E. Second Level - Staff Use Only**                     Staff – Check One:  Is CDCR 602-A Attached?   ☐ Yes    ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____          Interview Location: _____

Your appeal issue is:  ☐ Granted    ☐ Granted in Part    ☐ Denied    ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ Title: _____ Signature: _____ Date completed : _____
              (Print Name)

Reviewer: _____ Title: _____ Signature: _____
           (Print Name)

Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant ___/___/___ |

**F. If you are dissatisfied with the Second Level response,** explain reason below, attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

Inmate/Parolee Signature: _____          Date Submitted: _____

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
   See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant ___/___/___ |

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____ Inmate/Parolee Signature: _____  Date: _____

Print Staff Name: _____ Title: _____ Signature: _____  Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A   (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |
| | | *FOR STAFF USE ONLY* | |

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRUJILLO, GUILLERMO CRUZ | # AA.2974 | FB - B5 - 205 | N/A |

**A.  Continuation of CDCR 602, Section A only (Explain your issue):** SAFETY. I BELIEVE AND KNOW
THAT THE FALSE INFORMATION INTRODUCE INTO THAT 128-B CHRONO WAS INTENTIONA
LLY WRITTEN BY SGT. R. OLIVAREZ AND HIS COWORKER'S TO COMMIT A BATTERY
UPON ME AND HAVE IT DONE BY BLAMING THE STG GROUP OF THEIR OWN
UNLAWFULL MISCONDUCT AS CORRECTIONAL OFFICER'S AND AN ALIBI TO COVER
UP THEIR WRITTEN THREAT OR INTIMIDATION OF INJURY TO MY HEALTH. FOR THE
MOST PART APPEAL LIMITS TIME LIMITS HAVE BEEN EXCEEDED AND HAS NOT BEEN
RESPONDED BY KVSP INMATE APPEALS OFFICE NOR LOG. VIOLATION OF TITLE
15 SECTION 3084.B(C)(1)&(2). THIS IS A COMPLAINT.

Inmate/Parolee Signature: _[signature]_       Date Submitted: 09 - 03 - 21

**B.  Continuation of CDCR 602, Section B only (Action requested):** STOLEN, OR DESTROYED ORIGINAL 602 DATED: APRIL
08, 2021. IF SGT. OLIVAREZ, DENIES ALL ALLEGATIONS MADE AGAINST HIM WOULD LIKE FOR
HIM TO CONSENT TO A POLYGRAPH EXAMINATION PER: TITLE 15 SECTION 3293(a)&(b).

Inmate/Parolee Signature: _____       Date Submitted: 09 - 03 - 21

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A   (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D.  Continuation of CDCR 602,  Section D only (Dissatisfied with First Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____    Date Submitted: _____

F.  Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____    Date Submitted: _____

NAME & CDCR #: **TRUJILLO, GUILLERMO**      **AA2974**          HOUSING: **KERN VALLEY STATE PRISON**

On April 8, 2021, confidential information was received by the Kern Valley State Prison *(KVSP)* Institutional Gang Investigations *(IGI)* Unit which revealed confidential information indicating you; Inmate **TRUJILLO (AA2974)** may be targeted for assault by members/associates of the MEXICAN MAFIA Security Threat Group-I (STG-I) if housed on a General Population (GP) facility.

During this interview, you were informed of the possible threat to your person. You adamantly denied having any safety and/or enemy concerns by stating, "I don't have any safety concerns. I can go to any mainline", and requested to remain housed on a General Population *(GP)* facility.

Your signature below will serve as record and your acknowledgment of the following:

You have been informed of a possible threat to your safety to which you denied claiming any safety and/or enemy concerns. You request to remain housed on a GP facility.

Inmate TRUJILLO was advised in the event he experiences safety and/or enemy concerns, he is to notify custody staff immediately. By signing this document, Inmate TRUJILLO agrees **he does not** have any safety and/or enemy concerns.

I, **Guillermo TRUJILLO, AA2974,** have been asked to declare any safety and/or enemy concern issues I feel I may have. I have no safety or enemy concerns. I wish to remain on a GP facility. I have been advised to immediately report any safety and/or enemy concern issues to custody staff which may arise in the future.

Comments:  *I HAVE NO SAFETY CONSERNS HERE AT (KVSP) AND WELL LIKE TO CONTINUE GENERAL POPULATION HERE OR AT ANY INSTITUTION.*

_____
TRUJILLO, AA2974

_____
R. OLIVAREZ
Correctional Sergeant
Investigative Services Unit
Kern Valley State Prison

Original:  C-File
cc:       IGI Unit
          Inmate

**INFORMATIONAL
(SAFETY CONCERNS)**

**DATE: 04/08/2021**                                              **CDCR-128-B**

ON 04-08-2021 ~~SGT TURNED OUT OF DAYS LATER~~ 2:00

SUBMITTED A CDCR 602
GRIEVANCE AGAINST SGT.
R. OLIVAREZ REGARDING
THIS SAME (C.O.C.R 128-B)

# EXHIBIT B

 CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Institutional Level Assignment Notice

**Date:** DEC 2 8 2021

**To:**   TRUILLO, GUILLERMO (AA2974)
        # B  003 1116001LP
        Pelican Bay State Prison
        P.O. Box 7000
        Crescent City, CA 95531-7000

**Tracking #:**  PBSP HC 21000611

**Due Date:**   2/28/2022

The Health Care Grievance Office has accepted your health care grievance for response. If you need additional information regarding your health care grievance, contact the health care grievance coordinator at your institution.

California Code of Regulations, Title 15, Section 3999.226(c), states "The grievant has the right to submit one health care grievance every 14 calendar days, unless it is accepted as an expedited grievance. The 14 calendar day period shall commence on the calendar day following the grievant's last accepted health care grievance." Health care grievances submitted in excess of these limitations may be subject to rejection per California Code of Regulations, Title 15, Section 3999.234(a)(1).

If you have additional health care needs, you are advised to utilize approved processes to access health care services in accordance with California Correctional Health Care Services policy.

*Walber, HCGC*

Health Care Grievance Office Representative
Pelican Bay State Prison

**CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** TRUILLO, GUILLERMO C.                    **CDC#:** AA2974

**Date:** 12/28/2021

**Current Location:** PBSP-Facility B                    **Current Area/Bed:** B 003 1116001L

**From:** Office of Grievances at Pelican Bay State Prison

**Re:** Log # 000000202018

The California Department of Corrections and Rehabilitation Office of Grievances at Pelican Bay State Prison received your grievance on 12/24/2021. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 02/23/2022.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

Once you receive a response and if you are dissatisfied with the decision(s), you may file an appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT



**CALIFORNIA DEPARTMENT** *of*
**Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** TRUILLO, GUILLERMO C.                **CDC#:** AA2974

**Date:** 12/24/2021

**Current Location:** PBSP-Facility B                **Current Area/Bed:** B 003 1116001L

**From:** Office of Grievances at Pelican Bay State Prison

**Re:** Log # 000000199496

The California Department of Corrections and Rehabilitation Office of Grievances at Pelican Bay State Prison received your grievance on 12/17/2021. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 02/16/2022.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

Once you receive a response and if you are dissatisfied with the decision(s), you may file an appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# THIRD LEVEL APPEAL DECISION

Date:    January 7, 2021

In re:    Guillermo Truillo, AA2974
          NKSP

TLR Case No.: 2003528
Local Log No.: PBSP-20-00130

## I.    ISSUE ON APPEAL:

Appellant alleges on November 1, 2019, Correctional Officer (CO) Z. Nuno started a rumor that he was in his cell touching his genitals. Appellant further alleges that CO Nuno threatened him with physical violence by ordering assaults on him.

## II.    CONTROLLING AUTHORITY:

### A.    CONTROLLING AUTHORITY:

- California Penal Code 832.7 and 832.8
- California Code of Regulations, Title 15, (CCR) Section 3084.9(A) and 3391
- Departmental Operations Manual (DOM) Section 33030.3.1 and 54100.25

### B.    DOCUMENTS CONSIDERED:

- CDCR 602 Appeal Form Log No.: PBSP-20-00130
- Confidential Supplement Attachment "C" to appeal PBSP-20-00130

## III. FINDINGS:

The Office of Appeals (OOA) found by a preponderance of the documented evidence available that all applicable policies were followed and that all relevant decisions and actions by the institution were proper relative to the staff complaint. The allegation of staff misconduct presented in the written complaint was reviewed and completed at the institution (PBSP). The inquiry included a review of the evidence, an evaluation of any interview conducted and a review of current laws, policies and procedures. The appellant was informed that all staff personnel matters are confidential in nature. The inquiry was completed and it was found that staff **did not** violate policy with respect to the issue appealed. The appeal was partially granted in that an inquiry was completed and has been reviewed. The Office of Appeals Examiner reviewed the confidential inquiry (Attachment C) dated March 23, 2020, and concurs with the institution's determination. The institution's response complies with departmental policy and the appellant's staff complaint allegation was properly addressed.

## IV. CONCLUSION AND ORDER: DENIED

After a thorough review of all documents and evidence, it is the order of the Office of Appeals that the appeal at the Third Level of Review is **DENIED.** This decision exhausts the administrative remedies available to the appellant with CDCR.

W. SINKOVICH, Appeals Examiner
Office of Appeals
cc:    Warden, PBSP
       Grievance Coordinator, PBSP, NKSP

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Tuesday, January 21, 2020*

*TRUILLO, AA2974*
*B 008 2229001L*

GRIEVANCE AGST STAFF, , 01/16/2020
Log Number: PBSP-B-20-00130
**(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.</u>)**

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(6). Your appeal makes a general allegation, but fails to state facts or specify an act or decision consistent with the allegation.*

*You need to identify what threats of force were made, as this appeal is vague and lacks specific threats. Make the necessary corrections and resubmit this appeal in order to be processed.*

☐   K. Royal, Appeals Coordinator
☐   S. Williams, IAO OT
☒   D. Lunsford, SSA
☐   B. Chaucer, SCR LT
Appeals Coordinator
PBSP Appeals Office

Pelican Bay State Prison

FEB 19 2020

Appeals Office

**NOTE:** If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

AT THE BOTTOM OF THE ORIGINAL (C.D.C.R 602) SPECIFY OFFICER NUÑEZ VERBAL

THREATS AGAINST ME. THEREFORE WOULD LIKE 602 BYPASS FOR THE NEXT LEVEL

OF REVIEW. THE SPECIFIC THREATS ARE LISTED ON (C.D.C.R FORM 602) PART 2

A SECTION CONTINUATION.

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

**NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED**

*87*

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

2003528

AA2974

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |

**PBSP** `B-20-00130`

*FOR STAFF USE ONLY*

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.   See California Code of Regulations (CCR), Title 15, Section 3084.1.   You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted.   Refer to CCR 3084 for further guidance with the appeal process.   No reprisals will be taken for using the appeal process.

*STAFF COMPLAINT*

Appeal is subject to rejection if one row of text per line is exceeded.     **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): TRUJILLO, GUILLERMO CRUZ | CDC Number: #AA.2974 | Unit/Cell Number: FB-B8-#229 | Assignment: N/A |

**State briefly the subject of your appeal** (Example: damaged TV, job removal, etc.):

Pelican Bay State Prison

**A.  Explain your issue** (If you need more space, use Section A of the CDCR 602-A): ON THE ABOVE DATE: JANUARY 2-3, 2020 DURING SECOND SHIFT OFFICE CONTROL BOOTH NUÑEZ STARTED TO FOMENT FALSE ACCUSATIONS OF ME ~~MASTERBIT~~ MASTURBATING TO HER WHILE INSIDE MY ASSIGNED CELL #229 FOR

JAN 16 2020
Appeals Office
Pelican Bay State Prison

**B.  Action requested** (If you need more space, use Section B of the CDCR 602-A): I WOULD LIKE FOR OFFICER NUÑEZ, TO BE PLACE UNDER INVESTIGATION FOR TRYING TO INCITE AND PROVOKE VIOLENCE WITH FALSE ACCUSATIONS. I WOULD ALSO LIKE TO CONDUCT A POLYGRAPH EXAMINATION AGAINST HER

FEB 19 2020
Appeals Office

TO HAVE SC REVIEW Per CDA, PROCESS AS SR

**Supporting Documents: Refer to CCR 3084.3.**

☐  Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

JAN 16 2020                JAN 16 2020
JAN 16 2020                JAN 16 2020

☐  No, I have not attached any supporting documents.  Reason :    JAN 16 2020

REC BY OOA
MAR 30 2020

Inmate/Parolee Signature: _____    Date Submitted: 01-20-2020

☐   **By placing my initials in this box, I waive my right to receive an interview.**

**C.  First Level - Staff Use Only**                    Staff – Check One:  Is CDCR 602-A Attached? ☒ Yes  ☐ No
This appeal has been:
☑  Bypassed at the First Level of Review.  Go to Section E
☑  Rejected (See attached letter for instruction)  Date JAN 21 2020     Date: ___   Date: ___   Date: ___
☐  Cancelled (See attached letter)  Date: ___
☐  Accepted at the First Level of Review.
     Assigned to: _____   Title: _____   Date Assigned: _____   Date Due: _____

First Level Responder:  Complete a First Level response.  Include interviewer's name, title, interview date, location, and complete the section below.
     Date of Interview: _____        Interview Location: _____
Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
     See attached letter.  If dissatisfied with First Level response, complete Section D.
Interviewer: _____ (Print Name)   Title: _____   Signature: _____   Date completed: _____
Reviewer: _____ (Print Name)   Title: _____   Signature: _____
Date received by AC: _____

*BYPASS*

| | AC Use Only |
| | Date mailed/delivered to appellant ___/___/___ |

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

BYPASS

Inmate/Parolee Signature: _____    Date Submitted : _____

**E. Second Level - Staff Use Only**    Staff – Check One: Is CDCR 602-A Attached?  ☒ Yes   ☐ No

This appeal has been:

☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____    Date: _____    Date: _____    Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review

Assigned to: __SCR_____    Title: __Lt.__    Date Assigned: __3-2-20__    Date Due: __4-2-20__

Second Level Responder: Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: __3-11-2020__    Interview Location: __B PROGRAM__

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: __LT. B. CHAUCER__ Title: _____ Signature: __B. Chaucer__  Date completed : __3-23-2020__
                    (Print Name)

Reviewer: __Bell__ Title: __CDW__ Signature: _____
              (Print Name)

Date received by AC: __MAR 24 2020__

| AC Use Only |
| Date mailed/delivered to appellant __MAR 24 2020__ |

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation,  P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

I AM DISSATISFIED WITH SECOND LEVEL RESPONSE BECAUSE LT. B. CHAUCER, STATED THAT OFFICER Z. NUNO DID NOT VIOLATE POLICY PER: C.D.C.R POLICY WHEN SHE NUNO DID VIOLATE POLICY BY INCITING AND PROVOKING VIOLENCE TOWARDS I APPELLANT, TRUJILLO, THRU RUMORS OF TOUCHING MY GENITALS, AND VERBAL THREATS OF PHYSICAL VIOLENCE OF AN ASSAULT TO PREVENT ME FROM REPORTING EMPLOYEE ILLEGAL MISCONDUCT. SECONDLY LIKE TO ARGUE THAT I REQUESTED FOR A POLYGRAPH EXAMINATION

Inmate/Parolee Signature: _____    Date Submitted: __03-26-2020__

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____    Date: _____    Date: _____    Date: _____    Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted   ☐ Granted in Part   ☒ Denied   ☐ Other: _____
        See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant __1/8/21__ |

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____
_____

_____ Inmate/Parolee Signature: _____    Date: _____

Print Staff Name: _____ Title: _____ Signature: _____    Date: _____

89

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDCR 602-A (REV. 03/12)

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| 2003528 | PBSP B-20-00130 | | 7 |
| | *FOR STAFF USE ONLY* | | |

# STAFF COMPLAINT

Attach this form to the CDCR 602 only if more space is needed.  Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRUJILLO, GUILLERMO CRUZ | # AA-2974 | FB-BB-#229 | N/A |

**A. Continuation of CDCR 602, Section A only (Explain your issue):** THE VERY PURPOSE TO TRY

AN COMMIT ASSAULT OR BATTERY HERE AT PELICAN BAY STATE PRISON
FACILITY B YARD AND HAVE ALSO THREATEN ME THE USE OF FORCE OR
~~WITH~~
VIOLENCE FOR FILLING A (C.D.C.R FORM 602) IN THE PAST AND ~~BE~~
DISCRIMINATION. THIS TYPE OF FALSE ACCUSATIONS OF TOUCHING
MY SEXUAL ORGANS OF ONESELF SHALL NOT BE TOLERATED AND PROPERLY
INVESTIGATED.    JAN 1 6 2020

            SPECIFIC THREATS:

THE THREATS BY OFFICER NUÑEZ ARE AS FALLOW AM GONNA GET YOU
FUCK UP AND OFF THE YARD. STABB.

Pelican Bay State Prison

JAN 1 6 2020

Appeals Office

Pelican Bay State Prison

FEB 1 9 2020

Appeals Office

REC' BY OOA

MAR 3 0 2020

Inmate/Parolee Signature: _[signature]_          Date Submitted: 01-20-2020

**B. Continuation of CDCR 602, Section B only (Action requested):** DUE TO HER DENIAL OF ALL ALLEGATIONS
MADE AGAINST HER.    JAN 1 6 2020

Inmate/Parolee Signature: _[signature]_          Date Submitted: 01-20-2020

Case 3:20-cv-... Document 1 Filed 02/10/22 Page 81 of 218

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____ Date Submitted: _____

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** ON OFFICER Z. NUNO DUE TO HER VERBAL THREATS AND DENIAL OF ALLEGATIONS MADE AGAINST HER UNDER INVESTIGATION MATTERS AND OFFICER NUNO HAS REFUSED TO CONSENT TO THAT POLYGRAPH EXAMINATION PER: TITLE 15 SECTION 3293(a)(1) AND (b). THEREFORE I AM DISSATISFIED WITH SECOND LEVEL RESPONSE AND WOULD LIKE TO OBTAIN BETTER REMEDIES TO SOLVE THE PROBLEM.

_____
_____
_____
_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____ Date Submitted: 03 - 26 - 2020

Template Date 4/4/2012 — Attachment E-1
State of California                                                    Department of Corrections and Rehabilitation

# Memorandum

Date  :  **MAR 2 4 2020**

To    :   TRUILLO, AA2974
         Facility: B  Unit: 5  Cell: 228
         Pelican Bay State Prison

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL # PBSP-B-20-00130 SECOND LEVEL RESPONSE**

**APPEAL ISSUE:**  You allege on Friday, November 1, 2019, Correctional Officer (CO) Z. Nuno started rumors that you were touching your genitals. Additionally you allege that CO Z. Nuno threatened you with physical violence by ordering assaults on you.

All issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response.  You do not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by you in this complaint.  If you are unable to name all involved staff you may request assistance in establishing their identity.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed.  Based upon this review your appeal is:
➢  Being processed as an Appeal Inquiry.

You were interviewed on Wednesday, March 11, 2020, by Lieutenant B. Chaucer, wherein you reiterated the information contained in the appeal.

**Your appeal is PARTIALLY GRANTED in that:**

➢  The **Appeal inquiry** is complete, has been reviewed and all issues were adequately addressed.

The following witnesses were questioned:N/A

Staff: **did** ☐ **did not** ☒ violate CDCR policy with respect to one or more of the issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.
- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.  A variety of personnel actions

Page 2

may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.

- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: B. Chaucer, Lieutenant          Sign: _____  Date: 3.23.2020
Interviewer

Print: Jim Robertson, Warden          Sign: _____  Date: 3/23/2020
Reviewing Authority

Appeal Log No: PBSP-B-20-00130

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 10/06)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added the department language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| N/A | N/A | N/A | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| TRUILLO | *(signature)* | AA2974 | 03-11-2020 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| LT. B. CHAUCER | *(signature)* | 3-11-2020 | |

DISTRIBUTION:
ORIGINAL –
Public – Institution Head/Parole Administrator
Inmate/Parolee – Attach to CDC form 602
Employee – Institution Head/Parole Administrator
COPY - Complainant

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION                                      PELICAN BAY STATE PRISON

## APPEALS EFFECTIVE COMMUNICATION CONFIRMATION

| INMATE NAME | CDCR NUMBER | HOUSING | APPEAL LOG# | TABE Score |
|---|---|---|---|---|
| · · ·TRUILLO | AA2914 | B5-228 | PBSP-B-20-00130 | 1.8 |

### A.    DOES THE INMATE HAVE DISABILITIES OR COMMUNICATION ISSUES?

**1.** [X] Reads and comprehends without assistance (asked inmate or confirmed by past records).

**2.** [ ] No disabilities or effective communication needs found after review of DECS & TABE/Learning Disability lists.

***STOP!    IF ITEMS #1 AND #2 ARE BOTH CHECKED, GO TO SECTION B.  SIGN AND DATE.***

**3.** [X] Identified with a disability or effective communication need (check all that apply):

[X] TABE 4.0 or lower, or no score    [ ] Hearing    [ ] Learning disability
[ ] Requires reading/comprehension assistance    [ ] Vision    [ ] Developmental disability
[ ] Foreign language speaking    [ ] Speech    [ ] EOP    [ ] CCCMS

### B.    APPEAL INTERVIEW

**1. How was assistance provided?  Check all that apply.**

[X] Simple English spoken slowly & clearly    [X] Inmate stated no need for EC assistance    [ ] Large print material used
[ ] Read documents to inmate    [ ] Used text magnifier    [ ] Lip reading
[ ] Inmate was wearing hearing aid(s)    [ ] Sign language interpreter used; Name: _____
[ ] Written notes used (notes attached)    [ ] Language interpreter used; Name: _____
[ ] Other: _____

**2. How was effective communication achieved?  Check all that apply.**

[X] Inmate reiterated in his own words, what was explained.
[X] Inmate provided appropriate, substantive responses to questions asked.
[X] Inmate asked appropriate questions regarding the information provided.
[ ] Inmate did not appear to understand the communication, even though the primary method of communication was used.
[X] Other: TRUILLO DECCINES S.A.

| B. Chaucer, Lieutenant | *B. Chaucer* (signature) | 3-11-2020 |
|---|---|---|
| **Printed Name & Title** | **Signature** | **Date** |

***STOP!  DO NOT FILL OUT SECTION C OR D UNLESS PROVIDING ASSISTANCE
WITH COMPLETED RESPONSE AS DIRECTED BY THE APPEALS OFFICE***

### C.    APPEAL RESPONSE - FIRST LEVEL

**1. How was assistance provided?**
[ ] Effective communication CDCR assistance was provided as identified in Section B, #1 of this form.

**2. How was effective communication achieved?**
[ ] Effective communication assistance was provided as identified in Section B, #2 of this form.

Additional Comments:

| | | |
|---|---|---|
| **Printed Name & Title** | **Signature** | **Date** |

### D.    APPEAL RESPONSE - SECOND LEVEL

**1. How was assistance provided?**
[ ] Effective communication assistance was provided as identified in Section B, #1 of this form.

**2. How was effective communication achieved?**
[ ] Effective communication assistance was provided as identified in Section B, #2 of this form.

Additional Comments:

| | | |
|---|---|---|
| **Printed Name & Title** | **Signature** | **Date** |

Rev. 03/23/2011

### 3004. Rights and Respect of Others.

(a) Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner. Employees and inmates may use first names in conversation with each other when it is mutually acceptable to both parties.

(b) Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence.

(c) Inmates, parolees and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap.

HISTORY:

1. Amendment filed 2-24-77; effective thirtieth day thereafter (Register 77, No. 9).

2

Pelican Bay State Prison

JAN 16 2020

Appeals Office



**3293.  Polygraph Examinations.**

(a)  Polygraph examinations may be administered by departmental staff to inmates, parolees, and employees in the course of an investigation of official matters, under the following conditions:

(1)  The examinee has, without coercion, signed a written statement of consent to the examination.

(2)  The polygraph examiner is a Office of Correctional Safety staff member.

(3)  The Assistant Secretary or designee, Office of Correctional Safety, has approved the examination.

(b)  Polygraph examinations shall not be used as an alternative to regulatory requirements for determining a person's guilt or innocence of charges in disciplinary matters.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 3307, Government Code; Section 5054, Penal Code; and *Long Beach City Employee's Association v. City of Long Beach* (1986) 41 Cal.3rd 937, 227 Cal.Rptr. 90.

§ 3401.6                                    DEPARTMENT OF CORRECTIC

**3401.6.   Staff Sexual Harassment.**

(a) Staff Sexual Harassment. For the purpose of the Prison Rape Elimination Act policy, staff sexual harassment means repeated verbal comments or gestures of a sexual nature to an offender by a staff member, volunteer, or contractor, including demeaning references to gender, sexually suggestive or derogatory comments about body or clothing, or obscene language or gestures.

(b) Penalties. All allegations of staff sexual harassment shall be subject to review and investigation, and when appropriate, to disciplinary action and/or criminal prosecution.

(c) Reporting Requirements. Any employee who observes, or who receives information from any source concerning staff sexual harassment shall immediately report the information or incident directly to the hiring authority, unit supervisor, or highest-ranking official on duty. Failure to accurately and promptly report any incident, information or facts which would lead a reasonable person to believe staff sexual harassment has occurred may subject the employee who failed to report it to disciplinary action.

(d) Retaliation Against Inmates/Parolees. Retaliatory measures against inmates/parolees who report incidents of staff sexual harassment shall not be tolerated and shall result in disciplinary action and/or criminal prosecution. Such retaliatory measures include, but are not limited to, coercion, threats of punishment, or any other activities intended to discourage or prevent an inmate/parolee from reporting sexual harassment.

(e) Protection Measures. Multiple protection measures may be considered to protect inmate victims who report staff sexual harassment or cooperate with staff sexual harassment investigations including but not limited to housing changes or transfers for inmate victims, removal of alleged staff from contact with victims, and emotional support services for inmates or staff who fear retaliation for reporting staff sexual harassment or for cooperating with investigations.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 289.6, 293.5 and 5054, Penal Code; Section 6254, Government Code; and 28 CFR Sections 115.67 and 115.76.

HISTORY:
1. New section filed 10-20-2016; operative 10-20-2016 pursuant to Government Code section 11343.4(b)(3). (Register 2016, No. 43).

**3402.   Central File.**

(a) Within the scope of their assigned duties, employees are encouraged to consult an inmate's central file for assistance in better understanding the inmate. The contents of the inmate's file are private and privileged information. It will not be discussed with other persons except as is necessary for professional reasons, and will not be the subject of banter between employees or between employees and the inmate to whom it pertains or with other inmates. Information in an inmate's central file may be confidential by law or for reasons relating to institution security and the safety of persons. Such confidential or restricted information must not be disclosed to persons who are not authorized by law and departmental policy and procedures to receive such information.

(b) The central file of a parolee or an inmate may not be removed from the appropriate case records office or an institution without the prior knowledge and approval of the supervising records officer who is responsible for the control and maintenance of the file. Temporary transfer of a central file to another agency for any reason also requires the prior approval of the supervising records officer.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code.

HISTORY:
1. Amendment filed 2-24-77; effective thirtieth day thereafter (Register 77, No. 9).

3404.1.   Approval of Ex-Offender Employee Transactions. Relationships involving business and financial transactions between ex-offender employees and other employees shall require the advance approval of each person's hiring authority and also of the regional parole administrator with jurisdiction over any employee on parole.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:
1. Renumbering and amendment of former section 3404 to new section 3404.1 filed 11-30-93; operative 12-30-93 (Register 93, No. 49).

**3405.   Legal Assistance to Inmates and Parolees.**

Employees must not assist an inmate or parolee in the preparation of any legal document or give any form of legal advice or service, except as specifically authorized by the warden, superintendent or regional administrator. Employees should help inmates and parolees to find qualified assistance for their legal problems. Comment: Former DR-5216, petitions and writs.

**3406.   Committed Relatives and Friends of Employees.**

If an employee becomes aware that any relative or person with whom the employee has or has had either a personal or business relationship, has been committed to or transferred to the jurisdiction of the department, the employee shall notify in writing, the employee's institution head or appropriate director/assistant secretary of that fact.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code.

HISTORY:
1. Amendment of section heading and section, repealer of Comment, and new Note filed 9-13-96 as an emergency; operative 9-13-96. A Certificate of Compliance must be transmitted to OAL by 2-24-97

Kern Valley State Prison
Ad Seg Unit 2 - North

Kern Valley State Prison
Ad Seg Unit 2 - Norka

340 ... AND REHABILITATION                                                        § 3401.5

(a) For the purposes of this section, staff sexual misconduct means any sexual behavior by a departmental employee, volunteer, agent or individual working on behalf of the Department of Corrections and Rehabilitation, which involves or is directed toward an inmate or parolee. The legal concept of "consent" does not exist between departmental staff and inmates/parolees; any sexual behavior between them constitutes sexual misconduct and shall subject the employee to disciplinary action and/or to prosecution under the law. Sexual misconduct includes, but is not limited to:

(1) Influencing or offering to influence an inmate's/parolee's safety, custody, housing, privileges, parole conditions or programming, or offering goods or services, in exchange for sexual favors; or

(2) Threatening an inmate's/parolee's safety, custody, housing, privileges, work detail, parole conditions or programming because the inmate/parolee has refused to engage in sexual behavior; or

(3) Engaging in sexual act(s) or contact, including:

(A) Sexual intercourse; or

(B) Sodomy; or

(C) Oral Copulation; or

(D) Penetration of genital or anal openings by a foreign object, substance, instrument or device for the purpose of sexual arousal, gratification, or manipulation; or

(E) Rubbing or touching of the breasts or sexual organs of another or of oneself, in the presence of and with knowledge of another, for the purpose of sexual arousal, gratification, or manipulation; or

(F) Invasion of privacy, beyond that reasonably necessary to maintain safety and security; or disrespectful, unduly familiar, or sexually threatening comments directed to, or within the hearing of, an inmate/parolee.

(4) Display by staff, in the presence of an inmate, of the staff person's uncovered genitalia, buttocks, or breast;

(5) Voyeurism by a staff person including volunteers or independent contractors. Voyeurism is defined as an invasion of privacy of an offender by staff for reasons unrelated to official duties.

(b) Penalties. All allegations of staff sexual misconduct shall be subject to investigation, which may lead to disciplinary action and/or criminal prosecution.

(c) Reporting Requirements. Any employee who observes, or who receives information from any source concerning staff sexual misconduct, shall immediately report the information or incident directly to the hiring authority, unit supervisor, or highest-ranking official on duty. Failure to accurately and promptly report any incident, information or facts which would lead a reasonable person to believe sexual misconduct has occurred may subject the employee who failed to report it to disciplinary action.

(d) Confidentiality. Alleged victims who report criminal staff sexual misconduct falling into one of the Penal Code section set forth in Government Code Section 6254(f)(2) shall be advised that their identity may be kept confidential pursuant to Penal Code Section 293.5, upon their request.

(e) Retaliation Against Employees. Retaliatory measures against employees who report incidents of staff sexual misconduct shall not be tolerated and shall result in disciplinary action and/or criminal prosecution. Such retaliatory measures include, but are not limited to, unwarranted denials of promotions, merit salary increases, training opportunities, or requested transfers; involuntary transfer to another location/position as a means of punishment; or unsubstantiated poor performance reports.

(f) Retaliation Against Inmates/Parolees. Retaliatory measures against inmates/parolees who report incidents of staff sexual misconduct shall not be tolerated and shall result in disciplinary action and/or criminal prosecution. Such retaliatory measures include, but are not limited to, coercion, threats of punishment, or any other activities intended to discourage or prevent an inmate/parolee from reporting sexual misconduct.

(g) Protection Measures. Multiple protection measures shall be considered to protect inmate victims who report staff sexual misconduct or cooperate with staff sexual misconduct investigations including but not limited to housing changes or transfers for inmate victims, removal of alleged staff from contact with victims, and emotional support services for inmates or staff who fear retaliation for reporting staff sexual misconduct or sexual harassment or for cooperating with investigations.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 289.6, 293.5 and 5054, Penal Code; and Section 6254, Government Code; and 28 CFR Section 115.67.

HISTORY:

1. New section filed 6-21-2000 as an emergency; operative 6-21-2000 (Register 2000, No. 25). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 11-28-2000 or emergency language will be repealed by operation of law on the following day.

2. Certificate of Compliance as to 6-21-2000 order transmitted to OAL 10-5-2000 and filed 11-6-2000 (Register 2000, No. 45).

3. Amendment of subsection (d) and repealer of subsection (g) filed 3-20-2002; operative 4-19-2002 (Register 2002, No. 12).

4. Change without regulatory effect amending subsection (a) filed 3-11-2013 pursuant to section 100, title 1, California Code of Regulations (Register 2013, No. 11).

5. Amendment of section heading and subsection (a), new subsections (a)(4)-(5), amendment of subsections (b)-(f), new subsection (g) and amendment of Note filed 10-20-2016; operative 10-20-2016 pursuant to Government Code section 11343.4(b)(3) (Register 2016, No. 43).



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

**Offender Name:**  TRUILLO, GUILLERMO C          **Date:**  12/04/2021
**CDC#:**  AA2974

**Current Location:**  PBSP-Facility B          **Current Area/Bed:** B  003 1 - 116001L

**Log #:**  000000178575

---

**Claim #: 001**

**Institution/Parole Region of Origin:**    Pelican Bay State Prison          **Facility/Parole District of Origin:**    Pelican Bay State Prison
**Housing Area/Parole Unit of Origin:**
**Category:**    General Employee Performance          **Sub-Category:**   Other Staff Misconduct - NOS

The California Department of Corrections and Rehabilitation (CDCR) Office of Grievances at Pelican Bay State Prison received your claim on 10/22/2021.

California Code of Regulations, title 15, provides CDCR Office of Grievances 60 calendar days to complete a response.

Although 60 calendar days have passed since your claim concerning General Employee Performance;Other Staff Misconduct - NOS was received, your claim is still under inquiry or investigation. Due to the expiration of time, this response by the Office of Grievances will be the only response.

You will be notified once the inquiry or investigation of the issue concerning your claim has been completed, but the notification will be outside of the timeframe of the Grievances and Appeals Process. You do not need to resubmit this claim to CDCR.

**Decision: Under Investigation**

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR-0602 (REV. 03/12)
DEPARTMENT OF CORRECTIONS AND REHABILITATION
Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | 178575 | 12/22/2021 |
| | | *FOR STAFF USE ONLY* | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations (CCR), Title 15, Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal.  If additional space is needed, _only_ one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRUJILLO GUILLERMO CRUZ | AA·2974 | FB-B5-205 | N/A |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): I AM FILING THIS C.D.C.R 602 GRIEVANCE AGAINST THE FALLOWING c/os A. DAVIS, LOPEZ, T. JOHNSON, THOMPSON, AND AUSTIN BECAUSE SINCE MY ARRIVAL HERE TO FACILITY B BUILDING EIGHT FROM FACILITY A BUILDING ONE, I BEEN THREATENED OF ASSAULT STATEMENT

B. Action requested (If you need more space, use Section B of the CDCR 602-A): I WOULD LIKE FOR THE ABOVE LISTED OFFICERS TO BE PLACE UNDER INVESTIGATION BECAUSE IF ANY OF THE ABOVE FOMENTIONED TAKES PLACE THEY WILL BE PROSECUTED WITH THE LOCAL COURTS. IF THE OFFICERS LISTED DENY ALL ALLEGATIONS MADE

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____          _____

_____          _____

☐ No, I have not attached any supporting documents.  Reason : _____

_____

_____

Inmate/Parolee Signature: _____          Date Submitted: 10-18-2021

☐ By placing my initials in this box, I waive my right to receive an interview.

Pelican Bay State Prison
OCT 22 2021
Appeals Office

**C. First Level - Staff Use Only**          Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.
Assigned to: _____          Title: _____          Date Assigned: _____  Date Due: _____

First Level Responder:  Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____          Interview Location: _____
Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
See attached letter.  If dissatisfied with First Level response, complete Section D.
Interviewer: _____          Title: _____  Signature: _____          Date completed: _____
(Print Name)
Reviewer: _____          Title: _____  Signature: _____
(Print Name)
Date received by AC: _____

| | AC Use Only |
|---|---|
| | Date mailed/delivered to appellant ____ / ____ / ____ |

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR-0602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side 2**

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.  If you need more space, use Section D of the CDCR 602-A.

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____ Date Submitted :_____

---

**E. Second Level - Staff Use Only**                              Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes      ☐ No

This appeal has been:

☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____         Interview Location: _____

Your appeal issue is:   ☐ Granted       ☐ Granted in Part       ☐ Denied       ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ Title: _____ Signature: _____ Date completed :_____
                    (Print Name)

Reviewer: _____ Title: _____ Signature: _____
                  (Print Name)

Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant ____/____/____ |

---

**F. If you are dissatisfied with the Second Level response**, explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____ Date Submitted: _____

---

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
    See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant ____/____/____ |

---

**H. Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____

_____

_____ Inmate/Parolee Signature: _____ Date:_____

Print Staff Name: _____ Title: _____ Signature:_____ Date:_____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR-0602-A  (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |
| | *FOR STAFF USE ONLY* | | |

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRUJILLO, GUILLERMO CRUZ | AA·297 | FB-05-205 | N/A |

A. Continuation of CDCR 602, Section A only (Explain your issue): MADE ARE AS FALLOW HOE WANT HIM
BEATON HERE AT (P.B.S.P) OTHER STATEMENTS MADE THE FALLOWING OFFICERS WE WANT
HIM WITH A CELL-MATE TO GUT HIM INVOLVED IN A PHYSICAL ALTER CATION OR STABB
AT (NKSP) OR (KVSP) WHEN OUT FOR COURT PROCEEDING. VIOLATION OF TITLE 15
SECTION 3004 (a) d (c) RIGHTS AND RESPECT OF OTHERS.

Inmate/Parolee Signature: _____     Date Submitted: 10-18-21

B. Continuation of CDCR 602, Section B only (Action requested): AGAINST THEM WOULD ALSO LIKE TO CONSENT TO
A POLYGRAPH EXAMINATION PER TITLE 15 SECTION 3293 (4)(b)

Inmate/Parolee Signature: _____     Date Submitted: 10-18-21

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR-0602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side 2**

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____    **Date Submitted:** _____

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____    **Date Submitted:** _____

# EXHIBIT B

**OIG** | OFFICE *of the*
INSPECTOR GENERAL

*Roy W. Wesley, Inspector General*
*Bryan B. Beyer, Chief Deputy Inspector General*

Independent Prison Oversight

*Regional Offices*

*Sacramento*
*Bakersfield*
*Rancho Cucamonga*

November 3, 2021

Guillermo Trujillo, AA2974
North Kern State Prison
P.O. Box 567
Delano, CA 93216-5000

Dear Guillermo Trujillo,

The Office of the Inspector General (OIG) has received the correspondence on May 21, 2021, where you alleged you submitted three 602's regarding sexual assault allegations toward you, which you alleged to be false. You alleged that none of your appeals have been logged into the inmate of appeals office violation.

The OIG reviewed institutional records. According to institutional records, you have filed several appeals and have received responses at the institutional and to the Office of Appeals level. Based on our review, it appears that institution and headquarters staff responded to your requests and resolved your issues in compliance with the department policies. The OIG's review did not identify any potential policy violations or issues regarding your appeals at the institutional or at the Office of Appeals level of review.

Please note that the OIG does not have the authority to compel the CDCR to adopt or change its appeal findings, nor do we have the authority to perform investigations into allegations of staff misconduct. If you believe that CDCR failed to appropriately address your concerns, or you have exhausted your appeals, or you are dissatisfied with your appeal decision, you may choose to submit your complaint to the courts. Further, the OIG has no jurisdiction to conduct an investigation; however, the Governor, the Senate Committee on Rules, or the Speaker of the Assembly, may request the OIG to conduct an authorized review. Also, as part of our statutory mandates, our regional field office staff monitors the internal affairs investigations and employee disciplinary process of CDCR and works directly with prison administrators to resolve issues at the local level.

INTAKE AND REVIEW UNIT
Office of the Inspector General

BR: 21-0039400-PI

*Gavin Newsom, Governor*



10111 Old Placerville Road, Suite 110
Sacramento, California 95827
Telephone: (916) 255-1102
www.oig.ca.gov

Case 4:20-cv-02714-HSG    Document 1    Filed 04/20/20    Page 1 of 122

1    UNITED STATES DISTRICT COURT FOR THE

2    NORTHERN DISTRICT OF CALIFORNIA.

**FILED**

Apr 20 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

(1 OF 1)

3

4    GUILLERMO TRUJILLO CRUZ,

5    PLAINTIFF,

6    VS.

7    

8    S. TINCHER AND JARVIS, ET. AL,

9    DEFENDANTS;

CASE NO.   20-CV-2714-HSG

42 U.S.C. 1983. COMPLAINT

DEMAND JURY TRIAL.

10    JURISDICTION & VENUE:

11    THIS IS A CIVIL RIGHTS ACTION AUTHORIZED BY 42 U.S.C. 1983, TO REDRESS THE

12    DEPRIVATION UNDER COLOR OF STATE LAW OF RIGHTS SECURED BY THE CONSTITUTION

13    OF THE UNITED STATES. THE NORTHERN COURT HAS JURISDICTION UNDER 28 U.S.C

14    1331 AND 1343. PLAINTIFF, SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C.

15    

16    2201 AND 2202.

17    THE NORTHERN DISTRICT OF CALIFORNIA IS THE APPROPRIATE VENUE UNDER

18    28 U.S.C. 1391 (b)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THE CLAIM

19    

20    OCCURED.

21    PLAINTIFFS & DEFENDANTS:

22    PLAINTIFF, GUILLERMO TRUJILLO CRUZ, IS AND ALL TIMES MENTION HEREIN IS

23    A STATE PRISONER IN THE CUSTODY OF THE CALIFORNIA DEPARTMENT OF CORREC-

24    TIONS AND REHABILITATIONS. WHO IS CURRENTLY CONFINED AT PELICAN BAY

25    STATE PRISON.

26    DEFENDANT, TINCHER, AND OFFICER JARVIS, ARE BOTH CORRECTIONAL

27    OFFICER AT PELICAN BAY STATE PRISON. WHO AT ALL TIMES MENTIONED IN THIS

28    COMPLAINT HELD THE RANK OF PRISON GUARDS AT PELICAN BAY STATE PRISON,

FACILITY A YARD. BOTH DEFENDANTS ARE SUED IN THEIR OFFICIAL CAPACITY

1    AND INDIVIDUALLY. AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH

2    DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

3                         FACTUAL ALLEGATIONS:

4    AT ALL TIMES RELEVANT TO THIS CASE PLAINTIFF, GUILLERMO TRUJILLO CRUZ,

5    WAS CONFINED AT PELICAN BAY STATE PRISON, FACILITY A YARD, BUILDING

6    SIX, SECTION-B, CELL#115.

7

8     DURING MY ARRIVAL BACK TO PELICAN BAY STATE PRISON FROM NORTH KERN

9    STATE PRISON FOR OUT-TO-COURT PROCEEDINGS CASE NO. # DF012066A.

10   DEFENDANT'S, TINCHER AND JARVIS, DURING THEIR SECOND WATCH SHIFTS OR ON

11   DUTY ON A DAILY BASIS WOULD START A CAMPAIGN OF HARASSMENT "IN

12   RETALIATION" TOWARDS PLAINTIFF, FOR REPORTING SERIOUS EMPLOYEE MISCONDUCT

13   AGAINST THEIR FELLOW CO-WORKER WHILE PLAINTIFF, WAS CONFINED ON FACILITY

14   B-YARD AND IN OTHER BUILDINGS WHILE HOUSED IN OTHER BUILDINGS WITHIN

15   FACILITY A-YARD. THE CAMPAIGN OF HARASSMENT "AND RETALIATION INCLUDED

16   SEXUAL HARASSMENT, VERBAL THREATS OF PHYSICAL INJURY TO PREVENT PLAINTIFF,

17   FROM CONTINUING FROM FILING (C.D.C.R FORM 602'S) AND/OR LAWSUITS, AND

18   ORDERS OF PHYSICAL ASSAULTS THROUGH FELLOW INMATES, BY TELLING PLAINTIFF,

19   WE ARE GONNA GET YOU FUCK UP AND OFF THE YARD.

20

21    ON DECEMBER 11-12, 2018, DEFENDANT'S, TINCHER AND JARVIS WOULD ON A

22   DAILY BASIS WOULD BRIBE WITH GETTING SEXUALLY ACTIVE WITH ME IF I

23   PLAINTIFF, ENGAGE IN SEXUAL ACTS OR EXPOSSING MY GENITAL'S (PENIS), TOUCH

24   OR RUBB MY SEXUAL ORGAN INFRONT OF THEM THROUGH THE OUTSIDE OF MY CLOTHING

25   WHILE CONFINED IN MY ASSIGNED CELL#115. TO INTENTIONALLY BLACKMAIL ME

26   AND/OR MANIPULATE ME. AND FINALLY ULTIMATELY HAVE ME ASSAULTED ON THE

27   MAIN YARD. THESE ACTIONS TOOK PLACE BY OFFICER TINCHER ON A DAILY BASIS

28   ON HER SHIFTS SINCE SHE WAS A REGULAR ASSIGNED STAFF IN BUILDING SIX.

(3 OF 3)

1   WITH OFFICER JARVIS, ILLEGAL ACTIONS TOOK PLACE FROM DECEMBER 11-12, 2018

2   WHEN SHE WAS ON SHIFT COVERING UP COWORKER'S SHIFTS DEFENDANT, JARVIS

3   IS NOT A REGULAR STAFF ASSIGNED TO BUILDING SIX. FURTHERMORE, ONCE BOTH

4   DEFENDANT'S, TINCHER AND JARVIS, KNEW PLAINTIFF, TRUJILLO, WAS NOT FALLING

5   FOR THEIR SEXUAL ADVANCES BOTH OFFICER WOULD THEN START TO FOMENT FALSE

6
    LIES OF I, PLAINTIFF, EXPOSSING AND MASTURBATING TO THEM IN PLAIN VIEW OF
7

8   THEIR PRESENCE TO INCITE AND PROVOKE VIOLENCE TO HAVE ME ASSAULTED ON THE

9   MAIN YARD. THESE INCIDENTS OCCURED EVERY DAY AND HAVE CONTINUE TO BE AN

10  ON GOING PROBLEM "TILL THIS DAY. IN RETALIATION" TOWARDS ME FOR COMPLAINING

11  ABOUT THE PROBLEM THROUGH PRISON GRIEVANCES ABOUT DEFENDANT'S AND COWORKER'S

12  VERBAL THREATS AND SEXUAL HARASSMENT FROM 2016 THROUGH 2018. SEE ALL

13
    ATTACHED (C.D.C.R FORM 602'S) THAT HAVE BEEN EXHAUSTED AT THE THIRD LEVEL
14

15  APPEAL DECISION AS EXHIBITS (A-H) TO SUPPORT ALLEGATIONS ON COMPLAINT.

16  WHERE PLAINTIFF, GUILLERMO TRUJILLO CRUZ, HAS CONTACTED THE OFFICE OF

17  INTERNAL AFFAIRS IN SACRAMENTO TO CONDUCT AN INVESTIGATION AND CEASE

18  PRISON OFFICIALS UNLAWFULL MISCONDUCT WITH NO RESOLUTION TO AT SOLVE

19  THE PROBLEM SAME WITH THE OFFICE OF THE INSPECTOR GENERAL. SEE ATTACHED

20
    RESPONSES FROM BOTH AGENCY'S (ATTACHMENTS I ) AS SUPPORTING EVIDENCE.
21

22  THE MEMORANDUM'S DATED: MARCH 27, 2020, OF THE FOLLOWING STAFF COMPLAINTS

23  RESPONSES ON APPEAL'S THAT HAVE NOT BEEN FULLY EXHAUSTED ARE ALSO SUPPORTING

24  EVIDENCE OF PRISON OFFICIALS ON GOING HARASSMENT "IN RETALIATION" APPEAL

25  LOG # P.B.S.P-0-19-00272, APPEAL LOG# P.B.S.P.-0-19-00273, APPEAL LOG# P.B.S.P.-

26  0-19-00275, AND APPEAL LOG# P.B.S.P-0-19-00278.

27
    FURTHERMORE, PLAINTIFF, GUILLERMO TRUJILLO CRUZ, WOULD LIKE TO ADDRESS
28

    TO THE COURT'S THAT DEFENDANT'S, TINCHER AND JARVIS, AND COWORKER'S

    "CAMPAIGN OF HARASSMENT" OF PHYSICAL INJURY AND VERBAL THREATS ARE TO SCARE

1  ME AWAY FROM REPORTING EMPLOYEE ILLEGAL MISCONDUCT THROUGH THE

2  PELICAN BAY STATE PRISON GRIEVANCE SYSTEM AND FROM CONTINUING TO

3  PERSUIT MY CIVIL RIGHTS ACTIONS PERSUANT TO 42 U.S.C. 1983.

4     WERE I PLAINTIFF, SUFFER PROLONGE FEAR FOR MY HEALTH AND LIFE AS A

5  RESULT OF DEFENDANTS, VERBAL THREATS OF PHYSICAL INJURY AND DEATH THREATS

6  THAT MAKE THESE THREATS CREDIBLE. THIS TYPE OF CAMPAIGN OF HARASSMENT

7  INCLUDED ORDERS BY DEFENDANTS TINCHER AND JARVIS, TO HAVE ANNUYMOUS

8  RESOURCES DO THEIR "DIRTY WORK" BY INTENTIONALLY "SETTING UP" PLAINTIFF, TO

9  BE ATTACKED BY OTHER INMATES, OPENING HIS CELL DOOR TO ALLOW THE ATTACK

10  ON HIM, TO PROVIDE ME WITH A CELLMATE TO HAVE PLAINTIFF, INVOLVED IN

11  PHYSICAL ALTERCATIONS, BEATEN OR KILLED ONCE ON PAROLE. THIS TYPE OF

12  VERBAL HARASSMENT HAS BEEN AN ON GOING PROBLEM HERE AT PELICAN BAY

13  STATE PRISON BY DEFENDANTS AND THEIR COWORKERS THAT PLACES PLAINTIFF,

14  UNDER "IMMINENT DANGER OF SERIOUS INJURY" BY PRISON OFFICALS ENCOURAGING

15  AN ORDERING ATTACKS AGAINST PLAINTIFF, MR. TRUJILLO, IN "RETALIATION",

16  "VENGENCE" AND "VENDETTA". WERE DEFENDANTS, TINCHER. JARVIS AND THEIR

17  COWORKERS ARE CLEARLY AWARE OF THAT SUBSTANTIAL RISK OF SERIOUS HARM

18  PLAINTIFF, TRUJILLO, FACES AND PRETEND NOT TO BE AWARE OF THAT RISK THEY

19  STARTED.

20     THEREFORE, WOULD LIKE TO BRING TO THE NORTHERN DISTRICT OF CALIFORNIA

21  ATTENTION THAT THE ONLY REASON I PLAINTIFF, GUILLERMO TRUJILLO CRUZ,

22  HAS NOT BEEN "MALICIOUSLY" AND "SADISTICALLY" ASSAULTED ON THE MAIN YARD

23  HERE AT PELICAN BAY STATE PRISON IS BECAUSE I HAVE BROUGHT THESE SERIOUS

24  ISSUES TO OTHER PEOPLE THAT ARE IN CHARGE OF ME WHO HAVE HIGHER AUTHORITY

25  TO PREVENT ME FROM BEING PHYSICALLY ASSAULTED OUT ON THE YARD.

(5 OF 5

1  DEFENDANT'S MALICIOUS AND SADISTIC SCHEMES TO HAVE OR USE OTHER

2  ANONYMOUS RESOURCES TO HARM PLAINTIFF, TRUJILLO, RESULTS IN A CONSPIRACY

3  BETWEEN PRISON OFFICIALS AND ANONYMOUS RESOURCES.

4      DEFENDANTS, TINCHER AND JARVIS, CAMPAIGN OF HARASSMENT OR DEATH

5  THREAT'S OR SIMPLE THREAT BY A GUARD TO AN INMATE WITH OUT ANY RESULTING

6  PHYSICAL HARM STATES AN EIGHT AMENDMENT CLAIM. FOR THE SIMPLE FACT

7  THAT THE RISK THAT [THE GUARD] THREAT MIGHT BE CARRIED OUT... AMOUNTS

8  TO A SUFFICIENT SUBSTANTIAL RISK OF SERIOUS DAMAGE TO THE PLAINTIFFS,

9

10  FUTURE HEALTH TO BE ACTIONABLE AS AN UNCONSTITUTIONAL CONDITION

11  OF CONFINEMENT.  PLAINTIFF, GUILLERMO TRUJILLO CRUZ, LIKE TO FURTHER

12  ARGUE THAT DEFENDANT'S, HAVE INTENTIONALLY "DISCRIMINATED" AGAINST

13  PLAINTIFF, FOR REFUSING TO ENGAGE IN UNLAWFULL SEXUAL BEHAVIOR, OR SEXUAL

14  ACTS OF RUBBING OR TOUCHING OF SEXUAL ORGAN OF ONESELF IN THE PRESENCE

15

16  OF AND KNOWLEDGE OF ANOTHER FOR THE PURPOSE OF SEXUAL AROUSAL, GRATIFICATION

17  OR MANIPULATION, OR INVASION OF PRIVACY BEYOND THAT REASONABLE NECESSARY

18  TO MAINTAIN SAFETY AND SECURITY.

19          EXHAUSTION OF LEGAL REMEDIES:

20

21  PLAINTIFF, GUILLERMO TRUJILLO CRUZ, USED THE PRISON GRIEVANCE PROCEDURE

22  AVAILABLE AT PELICAN BAY STATE PRISON TO TRY AND SOLVE THE PROBLEM BE

23  FOR IT SCALATES. WHERE THE INMATE APPEAL'S COORDINATOR'S STAFF AS WELL

24  AS THE CHIEF INMATE APPEAL'S BRANCH HAVE DENIED AND REFUSE TO CORRECT

25  PRISON OFFICIALS UNLAWFULL MISCONDUCT AT THE THIRD LEVEL REVIEW. SEE

26  ATTACHED (C.D.C.R FORM 602'S)(A-H) AS EXHIBITS.

27          LEGAL CLAIMS:

28  PLAINTIFF, REALLEGES AND INCORPORATES BY REFERENCE PARAGRAPHS 1-

DEFENDANTS, TINCHER AND JARVIS, USED AND CONTINUES TO USE VERBAL THREATS

(6 of 6)

1    PHYSICAL VIOLENCE AND DEATH THREATS TOWARDS PLAINTIFF, AND HIS FAMILY

2    FOR EXERCISING OF MY RIGHTS TO SEEK REDRESS FROM THE PRISON THROUGH USE

3    OF THE PRISON GRIEVANCE SYSTEM; DEFENDANTS, ARE RETALIATING AGAINST

4    PLAINTIFF, TRUJILLO, UNLAWFULLY, FAILING TO CORRECT THAT MISCONDUCT

5    AND ENCOURAGING THE CONTINUATION OF THE MISCONDUCT, IN VIOLATION

6
     OF PLAINTIFF, TRUJILLO, RIGHT'S UNDER THE FIRST AMENDMENT TO THE
7
     UNITED STATES CONSTITUTION. THESE ILLEGAL ACTIONS ARE CAUSING PLAINTIFF
8
     TRUJILLO, EMOTIONAL DISTRESS AND INJURY TO HIS FIRST AMENDMENT RIGHTS.
9

10      PLAINTIFF, GUILLERMO TRUJILLO CRUZ, HAS NO PLAIN, ADAQUATE OR

11   COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF

12   HAS BEEN WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE
13
     DEFENDANTS UNLESS THIS COURT GRANTS DECLARATORY RELIEF WHICH PLAINTIFF
14
     SEEKS.
15

16                    PRAYER FOR RELIEF:

17   WHEREFORE, PLAINTIFF, RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGMENT:

18   (1.)
     GRANTING PLAINTIFF, TRUJILLO, A DECLARATION THAT THE ACTS AND OMISSIONS
19
     DESCRIBED HEREIN VIOLATE MY RIGHTS UNDER THE CONSTITUTION AND LAWS OF
20
     THE UNITED STATES, AND
21
     (2.)
22   A PRELIMINARY AND PERMANENT INJUCTION ORDERING DEFENDANTS, JARVIS

23   AND TANCHER TO CEASE THEIR THREATS OF PHYSICAL VIOLENCE AND DEATH THREATS

24   TOWARDS PLAINTIFF, TRUJILLO; AND
     (3.)
25   GRANTING PLAINTIFF, TRUJILLO, COMPENSATORY DAMAGES IN THE AMOUNT OF

26   $150,000 AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY;
     (4.)
27   PLAINTIFF TRUJILLO, ALSO SEEKS PUNITIVE DAMAGES IN THE AMOUNT OF $150,

28   000 AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY;

(5).
1  PLAINTIFF ALSO SEEKS A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY;                    (7 OF 7
(6).
2  PLAINTIFF TRUJILLO, ALSO SEEKS A POLYGRAPH EXAMINATION AGAINST BOTH

3  DEFENDANTS; DENIAL OF ALL ALLEGATIONS MADE AGAINST THEM, ACTS OF DISHONESTY,

4  AND UNPROFESSIONAL MISCONDUCT;
(7).
5  PLAINTIFF TRUJILLO, ALSO SEEKS RECOVERY OF THEIR COSTS IN THIS SUIT, AND

6

7  ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER, AND EQUITABLE.

8

9  I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND

10  CORRECT. EXECUTED AT PELICAN BAY STATE PRISON, ON APRIL 12, 2020.

11

12                                    RESPECTFULLY SUBMITTED,

13                                              # AA-2974
                                      GUILLERMO TRUJILLO CRUZ
14
                                      PELICAN BAY STATE PRISON
15
                                          P.O. BOX. 7500
16

17                                    CRESCENT CITY, CAL 95532

18

19

20

21

22

23

24

25

26

27

28

Template Date 4/4/2012
State of California

Attachment E-4
Department of Corrections and Rehabilitation

# Memorandum

Date  :  March 27, 2020

To   :  Truillo, AA2974
        PBSP B5-228L

Subject:  STAFF COMPLAINT RESPONSE - APPEAL # PBSP-O-19-00272

Allegations raised in your complaint dated _January 23, 2019,_ have been evaluated. Our review indicates that there was no violation of California Department of Corrections and Rehabilitation policy. Accordingly, no further action will be taken with regard to your complaint.

**This response does not limit or restrict the availability of further relief via the inmate appeals process.** If you have not already done so, and you wish to further appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's Level of Review.

With the rendering of a decision at the Third Level of Review your administrative remedies will be considered exhausted.

_Appeals Coordinator: Please print and sign below:_

Name: _K. Royal_      Signature: _____      Date: _3-27-20_
Appeals Coordinator

Template Date 4/4/2012
State of California

Attachment E-4
Department of Corrections and Rehabilitation

# Memorandum

Date  :  March 27, 2020

To  :  Truillo, AA2974
      PBSP B5-228L

Subject:  **STAFF COMPLAINT RESPONSE - APPEAL # PBSP-O-19-00273**

Allegations raised in your complaint dated _January 23, 2019,_ have been evaluated. Our review, indicates that there was no violation of California Department of Corrections and Rehabilitation policy.  Accordingly, no further action will be taken with regard to your complaint.

**This response does not limit or restrict the availability of further relief via the inmate appeals process.** If you have not already done so, and you wish to further appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's Level of Review.

With the rendering of a decision at the Third Level of Review your administrative remedies will be considered exhausted.

Appeals Coordinator: Please print and sign below:

Name: _K. Anyel_    Signature: _____    Date: _3-27-20_
Appeals Coordinator

Template Date 4/4/2012
State of California

Attachment E-4
Department of Corrections and Rehabilitation

# Memorandum

Date  :  March 27, 2020

To   :  Truillo, AA2974
       PBSP B5-228L

Subject:  STAFF COMPLAINT RESPONSE - APPEAL # PBSP-O-19-00275

Allegations raised in your complaint dated *January 17, 2019,* have been evaluated. Our review indicates that there was no violation of California Department of Corrections and Rehabilitation policy.  Accordingly, no further action will be taken with regard to your complaint.

**This response does not limit or restrict the availability of further relief via the inmate appeals process.** If you have not already done so, and you wish to further appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's Level of Review.

With the rendering of a decision at the Third Level of Review your administrative remedies will be considered exhausted.

*Appeals Coordinator: Please print and sign below:*

Name: _K. Royal_     Signature _____     Date: _3-27-20_
Appeals Coordinator

Template Date 4/4/2012
State of California

Attachment E-4
Department of Corrections and Rehabilitation

## Memorandum

Date  :   March 27, 2020

To    :   Truillo, AA2974
          PBSP B5-228L

Subject:  **STAFF COMPLAINT RESPONSE - APPEAL # PBSP-O-19-00278**

Allegations raised in your complaint dated _January 23, 2019,_ have been evaluated. Our review indicates that there was no violation of California Department of Corrections and Rehabilitation policy. Accordingly, no further action will be taken with regard to your complaint.

**This response does not limit or restrict the availability of further relief via the inmate appeals process.** If you have not already done so, and you wish to further appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's Level of Review.

With the rendering of a decision at the Third Level of Review your administrative remedies will be considered exhausted.

_Appeals Coordinator: Please print and sign below:_

Name: _____      Signature: _____      Date: _3-27-20_
Appeals Coordinator

# ATTACHMENT 1

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                           GAVIN NEWSOM, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
Pelican Bay State Prison
PO Box 7000
Crescent City, CA 95532

Date:  ¡JAN 0 2 2020

TRUILLO, Guillermo, AA2974
Pelican Bay State Prison
Facility: B Unit: 8 Cell: 229L

Dear Inmate Truillo:

This letter is in response to your letters, dated November 14, 2019, and one undated addressed to the Office of Internal Affairs, Sacramento, California. Based upon a review of your correspondence, it has been determined the issues in your letter have already been addressed at the institutional level from the Inmate Appeals Office. You attached copies of the response documentation showing you have already received for your Staff Complaints, in appeal log numbers PBSP-O-1-01742 and PBSP-A-18-02677. As documented within the enclosed exhibits, both you have received final disposition from Third Level Review; exhausting your remedies with the California Department of Corrections and Rehabilitation.

Sincerely,

TIM LEMOS
Associate Warden
Central Services

Enclosure: *Original Documents received from OIA to include appeal responses.*

To The Office Of Internal Affairs.

Dear Sirs,

This The Second Letter Sent to Your Investigation Unit, To Investigate The Complaint Of Prison Officials & How The Prisons Buy Some Prisons & How Their Conspiracy To Deny The Theirroums Phase & Forever From Prison Officials & The Investigate Oversamele & Persons & How Caused I No Frutteus, To Fear For My Safety & How & How Suffering & Severe Emotional Distress, Fear, & Anxiety, & No Physical Business

...

Dated: Nov. 14. 2019

Sincerely,
...

STATE *of* CALIFORNIA

**OIG** | OFFICE *of the* INSPECTOR GENERAL

*Roy W. Wesley, Inspector General*
*Bryan B. Beyer, Chief Deputy Inspector General*

Independent Prison Oversight

*Regional Offices*

*Sacramento*
*Bakersfield*
*Rancho Cucamonga*

February 28, 2020

Guillermo Trujillo, AA2974
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95532-7000

Dear Guillermo Trujillo,

The Office of the Inspector General (OIG) has received your correspondence. We conducted a review into the issues you raised and determined no further intervention is warranted by our office at this time.

In the future, we encourage you to utilize the available administrative grievance remedies until you have received a final decision by the California Department of Corrections and Rehabilitation (CDCR) third level of review. If your appeal is screened out, we recommend you follow the instructions provided by appeals staff and resubmit your appeal to the appeals office within 30 days. If you wish to do so, you may use a CDCR Form 22 as a receipt when submitting your CDCR Form 602 appeal to institutional staff. Please contact your correctional counselor for advice and assistance regarding questions about the process or the status of your appeal/grievance.

If your appeal is canceled, and you dispute the reasons for canceling your appeal, you may file a new appeal disputing the appeal coordinator's reasons for cancelation, explaining why the cancelation was improper or why the appeal should have been processed. You should attach the original appeal and the cancelation notice with any documentation supporting your claim that the appeal was improperly rejected, and submit the whole package to the appeals coordinator. Please note, you must appeal the cancelation within 30 days of the issuance of the CDCR Form 695 (Screening For: CDCR Form 602 Inmate/Parolee Appeals).

Regarding concerns with appeal issues submitted to our office, please include copies of supporting documents such as copies of submitted CDCR Form 602 appeal form and/or CDCR Form 22, if applicable. Also, do not send us originals, as we will not be able to return them.

The OIG is an independent State of California government agency established by law. Our primary responsibility is the independent oversight of California's youth and adult correctional agencies, including the CDCR, the Board of Parole Hearings, and the Prison Industry Authority.

*Gavin Newsom, Governor*

10111 Old Placerville Road, Suite 110
Sacramento, California 95827
Telephone: (916) 355-1102
www.oig.ca.gov



STATE of CALIFORNIA

# OIG | OFFICE of the
       INSPECTOR GENERAL

Roy W. Wesley, Inspector General
Bryan B. Beyer, Chief Deputy Inspector General

Independent Prison Oversight

Regional Offices

*Sacramento*
*Bakersfield*
*Rancho Cucamonga*

As part of our statutory mandates, the OIG oversees the internal affairs investigations and employee disciplinary process of the CDCR, monitors CDCR's use-of-force review process, and conducts reviews of CDCR's policies, practices, and procedures. The OIG is not an investigative agency and does not pursue legal action on behalf of inmates.

In the future, if your appeal has been screened out, the OIG recommends you follow directions provided on the Form 695 (Screening For: CDCR 602 Inmate/Parolee Appeals) and resubmit your appeal within 30 days.

Thank you for bringing your concerns to our attention. The OIG considers this matter closed.

INTAKE AND REVIEW UNIT
Office of the Inspector General

AN : 19-0031824-PJ

*Gavin Newsom, Governor*



10111 Old Placerville Road, Suite 110
Sacramento, California 95827
Telephone: (916) 255-1102
www.oig.ca.gov

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date:   February 28, 2020

To:    . Guillermo Trujillo, AA2974
       Facility B, Housing Unit 5, Cell 228

Subject:  **REPEATED REQUEST FOR POLYGRAPH EXAMINATIONS OF PEACE OFFICERS**

Mr. Trujillo, this letter is to confirm receipt of four (4) California Department of Corrections (CDCR) 22 forms received by Pelican Bay State Prison (PBSP) Investigative Services Unit (ISU). The aforementioned CDCR22 forms were dated January 19, 2019, January 19, 2019, February 23, 2020, and February 23, 2020 (see attached). In each of the four CDCR22 forms, you allege staff misconduct which has either been investigated or is being investigated. In each of the forms, you request the accused officer be subjected to a "polygraph examination" citing California Code of Regulations (CCR) Title 15 section 3293(b).

Mr. Trujillo let me point out 3293(a)(1) wherein the employee must consent to the examination:

**3293. Polygraph Examinations.**

*(a) Polygraph examinations may be administered by departmental staff to inmates, parolees, and employees in the course of an investigation of official matters, under the following conditions:*

*(1) The examinee has, without coercion, signed a written statement of consent to the examination.*

*(2) The polygraph examiner is a Office of Correctional Safety staff member.*

*(3) The Assistant Secretary or designee, Office of Correctional Safety, has approved the examination.*

*(b) Polygraph examinations shall not be used as an alternative to regulatory requirements for determining a person's guilt or innocence of charges in disciplinary matters.*

Mr. Trujillo, I would like to further point out that California Government Code 3307 specifically exempts peace officer from being compelled to submit to a "lie detector" test:

**3307. Polygraph Examination; Right to Refuse; Effect**

*a) No public safety officer shall be compelled to submit to a lie detector test against his or her will. No disciplinary action or other recrimination shall be taken against a public safety officer refusing to submit to a lie detector test, nor shall any comment be entered anywhere in the investigator's notes or anywhere else that the public safety officer refused to take, or did not take, a lie detector test, nor shall any testimony or evidence be admissible at a subsequent hearing, trial, or proceeding, judicial or administrative, to the effect that the public safety officer refused to take, or was subjected to, a lie detector test.*

Guillermo Trujillo
CDCR22 response
Page 2


*(b) For the purpose of this section, "lie detector" means a polygraph, deceptograph, voice stress analyzer, psychological stress evaluator, or any other similar device, whether mechanical or electrical, that is used, or the results of which are used, for the purpose of rendering a diagnostic opinion regarding the honesty or dishonesty of an individual.*

In conclusion, your request for polygraph examinations of Departmental Peace Officers cannot be accommodated. If a Departmental Peace Officer consents to a polygraph examination and no cost is incurred to the State of California, you may proceed.


J. Anderson
Sergeant
Investigative Services Unit

EXHIBIT A

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                                           GAVIN NEWSOM, GOVERNOR

**OFFICE OF APPEALS**
P.O. Box 942883
Sacramento, CA  94283-0001



OFFICE OF APPEALS
THIRD LEVEL DECISION

March 30, 2020

Truillo, Guillermo, AA2974
PBSP

Dear Mr./Ms. Truillo.

The California Department of Corrections and Rehabilitation (CDCR) Office of Appeals (OOA) received your CDCR Inmate 602 Appeal log number PBSP-19-02138, TLR number 1914223 for the purposes of providing a Third Level Response.

Due to time constraints, OOA will not issue a Third Level Response to your inmate appeal. The Second Level Response to your appeal, previously issued to you, serves as the Department's decision.

This response by the Office of Appeals will be the only response and is not appealable to CDCR.

This action by OOA does not excuse you from exhausting any other administrative remedies that may be required or available to you in relation to your particular claim, including, but not limited to, the Department of General Services Government Claims Program, the Department of Fair Employment and Housing, and the Equal Employment Opportunity Commission.

Office of Appeals
California Department of Corrections & Rehabilitation

cc:     Appeals Coordinator

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

1914223

AA2974

IAB USE ONLY | Institution/Parole Region | Log # | Category

PBSP B 19-08138

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No appeals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

A1 - 123

Name (Last, First): TRUJILLO GUILLERMO CRUZ | CDC Number: AA-2974 | Unit/Cell Number: F1B-86-106L | Assignment: N/A

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Pelican Bay State Prison
SEP 11 2019
Appeals Office

**A.** Explain your issue (If you need more space, use Section A of the CDCR 602-A): I AM APPEALING THE CANCELLATION DECISION ON APPEAL LOG NO # PBSP-A-19-60226 BECAUSE IT WAS STATED BY APPEALS COORDINATOR D. LAN DAY THAT THIS APPEAL WAS REJECTED OG-14-19 PUTTING THIS APPEAL WELL OUTSIDE THE

**B.** Action requested (If you need more space, use Section B of the CDCR 602-A): WOULD LIKE 602 APPEAL BYPASS FOR SECOND LEVEL REVIEW. SEP 1 1 2019

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g. CDC 1083, Inmate Property Inventory, CDC 128-G, Classification Chrono):

SEP 1 1 2019    SEP 1 1 2019

SEP 1 1 2019

REC BY OOA
NOV 0 5 2019

☐ No, I have not attached any supporting documents. Reason:

Inmate/Parolee Signature: _____ Date Submitted: 09-10-19
☐ By placing my initials in this box, I waive my right to receive an interview.

**C. First Level - Staff Use Only**    Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: ___ Date: ___ Date: ___ Date: ___
☐ Cancelled (See attached letter) Date: ___
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other:
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name) Title: _____ Signature: _____ Date completed: _____
Reviewer: _____ (Print Name) Title: _____ Signature: _____

Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant ___/___/___

STATE OF CALIFORNIA                                            DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**                                                                          side 2
CDCR 602 (REV. 03/12)

D. If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator
for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

BYPASS

Inmate/Parolee Signature:                                          Date Submitted:

E. Second Level - Staff Use Only                              Staff — Check One:  Is CDCR 602-A Attached?  ☒ Yes   ☐ No
This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction)  Date:              Date:                  Date:
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review

Assigned to: _____ Title: _____ Date Assigned: 09/18/19  Date Due: 10/23/19
Second Level Respondent:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title,
interview date and location, and complete the section below.
                          Date of Interview: 10/2/19      Interview Location: Fac. A, Unit 1
Your appeal issue is:  ☐ Granted     ☐ Granted in Part     ☒ Denied     ☐ Other:
                     See attached letter.  If dissatisfied with Second Level response, complete Section F below.
Interviewer: _____ Title: CCII  Signature: _____  Date completed: 10/2/19
Reviewer: Bell  Title: CDW  Signature: _____
Date received by AC  OCT 2 2 2019                              *AC Use Only
                                                          Date mailed/delivered to appellant  OCT 2 2 2019

F. If you are dissatisfied with the Second Level response, explain reason below, attach supporting documents and submit by mail for Third Level
Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and
Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

I AM DISSATISFIED WITH WARDEN JIM ROBERTSON RESPONSE BECAUSE HE HAS CONTINUE TO DENY
(602 FORM 601) 4220 THAT APPELLANT IS UNDER APPEAL RESTRICTION AND THEY PARTICULAR
602 COMPLAINT HAS BEEN RESUBMIT WELL OUTSIDE THE REQUIRED 30 DAY TIME FRAME FOR
THE VERY PURPOSE NOT TO LET APPELLANT ADDRESS, CORRECT AND REPRIMAND HIS
EMPLOYEES ON THEIR CONDUCT. EMPLOYEE MISCONDUCT.

Inmate/Parolee Signature: _____                          Date Submitted: 10-24-19

G. Third Level - Staff Use Only
This appeal has been:
☐ Rejected (See attached letter for instruction)  Date:              Date:              Date:          Date:
☐ Cancelled (See attached letter)    Date:
☒ Accepted at the Third Level of Review.  Your appeal issue is  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☒ Other:
    See attached Third Level response.
                                                          Third Level Use Only
                                                          Date mailed/delivered to appellant  MAR 0 0 2020

H. Request to Withdraw Appeal:  I request that this appeal be withdrawn from further review because:  State reason (if withdrawal is conditional, list
conditions):

Inmate/Parolee Signature: _____                                            Date:
Print Staff Name: _____  Title: _____  Signature: _____                Date:

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT.
CDCR 602-A  (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region | Log # | Category |
|---|---|---|---|
| 1914223 | PBSP | B 19 00156 | N/A |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First) | CDC Number | Unit/Cell Number | Assignment |
|---|---|---|---|
| TRUJILLO GUILLERMO CRUZ | AA 2171 | FB-BB-106 | N/A |

A.  Continuation of CDCR 602, Section A only (Explain your issue): REQUIRED 30 DAY TIME
CONSTRAINTS, WHEN THESE 602 APPEALS ARE ALWAYS SUBMITTED WITHIN
ITS 30 DAY TIME CONSTRAINTS BUT PRISON OFFICIALS WITH HOLD
THESE APPEAL FORMS TO PREVENT APPELLANT FROM FINISHING EXHAUSTING
ADMINISTRATIVE REMEDIES AND HOLD APPELLANT ACCOUNTABLE FOR
EXCEEDING TIME CONSTRAINTS. SEP 11 2019

Pelican Bay State Prison
SEP 11 2019
Appeals Office

REC BY OOA
NOV 05 2019

Inmate/Parolee Signature: _____     Date Submitted:  09-10-19

B.  Continuation of CDCR 602, Section B only (Action requested): SEP 11 2019

Inmate/Parolee Signature: _____     Date Submitted: _____





**PELICAN BAY STATE PRISON**
SECOND LEVEL REVIEW

Date: OCT 2 2 2019

Inmate: TRUILLO, AA2974
Pelican Bay State Prison
Facility: B Unit: 8 Cell: 106L

RE: WARDEN'S LEVEL DECISION                                APPEAL: DENIED
    APPEAL LOG NO. PBSP-B-19-02138                         ISSUE:   LEGAL

This matter was reviewed by Jim Robertson, Warden, at Pelican Bay State Prison (PBSP). On October 21, 2019, K. Royal, Correctional Counselor II, conducted the Interview at the Second Level Review (SLR). All submitted documentation and supporting arguments have been considered.

## ISSUES

The Appellant is appealing the cancellation of appeal Log No. PBSP-A-19-00226. The Appellant states his appeal was rejected on June 14, 2019, well outside the required 30 day time frame. The Appellant claims prison officials hold inmates' appeal forms to prevent the Appellant from exhausting administrative remedies.

The Appellant requests for appeal Log No. PBSP-A-19-00226 to be bypassed to second level for review.

## EFFECTIVE COMMUNICATION

The Appellant has been identified with a disability or effective communication need. The Appellant has a Test of Adult Basic Education score of 1.8. The Appellant is not a participant in the Mental Health Services Delivery System. The Appellant reiterated what was in his written appeal and did not have anything to add to his written appeal.

## FINDINGS

According to the Inmate Appeals Tracking System (IATS), the Appellant originally submitted appeal Log No. PBSP-A-19-00226 on January 24, 2019. The appeal was rejected by the Inmate Appeals

Second Level Review
Inmate: TRUILLO, AA2974
Appeal Log No. PBSP-B-19-02138
Page 2

Office (IAO) on January 31, 2019, as the Appellant was on appeal restriction and was only allowed one non-emergent appeal every 30 days.

According to the IATS, the Appellant resubmitted the appeal to the IAO on March 12, 2019. The appeal was rejected on March 14, 2019, as the Appellant was instructed to be more specific with the dates and log number he was requesting to appeal.

According to the IATS, the Appellant resubmitted the appeal to the IAO on April 16, 2019. The appeal was rejected on April 19, 2019, as the Appellant was on appeal restriction and was only allowed one non-emergent appeal every 30 days.

According to the IATS, the Appellant resubmitted the appeal to the IAO on June 10, 2019. The appeal was rejected on June 14, 2019, as the Appellant was on appeal restriction and was only allowed one non-emergent appeal every 30 days. The IAO noted the Appellant had an appeal accepted on June 5, 2019.

According to the IATS, the Appellant resubmitted the appeal to the IAO on August 28, 2019. The appeal was cancelled on September 4, 2019, as the appeal was not submitted with in the 30 days required. The appeal was submitted 82 days after the appeal was sent to the Appellant for corrections.

SLR notes the Appellant refers to Board of Parole Hearings (BPH) letter dated July 25, 2019, to support his denial for referral to BPH for Non-Violent Offender review. However, the Appellant failed to provide any documents showing as noted in the BPH letter the decision made by the Institution not refer him. The Appellant did however provide a Determinately Sentenced Non-Violent Offender Parole Referral Decision dated April 4, 2019, issued to him from California Correctional Center. It was noted on the form the Appellant will not be referred due to him being scheduled for release within the next 210 days or he is scheduled to begin serving a term for an in-prison crime (also known as a Tate term) within the 210 days.

DETERMINATION OF ISSUE

The California Code of Regulations (CCR), Title 15, Section 3084.1, Right to Appeal, states in part, *The appeal process is intended to provide a remedy for inmates and parolees with identified grievances and to provide an administrative mechanism for review of departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the welfare of inmates and parolees. All appeals shall be processed according to the provisions of Article 8, Appeals, unless exempted from its provisions pursuant to court order or superseded by law or other regulations.*

The CCR, Title 15, Section 3084.2, Appeal Preparation and Submittal, states in part, *(f) An inmate or parolee or other person may assist another inmate or parolee with preparation of an appeal*

Second Level Review
Inmate: TRUILLO, AA2974
Appeal Log No. PBSP-B-19-02138
Page 3

*unless the act of providing such assistance would create an unmanageable situation including but not limited to: acting contrary to the principles set forth in sections 3163 and 3270, allowing one offender to exercise unlawful influence/assume control over another, require an offender to access unauthorized areas or areas which would require an escort, or cause avoidance or non-performance in assigned work and program activities. Inmates or parolees shall not give any form of compensation for receiving assistance or receive any form of compensation for assisting in the preparation of another's appeal. The giving or receiving of compensation is considered misconduct and is subject to disciplinary action.*

The CCR, Title 15, Section 3084.5, Screening and Managing Appeals, states in part, *(a) Each institution head and parole region administrator shall designate an appeals coordinator at a staff position level of no less than a CCII or Parole Agent II. (b) The appeals coordinator or a delegated staff member under the direct oversight of the coordinator shall screen all appeals prior to acceptance and assignment for review. (3) The inmate or parolee continues to submit a rejected appeal while disregarding appeal staff's previous instructions to correct the appeal including failure to submit necessary supporting documents, unless the inmate or parolee provides in Part B of the CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal, a reasonable explanation of why the correction was not made or documents are not available.*

The CCR, Title 15, Section 3084.6, Rejection, Cancellation, and Withdrawal Criteria, states in part, *(c) (4) Time limits for submitting the appeal are exceeded even though the inmate or parolee had the opportunity to submit within the prescribed time constraints. In determining whether the time limit has been exceeded, the appeals coordinator shall consider whether the issue being appealed occurred on a specific date or is ongoing. If the issue is ongoing, which may include but is not limited to, continuing lockdowns, retention in segregated housing, or an ongoing program closure, the inmate or parolee may appeal any time during the duration of the event; however, the inmate or parolee is precluded from filing another appeal on the same issue unless a change in circumstances creates a new issue..*

A thorough review of this matter was conducted at the SLR. The Appellant's request for appeal Log No. PBSP-A-19-00226 to be bypassed to second level for review is **DENIED**, as the IAO appropriately cancelled the appeal in accordance with CCR, Title 15, Section 3084.6.

This appeal is **DENIED** at the SLR.

Second Level Review
Inmate: TRUILLO, AA2974
Appeal Log No. PBSP-B-19-02138
Page 4

MODIFICATION ORDER

No modification of this decision or action taken is required.

JIM ROBERTSON
Warden

KWR    DATE: 9/19/19

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Wednesday, September 4, 2019*

*TRUILLO, AA2974*
*B 008 1106001L*

LEGAL, Processing of Appeals, 08/28/2019
Log Number: PBSP-A-19-00226
(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is
subject to cancellation for failure to correct noted deficiencies.</u>)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been cancelled pursuant to the California Code of Regulations, Title 15,
Section (CCR) 3084.6(c)(10).   Failure to correct and return a rejected appeal within 30
calendar days of the rejection.*

*This appeal was rejected 6/14/19, putting you well outside of the required 30 day time
constraint, as you resubmitted the appeal 8/28/19.*

☐   K. Royal, Appeals Coordinator
☒   D. Landay, SSA
☐   T. Buchanan, SCR LT.
☐   S. Williams, IAO OT
Appeals Coordinator
PBSP Appeals Office

NOTE: If you are required to respond/explain to this CDCR Form 695, use of the lines provided below.

Pelican Bay State Prison
SEP 11 2019

Appeals Office

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and
resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to
CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a
separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if
the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED.

Case 4:20-cv-02714-HSG   Document 1   Filed 04/20/20   Page 30 of 122

Kern Valley State Prison
Ad Seg Unit 2

**STATE OF CALIFORNIA**
**INMATE/PAROLEE APPEAL**
CDCR-0602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | A-19-00226 | | 10 |
| PBSP | FOR STAFF USE ONLY | | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                                   WRITE, PRINT, OR TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRINIDAD, GUILLERMO CRUZ | AA-2974 | FA-A6-115 | N/A |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

DELAYED OR LOST OR MISSING APPEAL

A. Explain your issue (if you need more space, use Section A of the CDCR 602-A): ON THE ABOVE DATES
DEC 11-12, 2018, I SUBMITTING A 602 GRIEVANCE COMPLAINT AGAINST WITH FEMALE
OFFICERS TROVER AND S.TINCHER FOR THE ABOVE REASON: STAFF SEXUAL
HARASSMENT AND "SOLICITING OF NUDES". BOTH FEMALE OFFICERS LISTED

B. Action requested (if you need more space, use Section B of the CDCR 602-A): I WOULD LIKE FOR
THIS 602 GRIEVANCE COMPLAINT TO BE PROPERLY INVESTIGATED
BY THE OFFICE OF INSPECTORS GENERAL AND TRACK DOWN THE
ORIGINAL 602 GRIEVANCE SUBMITTED ON DECEMBER 11-12, 2018

Supporting Documents: Refer to CCR 3064.3.
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
C.D.CR FORM 22 (10/09) DATED
JAN 13, 2019

REC BY OOA
JAN 24 2019

NOV 05 2019
ODCA NOV AC
OIG 2019 INV.
PBS-19-0338

☐ No, I have not attached any supporting documents. Reason

| Inmate/Parolee Signature: [signature] | Date Submitted: JAN-23-2019 |

Pelican Bay State Prison
JAN 24 2019
Appeals Office
Pelican Bay State Prison

MAR 12 2019
Appeals Office
Pelican Bay State Prison

APR 16 2019
Appeals Office
Pelican Bay State Pris

JUN 10 2019
Appeals Office
Pelican Bay State Prison

AUG 29 2019
Appeals Office

☐ By placing my initials in this box, I waive my right to receive an interview.

C. First Level - Staff Use Only                          Staff - Check One: Is CDCR 602-A Attached? ☒ Yes ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E
☐ Rejected (See attached letter for instruction) Date: MAR 14 2019 Date: APR 19 2019 Date: JUN 14 2019 Date:
☒ Cancelled (See attached letter). Date: SEP 04 2019   CIO
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
       (Print Name)

Reviewer: _____ Title: _____ Signature: _____
       (Print Name)

Date received by AC: _____

| | AC Use Only |
|---|---|
| | Date mailed/delivered to appellant: __/__/__ |

Kern Valley State Prison

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR-0802-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

PBSP A-19-00020

*IAB STAFF USE ONLY*

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRUJILLO, GUILLERMO CRUZ | FM-2979 | FM-A6-115 | N/A |

A. Continuation of CDCR 602, Section A only (Explain your Issue): ON THIS COMPLAINT WERE
VERBALLY TELLING ME THAT THEY WILL GET SEXUALLY ACTIVE WITH ME IF I JUST
EXPOSE MY GENITALS TO THEM WHILE INSIDE MY ASSIGNED CELL #115. I
BELIEVE THESE VERBAL STATEMENTS BY BOTH OFFICERS WAS TO BLACKMAIL ME
AND MANIPULATE ME, ONCE THEY BOTH KNEW I WAS NOT PARTICIPATING TO
THEIR SEXUAL ADVANCES, OFFICERS JARVIS AND TINCHER STARTED TO
FABRICATE RUMORS OF ME BEING IN MY ASSIGNED CELL #115 EXPOSING
MY PENIS TO THEM, AND MASTURBATING IN THEIR PLAIN VIEW WHICH
ARE FALSE ACCUSATIONS MADE BY BOTH OFFICERS, FOR THIS WILL PREPARE TO
SEE ME SERIOUSLY SINGLED OUT ON THE MAIN YARD DOING WRONG AGAINST THESE
ALLEGATIONS AND ACCUSATIONS. THIS BECOMES THE VIOLATION OF C.D.C.R
POLICY PER TITLE 15 SECTION 3401.5 (a)(b)(c)(d)(e) STAFF SEXUAL
HARASSMENT. THIS ORIGINAL 602 APPEAL WAS SENT BY P.B.S.P
INMATE APPEALS OFFICE TO COVER UP EMPLOYEE SEXUAL MISCONDUCT
SEE ATTACHED C.D.C.R 22 FORM (10/09) SUBMITTED TO BRING DOWN
THE ORIGINAL COMPLAINT.  JAN 2 4 2019

RECEIVED
NOV 05 2019

Inmate/Parolee Signature: _____    Date Submitted: JAN 23 2019

B. Continuation of CDCR 602, Section B only (Action requested): THAT WILL ASSIST OR ASSIGNED TO COVER UP
OFFICER'S JARVIS AND S. TINCHER EMPLOYEE MISCONDUCT.    JAN 2 4 2019

Inmate/Parolee Signature: _____    Date Submitted: JAN 23, 2019

13

Pelican Bay State Prison
JAN 24 2019
Appeals Office
Pelican Bay State Prison
MAR 12 2019
Appeals Office
Pelican Bay State Prison
APR 16 2019
Appeals Office
Pelican Bay State Prison
JUN 10 2019
Appeals Office
Pelican Bay State Prison
AUG 28 2019
Appeals Office

KJSP

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Friday, April 19, 2019*

*TRUILLO, AA2974*
*Z02001E1159001L*

LEGAL, Processing of Appeals, 04/16/2019
Log Number: PBSP-A-19-00226
(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.</u>)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.4(g). You are on appeal restriction and are restricted to one non-emergency appeal every 30 calendar days for a period of one year. Any subsequent violation of the appeal restriction shall result in an extension of the restriction for an additional one-year period upon approval by the third level Appeals Chief.*

*You are currently on appeal restriction and are only allowed to submit one non-emergency appeal every 30 days.*

☐ K. Royal, Appeals Coordinator
☒ D. Landay, SSA
☐ I. DeWitt, SCR LT
☐ S. Williams, IAO OT
Appeals Coordinator
PBSP Appeals Office

Pelican Bay State Prison

JUN 1 0 2019

Appeals Office

NOTE: If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

FROM APRIL-19-19 UNTIL MAY-16-19 ITS WITHIN TIME CONSTRAINTS TO RESUBMIT 602
APPEAL FOR SECOND LEVEL OF REVIEW AND BYPASS

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

(12)

Kern Valley State Prison
A1 Seg Unit 2    No. A5

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Thursday, March 14, 2019*

*TRUILLO, AA2974*
*Z02001E1159001L*

LEGAL, Processing of Appeals; 03/12/2019
Log Number: PBSP-A-19-00226
(Note: Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(9). Your appeal issue is obscured by pointless verbiage or voluminous unrelated documentation such that the reviewer cannot be reasonably expected to identify the issue under appeal.*

*Due to the large volume of appeals you have filed, you will need to be more specific with dates and log numbers as to which appeal you are requesting to have processed.*

☐ K. Royal, Appeals Coordinator
☑ D. Lainday, SSA
☐ J. DeWitt, SCR LT
☐ S. Williams, IAO OT
Appeals Coordinator
PBSP Appeals Office

Pelican Bay State Prison

APR 16 2019

Appeals Office

NOTE: If you are required to respond/explain to this CDCR Form 695, use only the lines provided below.

according to appeal coordinator D. Lainday rejected responsive that the reviewer cannot
identify the issue under appeal. the issue is that I appellant could like appeal
coordinators at P.B.S.P. to track down the delayed defective appeals submitted
attempting to officers Jarvis and S. Fancher to finish processing no administrative
remedies.

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

STATE OF CALIFORNIA
INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print) (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| TRUJILLO GUILLERMO | CRUZ | # AA-2974 | |

| HOUSING/BED NUMBER | ASSIGNMENT: | HOURS FROM: N/A | TOPIC (I.E. DUE, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| FA-A6-115 | N/A | | DELAYED OR LOST APPEAL |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

*(handwritten narrative, partially legible)* ON THE ABOVE DATE DECEMBER 11 THRU 12, 2018, I SUBMITTED A 602 GRIEVANCE AGAINST J&S TRAVES & C/O STANCLIFF BECAUSE ON THESE TWO DAYS BOTH FEMALES WHERE PREVENTING MYSELF OF I AM TRYING TO EXPRESSING MY GRIEVANCE (POLICIES) IM TRYING TO GET ME TO TOUCH MY GENITALS OF ONESELF FOR THEIR PERSONAL AROUSAL. VIOLATION OF C.C.R. POLICY PER TITLE 15 SECTION 3401.5 (a)(f) AND SECTION 3401.6 (a)(1), I'TS BEEN OVER THIRTY (30) DAYS SINCE THIS 602 GRIEVANCE WAS SUBMITTED WITH NO RESPONSE AT ANY LEVEL OF REVIEW VIOLATION OF MY FIRST AMENDMENT RIGHT TO PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCE.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☒ SENT THROUGH MAIL. ADDRESSED TO: INMATE APPEALS OFFICE AT P.B.S.P.   DATE MAILED: 01-13-19
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE)

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE)  YES  NO |
|---|---|---|---|
| | | | |

| IF FORWARDED - TO WHOM: INMATE APPEALS OFFICE AT (P.B.S.P) | DATE DELIVERED/MAILED: 01-13-19 | METHOD OF DELIVERY: (CIRCLE ONE) IN PERSON / BY US MAIL |
|---|---|---|

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Pelican Bay State Prison

JAN 24 2019

Appeals Office

## SECTION C: REQUEST FOR SUPERVISOR REVIEW
PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): K. Lyal, CCII | DATE: 1-15-19 | SIGNATURE: | DATE RETURNED: 1-15-19 |
|---|---|---|---|

You need to provide the copy # due on the volume of appeals you submit.

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

(13)

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

Pelican Bay State Prison
Building Unit 2 - North

RE: Screening at the FIRST Level

*Thursday, January 31, 2019*

TRUILLO, AA2974          ASU2·15TL
A-006-111300IL

LEGAL, Processing of Appeals, 01/24/2019
Log Number: PBSP-A-19-00226
(Note: Log numbers are assigned to all appeals for tracking purposes. Your appeal is
subject to cancellation for failure to correct noted deficiencies.)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15,
Section (CCR) 3084.4(g). You are on appeal restriction and are restricted to one non-
emergency appeal every 30 calendar days for a period of one year. Any subsequent violation
of the appeal restriction shall result in an extension of the restriction for an additional one-
year period upon approval by the third level Appeals Chief.*

*You are currently on appeal restriction and are only allowed to submit one non-emergency
appeal every 30 days.*

☐ K. Royal, Appeals Coordinator
☐ D. Gorbet, OT
☒ D. Landay, SSA
☐ T. Buchanan, SCR LT.
Appeals Coordinator.
PBSP Appeals Office

Pelican Bay State Prison

MAR 1 2 2019

Appeals Office

NOTE: If you are required to respond/explain to this CDCR Form 695, use only the lines provided below.
THIS LOG GRIEVANCE WAS DELIVER TO I APPELLANT ON MARCH 01, 2019 BY OFFICER POWERS
AT IVSP A DAY BEFORE ITS ACTUAL DUE DATE TO RE-SUBMIT APPEAL. THEREFORE SUBMIT
REJECTED APPEAL FOR SECOND LEVEL SCREENING REVIEW ON MARCH 03, 2019.

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and
resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to
CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a
separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if
the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

(12)

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Friday, June 14, 2019*

*TRUILLO, AA2974*
*B 001 2238001L*

LEGAL, Processing of Appeals, 06/10/2019
Log Number: PBSP-A-19-00226
(Note: Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.4(g). You are on appeal restriction and are restricted to one non-emergency appeal every 30 calendar days for a period of one year. Any subsequent violation of the appeal restriction shall result in an extension of the restriction for an additional one-year period upon approval by the third level Appeals Chief.*

*You are currently on appeal restriction and are only allowed to submit one non-emergency appeal every 30 days. Your last appeal was accepted 6/5/19.*

Pelican Bay State Prison

☐ K. Royal, Appeals Coordinator
☒ D. Landay, SSA
☐ I. DeWitt, SCR LT
☐ S. Williams, IAO OT
Appeals Coordinator
PBSP Appeals Office

AUG 2 8 2019

Appeals Office

NOTE: If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.
FROM JUNE-14-19 TILL JULY-14-19 SHALL BE THE ERACTED DATE TO HAVE LOR BYPASS

FOR SECUND LEVEL SCREENING.

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION                                    PELICAN BAY STATE PRISON
## APPEALS EFFECTIVE COMMUNICATION CONFIRMATION

| INMATE NAME | CDCR NUMBER | HOUSING | APPEAL LOG# | TABE Score |
|---|---|---|---|---|
| TRUILLO, GUILLERMO | AA2974 | B8-106L | PBSP-B-19-02138 | 1.8 |

### A.    DOES THE INMATE HAVE DISABILITIES OR COMMUNICATION ISSUES?

1. ☒ Reads and comprehends without assistance (asked inmate or confirmed by past records).
2. ☐ No disabilities or effective communication needs found after review of DECS & TABE/Learning Disability lists.

*STOP!    IF ITEMS #1 AND #2 ARE BOTH CHECKED, GO TO SECTION B.  SIGN AND DATE.*

3. ☒ Identified with a disability or effective communication need (check all that apply):
☒ TABE 4.0 or lower, or no score          ☐ Hearing          ☐ Learning disability
☐ Requires reading/comprehension assistance   ☐ Vision          ☐ Developmental disability
☐ Foreign language speaking               ☐ Speech          ☐ EOP          ☐ CCCMS

### B.    APPEAL INTERVIEW

1. How was assistance provided?  Check all that apply.
☒ Simple English spoken slowly & clearly   ☒ Inmate stated no need for EC assistance   ☐ Large print material used
☐ Read documents to inmate                ☐ Used text magnifier                    ☐ Lip reading
☐ Inmate was wearing hearing aid(s)       ☐ Sign language interpreter used; Name: _____
☐ Written notes used (notes attached)     ☐ Language interpreter used; Name: _____
☐ Other:

2. How was effective communication achieved?  Check all that apply.
☒ Inmate reiterated in his own words, what was explained.
☒ Inmate provided appropriate, substantive responses to questions asked.
☒ Inmate asked appropriate questions regarding the information provided.
☐ Inmate did not appear to understand the communication, even though the primary method of communication was used.
☐ Other:

| K. ROYAL CCII | | 10/21/13 |
|---|---|---|
| Printed Name & Title | Signature | Date |

*STOP!   DO NOT FILL OUT SECTION C OR D UNLESS PROVIDING ASSISTANCE
WITH COMPLETED RESPONSE AS DIRECTED BY THE APPEALS OFFICE*

### C.    APPEAL RESPONSE - FIRST LEVEL

1. How was assistance provided?
   ☐ Effective communication assistance was provided as identified in Section B, #1 of this form.
2. How was effective communication achieved?
   ☐ Effective communication assistance was provided as identified in Section B, #2 of this form.
Additional Comments:

| | | |
|---|---|---|
| Printed Name & Title | Signature | Date |

### D.    APPEAL RESPONSE - SECOND LEVEL

1. How was assistance provided?
   ☐ Effective communication assistance was provided as identified in Section B, #1 of this form.
2. How was effective communication achieved?
   ☐ Effective communication assistance was provided as identified in Section B, #2 of this form.
Additional Comments:

| | | |
|---|---|---|
| Printed Name & Title | Signature | Date |

Rev. 03/23/2011

EXHIBIT B

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA. 94283-0001

## THIRD LEVEL APPEAL DECISION

Date:    FEB 1 3 2018

In re:    . Guillermo Trujillo, AA2974
Kern Valley State Prison
P.O. Box 6000
Delano, CA 93216.

TLR Case No.: 1714411          Local Log No.: PBSP-17-01742

. This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner M. Hodges, Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT:   It is the appellant's position that on an unknown date Correctional Officer's J. Gillson, S. Bagley, Sherman, and both Control Booth Officers made verbal threats towards him such as planning out a way to get him involved in an altercation or group disturbance by provoking and inciting violence on the Facility "B" main yard with the purpose of using the Mini 14 rifle to kill him. Because he is on appeal restriction he submitted this information to the Office of Internal Affairs.

The appellant requests his allegation be investigated.

II   SECOND LEVEL'S DECISION:   The reviewer found no basis to grant the appeal. The review of the allegation of staff misconduct presented in the written complaint was completed and based upon this review the appellant's appeal was processed as an appeal inquiry. The inquiry included a review of the evidence, an evaluation of any interview conducted, and a review of pertinent documents and current policies, laws, and procedures. All staff personnel matters are confidential in nature. The appellant will only be notified whether the actions of staff were or were not in compliance with policy. The inquiry was completed and it was found that staff did not violate policy with respect to the issue appealed. The appeal was partially granted at the Second Level of Review (SLR) in that an inquiry was completed.

III   THIRD LEVEL DECISION:   Appeal is denied.

A.   FINDINGS:   Upon review of the documentation submitted, it was determined at the Third Level of Review (TLR) the appellant's allegations were appropriately reviewed and evaluated by administrative staff. All staff personnel matters are confidential in nature and will not be disclosed to other staff, the general public, the inmate population, or the appellant. If the conduct of staff was determined to not be in compliance with policy, the institution will take the appropriate course of action. In this case, the SLR informed the appellant that an inquiry was completed and disclosed the determination of the inquiry. While the appellant has the right to submit an appeal as a staff complaint, requests for: administrative action regarding staff; the placement of documentation in a staff member's personnel file; to reprimand staff, to remove staff from a position; and/or requests for monetary compensation, are beyond the scope of the appeals process.

The confidential inquiry was reviewed at the TLR. The Third Level Reviewer concurs with the determination of the SLR and finds that the institution's response complies with departmental policy and the appellant's staff complaint allegation was properly addressed. No relief is warranted at the TLR.

The appellant has added new issues and requests to the appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

B.   BASIS FOR THE DECISION:
California Penal Code Section: 832.7, 832.8

GUILLERMO TRUILLO, AA2974
CASE NO. 1714-111
PAGE 2

C. ORDER: No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

M. HODGES, Appeals Examiner
Office of Appeals

M. YOONG, Chief
Office of Appeals

cc:     Warden, KVSP
        Appeals Coordinator, KVSP
        Appeals Coordinator, PBSP

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

1901924

AA2974

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|

PBSP-0-19-00275
FOR STAFF USE ONLY

You may appeal any ~~~~ ............... ctions and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084.1 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Trujillo | AA2974 | | N/A |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Pelican Bay State Prison
To HM (pf sex)

A. Explain your issue (if you need more space, use Section A of the CDCR 602-A):    FEB 0 6 2019

Program Appeals Office

REC BY OOA

JUL 15 2019

B. Action requested (if you need more space, use Section B of the CDCR 602-A):    FEB 0 6 2019

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

FEB 0 6 2019                    FEB 0 6 2019

☐ No, I have not attached any supporting documents. Reason: FEB 0 6 ....

REC BY OOA

MAR 11 2019

Inmate/Parolee Signature: _____    Date Submitted: _____

☐ By placing my initials in this box, I waive my right to receive an interview.

C. First Level - Staff Use Only                    Staff – Check One: Is CDCR 602-A Attached?    ☐ Yes    ☒ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.
Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____
First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____  Interview Location: _____
Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other:
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____  Title: _____  Signature: _____  Date completed: _____
           (Print Name)
Reviewer: _____  Title: _____  Signature: _____
         (Print Name)
Date received by AC: _____

| | AC Use Only |
|---|---|

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 03/12)

Side 2

D. If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

_____
_____
_____
_____
**BYPASS**
_____
_____

Inmate/Parolee Signature: _____    Date Submitted : _____

---

**E. Second Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☒ No

This appeal has been:

☒ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____ISU_____ Title: _____ Date Assigned: 2/6/19  Date Due: 2/13/19

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.                  REFUSED SEE 128B

Date of Interview: 2/2/19    Interview Location: Telephonic    ISU

Your appeal issue is: ☐ Granted  ☒ Granted in Part  ☐ Denied  ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: S. HOFFEN    Title: SHT    Signature: [signature]    Date completed 2/2/19
(Print Name)

Reviewer: Bell    Title: CDW    Signature: [signature]
(Print Name)

Date received by AC: _____
                                                    AC Use Only
                                                    Date mailed/delivered to appellant ___/___/___

---

F. If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

ACCORDING TO OFFICER STERLE THIS 602 APPEAL WAS PARTIALLY GRANTED WITH NO ACTION TAKEN TO
REPRIMAND OR CORRECT THE PROBLEM, THEREFORE RESUBMIT THE 602 APPEAL FOR FURTHER REVIEW
AND CORRECT OFFICERS INHUMAN UNLAWFUL ACTIONS UNAPPROPRIATE TOUCHING WITH OUT MY CONSENT
VIOLATION OF C.D.C.R POLICY TITLE 15 3401.5 (a)(F)(q) STAFF SEXUAL MISCONDUCT. THEREFORE WOULD LIKE
TO OBTAIN BETTER REMEDIES.

Inmate/Parolee Signature: [signature]    Date Submitted: _____

---

**G. Third Level - Staff Use Only**

This appeal has been:

☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☒ Cancelled (See attached letter)  Date: JUN 1 2019
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____

See attached Third Level response.

                                                    Third Level Use Only
                                                    Date mailed/delivered to appellant  JUN 20 2019

---

H. Request to Withdraw Appeal: I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____
_____
_____

Inmate/Parolee Signature: _____    Date: _____
Print Staff Name: _____ Title: _____ Signature: _____ Date: _____

INMATE/PAROLEE APPEAL ATTACHMENT
CDCR 602-A  (REV. 03/12)

D.  Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____    Date Submitted: _____

F.  Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____    Date Submitted: _____

Template Date 4/4/2012
State of California

Attachment E-1
Department of Corrections and Rehabilitation

# Memorandum

Date    : NOV 07 2017

To    :    TRUILLO, AA2974
.    Kern Valley State Prison
Short Term Restricted Housing
Cell 117

Subject:    STAFF COMPLAINT RESPONSE - APPEAL #PBSP-O-17-01742 SECOND LEVEL
RESPONSE

APPEAL ISSUE: You allege Correctional Officers (C/O) Adams, J. Gilison, S. Bagley, and
Sherman are verbally threatening you and planning out a way to get you involved in an
altercation to have you killed by the mini 14 rifle. You state you had to write a letter to the
Office of Internal Affairs (OIA) because you are on appeal restriction.

All issues unrelated to the allegation of staff misconduct must be appealed separately and
will not be addressed in this response. You do not exhaust administrative remedies on any
unrelated issue not covered in this response or concerning any staff member not identified
by you in this complaint.  If you are unable to name all involved staff you may request
assistance in establishing their identity.

DETERMINATION OF ISSUE: A review of the allegations of staff misconduct presented in
the written complaint has been completed. Based upon this review your appeal is: Being
processed as an Appeal Inquiry.

You were interviewed on September 4, 2017, by O. Spencer, Correctional Sergeant, and
stated you wanted the Facility B, Unit 8, staff you named and other unnamed staff
questioned about their involvement in planning to have you assaulted.

Your appeal is PARTIALLY GRANTED in that: The Appeal Inquiry is complete,
has been reviewed, and all issues were adequately addressed.   No witnesses were
interviewed as a result of your allegations. The following documents were reviewed as a
result of your allegation: Letter addressed to the OIA Post Office Box 3009 Sacramento
California 95812 dated as received June 14, 2017.

Staff: did ☐ did not ☒ violate CDCR policy with respect to the issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

- As such, the details of any inquiry will not be shared with staff, members of the public, or
offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action
regarding staff or the placement of documentation in a staff member's personnel file is
beyond the scope of the staff complaint process.  A variety of personnel actions may be
initiated by the Department based upon the content of your complaint and the outcome of
any investigation or inquiry conducted as a result of your complaint.

Template Date 4/4/2012                                              Attachment E-1

Page 2

- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print:_____ Sign:_____ Date:__11/1/2017__
Reviewing Authority

Attachment E-1
Department of Corrections and Rehabilitation

State of California

# Memorandum

Date : September 5, 2017

To : Truillo, AA2974
B4-217L
Pelican Bay State Prison

Subject: STAFF COMPLAINT RESPONSE - APPEAL # PBSP-O-17-01742 FIRST LEVEL
RESPONSE

APPEAL ISSUE: You allege various correctional officers have made verbal threats to you
such as planning to get you involved in a physical altercation or group disturbance on the
facility.

All issues unrelated to the allegation of staff misconduct must be appealed separately
and will not be addressed in this response. You do not exhaust administrative
remedies on any unrelated issue not covered in this response or concerning any staff
member not identified by you in this complaint. If you are unable to name all involved
staff you may request assistance in establishing their identity.

DETERMINATION OF ISSUE: A review of the allegations of staff misconduct presented
in the written complaint has been completed. Based upon this review your appeal is
being processed as an Appeal Inquiry.

You were interviewed on September 4, 2017 by O. Spencer, Correctional Sergean.
During the interview, you stated you wanted the B8 staff which you named and other
unnamed staff questioned about their involvement planning to have you assaulted.

Your appeal is PARTIALLY GRANTED in that the Appeal Inquiry is complete, has been
reviewed, and all issues were adequately addressed.

The following witnesses were questioned: No witnesses were listed by you.

Staff: *did* ☐ *did not* ☒ violate CDCR policy with respect to one or more of the issues
appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

- As such, the details of any inquiry will not be shared with staff, members of the
public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative
action regarding staff or the placement of documentation in a staff member's
personnel file is beyond the scope of the staff complaint process. A variety of
personnel actions may be initiated by the Department based upon the content of

*Attachment E-1*

Page 2

your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: __O. SPENCER__ (ᴵ)Sign: _R.Amis, u_ ⓢ _____ Date: _9/8/17_
    Interviewer

Print: __R. K. BELL__   Sign: _____ Date: _9/12/17_
    Reviewing Authority

STATE OF CALIFORNIA
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 10/06)

*DEPARTMENT OF CORRECTIONS AND REHABILITATION*

## RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added the department language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.    CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| TRUILLO, G. | | 9/05/17 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| TRUILLO, G | | AA2974 | 9/05/17 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| SPENCER, O. | | 9/05/17 | |

DISTRIBUTION:
ORIGINAL –
Public – Institution Head/Parole Administrator
Inmate/Parolee – Attach to CDC form 602
Employee – Institution Head/Parole Administrator
COPY - Complainant

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION                                      PELICAN BAY STATE PRISON

## APPEALS EFFECTIVE COMMUNICATION CONFIRMATION

| INMATE NAME | CDCR NUMBER | HOUSING | APPEAL LOG# | TABE Score |
|---|---|---|---|---|
| TRUILLO, G. | AA2974 | B4-217L | PBSP-O-17-01742 | 1.8 |

| A. | DOES THE INMATE HAVE DISABILITIES OR COMMUNICATION ISSUES? |
|---|---|

1. ☐ Reads and comprehends without assistance (asked inmate or confirmed by past records).
2. ☐ No disabilities or effective communication needs found after review of DECS & TABE/Learning Disability lists.

*STOP!   IF ITEMS #1 AND #2 ARE BOTH CHECKED, GO TO SECTION B.  SIGN AND DATE.*

3. ☒ Identified with a disability or effective communication need (check all that apply):
☒ TABE 4.0 or lower, or no score     ☐ Hearing                 ☐ Learning disability
☐ Requires reading/comprehension assistance   ☐ Vision          ☐ Developmental disability
☐ Foreign language speaking          ☐ Speech              ☐ EOP              ☐ CCCMS.

| B. | APPEAL INTERVIEW |
|---|---|

1. How was assistance provided? Check all that apply.
☒ Simple English spoken slowly & clearly   ☒ Inmate stated no need for EC assistance   ☐ Large print material used
☐ Read documents to inmate            ☐ Used text magnifier            ☐ Lip reading
☐ Inmate was wearing hearing aid(s)   ☐ Sign language interpreter used; Name:
☐ Written notes used (notes attached)   ☐ Language interpreter used; Name:
☐ Other:

2. How was effective communication achieved?  Check all that apply.
☐ Inmate reiterated in his own words, what was explained.
☐ Inmate provided appropriate, substantive responses to questions asked.
☐ Inmate asked appropriate questions regarding the information provided.
☐ Inmate did not appear to understand the communication, even though the primary method of communication was used.
☐ Other:

| O. SPENCER SGT | | | 9/05/17 |
|---|---|---|---|
| Printed Name & Title | Signature | | Date |

*STOP! DO NOT FILL OUT SECTION C OR D UNLESS PROVIDING ASSISTANCE*
*WITH COMPLETED RESPONSE AS DIRECTED BY THE APPEALS OFFICE*

| C. | APPEAL RESPONSE - FIRST LEVEL |
|---|---|

1. How was assistance provided?
☐ Effective communication assistance was provided as identified in Section B, #1 of this form.
2. How was effective communication achieved?
☐ Effective communication assistance was provided as identified in Section B, #2 of this form.
Additional Comments:

| | | |
|---|---|---|
| Printed Name & Title | Signature | Date |

| D. | APPEAL RESPONSE - SECOND LEVEL |
|---|---|

1. How was assistance provided?
☐ Effective communication assistance was provided as identified in Section B, #1 of this form.
2. How was effective communication achieved?
☐ Effective communication assistance was provided as identified in Section B, #2 of this form.
Additional Comments:

| | | |
|---|---|---|
| Printed Name & Title | Signature | Date |

EXHIBIT C

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

### THIRD LEVEL APPEAL DECISION

Date:

In re:    Guillermo Trujillo, AA2974
          Kern Valley State Prison
          P.O. Box 6000
          Delano, CA 93216

          TLR Case No.: 1815206          Local Log No.: PBSP-18-02677

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Knight, Captain.  All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT:  It is the appellant's position Correctional Officer's B. Calvin, T. Olney, I. Mendez, and control booth COs (John Doe), working in Facility B Unit B2 have been provoking and inciting violence upon him.  The appellant alleges that anonymous inmate resources are being used to scream his name and other disrespectful comments in an effort to provoke him to violence.  The appellant also alleges that the officers listed in the appeal have made verbal threats toward him stating they want him dead, assaulted, and stabbed at Pelican Bay State Prison (PBSP).  The appellant contends this is in retaliation for reporting serious misconduct by staff in the past and is an ongoing problem at PBSP.  The appellant requests for his complaint to be properly investigated by Office of Internal Affairs; and for the identified staff to take a polygraph test if the deny the allegations made against them.

II    SECOND LEVEL'S DECISION:  The Second Level of Review (SLR) identified and addressed the appellant's allegations of staff misconduct.  The reviewer documented that an appropriate supervisory staff member was assigned to conduct an inquiry into this matter.  The inquiry included a review of the evidence and an evaluation of any interview conducted.  In order to determine the facts, the inquiry also included a review of pertinent documents, current policies, laws, and procedures.  The SLR noted that all staff personnel matters are confidential in nature, and that the appellant would only be notified whether the actions of staff were or were not in compliance with policy.  The SLR found that staff did not violate policy as alleged.  The SLR partially granted the appeal in that an inquiry was conducted.

III    THIRD LEVEL DECISION:  Appeal is denied.

A.    FINDINGS:  Upon review of the documentation submitted, the Third Level of Review (TLR) finds that the appellant's allegations were appropriately reviewed and evaluated by administrative staff.  The TLR notes that all staff personnel matters are confidential in nature and will not be disclosed to other staff, the inmate population, the general public, or the appellant.  The appellant was informed that if the conduct of staff was determined to not be in compliance with policy, the institution would take the appropriate course of action.  In this case, the SLR informed the appellant that an inquiry was completed and disclosed the determination of the inquiry to the appellant.  The TLR reviewed the confidential inquiry and concurs with the determination of the SLR.  The TLR notes that, while the appellant has the right to submit an appeal as a staff complaint, requests for: administrative action regarding staff; the placement of documentation in a staff member's personnel file; to reprimand staff; to remove staff from a position; and/or requests for monetary compensation are beyond the scope of the appeals process.  The TLR finds the institution's response complies with Departmental policy, and the appellant's staff complaint allegations were properly addressed.  Therefore, no further relief shall be afforded at the TLR.

The appellant has added new issues and requests to the appeal.  The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

GUILLERMO TRUILLO, AA2974
CASE NO. 1815206
PAGE 2

B.  BASIS FOR THE DECISION:
California Penal Code Section: 832.7, 832.8
California Code of Regulations, Title 15, Section: 3000, 3001, 3002, 3004, 3005, 3084, 3084.1, 3084.5,
3084.7, 3270, 3271, 3380, 3391

C.  ORDER:  No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

J. KNIGHT, Appeals Examiner
Office of Appeals

M. VOONG, Chief
Office of Appeals

cc:     Warden, KVSP
        Appeals Coordinator, KVSP
        Appeals Coordinator, PBSP

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR-0602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

ONLY | Institution/Parole Region: | Log #: | Category:

FOR STAFF USE ONLY

AA2974

You may appeal any California Department ... Station (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084-1 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):

B. Action requested (If you need more space, use Section B of the CDCR 602-A):

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

SEP 1 1 2019

☐ No, I have not attached any supporting documents. Reason:

REC BY OOA

OCT 2 9 2019

Inmate/Parolee Signature: _____ Date Submitted: _____

☐ By placing my initials in this box, I waive my right to receive an interview.

C. First Level - Staff Use Only     Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes   ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____ Interview Location: _____

Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
Reviewer: _____ Title: _____ Signature: _____
Date received by AC: _____

Case 4:20-cv-02714-HSG    Document 1    Filed 04/20/20    Page 65 of 122

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**                                                                                                              Side 2
CDCR 602 (REV. 03/12)

**D.** If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator
for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____    Date Submitted : _____

Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes   ☐ No

**E.  Second Level - Staff Use Only**

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title,
interview date and location, and complete the section below.

Date of Interview: _____  Interview Location: _____

Your appeal issue is:  ☐ Granted    ☐ Granted in Part    ☐ Denied    ☐ Other: _____
                        See attached letter. If dissatisfied with Second Level response, complete Section F below.    Date completed : _____

Interviewer: _____  Title: _____  Signature: _____
                   (Print Name)

Reviewer: _____  Title: _____  Signature: _____
                 (Print Name)

Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant _____ / _____ / _____ |

**F.** If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level
Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and
Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____    Date Submitted: _____

**G.  Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)    Date: _____
☒ Accepted at the Third Level of Review. Your appeal issue is  ☐ Granted  ☐ Granted in Part  ☒ Denied  ☐ Other: _____
        See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant  SEP 1 6 2019 |

**H.  Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list
conditions.)

_____

_____

Inmate/Parolee Signature: _____    Date: _____

Print Staff Name: _____  Title: _____  Signature: _____    Date: _____

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR-0602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

PRED - A-18-02671   7

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRUJILLO, GUTIERREZ ERIK | M-27474 | FU-02-121 | N/A |

A. Continuation of CDCR 602, Section A only (Explain your issue):

REG BY OOA

OCT 29 2018

Inmate/Parolee Signature:                    Date Submitted:

B. Continuation of CDCR 602, Section B only (Action requested):

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____ Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____ Date Submitted: _____

3004.   Rights and Respect of Others.

(a) Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner. Employees and inmates may use first names in conversation with each other when it is mutually acceptable to both parties.

(b) Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence.

(c) Inmates, parolees and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap.

HISTORY:

1. Amendment filed 2-24-77; effective thirtieth day thereafter (Register 77, No. 9).

2

Attachment E-1

State of California

Department of Corrections and Rehabilitation

## Memorandum

Date :    NOV 2 1 2018

To :    TRUJILLO, AA2974
B2-129L
Pelican Bay State Prison

Subject:    STAFF COMPLAINT RESPONSE - APPEAL # PBSP-A-18-02677 SECOND LEVEL RESPONSE

APPEAL ISSUE: You allege that C. Case, Correctional Officer; C. Cena, Correctional Officer; D. Nelson, Correctional Officer; B. Calvin, Correctional Officer; T. Olney, Correctional Officer; and I. Mendez, Correctional Officer with control booth officers (John Doe), working in Facility B Unit B2 have been provoking and inciting violence upon you. You contend that anonymous inmate resources are being used to scream your name and other disrespectful comments in an effort to provoke you to violence. You allege that the officers listed in the appeal have made verbal threats toward you stating they want you dead, assaulted, and stabbed at Pelican Bay State Prison (PBSP). You further contend this is in retaliation for reporting serious misconduct by staff in the past and is an ongoing problem at PBSP.

All issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response. You do not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by you in this complaint. If you are unable to name all involved staff you may request assistance in establishing their identity.

DETERMINATION OF ISSUE: A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal is being processed as a Staff Complaint.

You were interviewed on October 8, 2018, by J. R. McBride, Correctional Lieutenant. During the interview, you reiterated information contained within the body of the appeal. You stated the contents of the appeal are accurate, and did not wish to add anything.

Your appeal is PARTIALLY GRANTED in that the Appeal Inquiry has been reviewed, and all issues were adequately addressed.

Staff: *did* ☐ *did not* ☒ violate CDCR policy with respect to one or more of the issues appealed.

Attachment E-1

Page 2

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: J. MCBRIDE          Sign: _____     Date: 10/19/18
        Interviewer

Print: JIM ROBERTSON       Sign: _____     Date: 10/23/18
        Hiring Authority

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 10/08)

## RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added the department language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.    CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| TRUJILLO | | 10 - 15 -18 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| TRUJILLO | | AA2974 | 10 · 15 -18 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| J. R. MCBRIDE | | 10/8/18 | |

DISTRIBUTION:
ORIGINAL –
Public – Institution Head/Parole Administrator
Inmate/Parolee – Attach to CDC form 602
Employee – Institution Head/Parole Administrator
COPY – Complainant

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION                        PELICAN BAY STATE PRISON
APPEALS EFFECTIVE COMMUNICATION CONFIRMATION

| INMATE NAME | CDCR NUMBER | HOUSING | APPEAL LOG# | TABE Score |
|---|---|---|---|---|
| TRUJILLO | AA2974 | Z-117L | PBSP-A-18-02674 | 1.8 |

**A.     DOES THE INMATE HAVE DISABILITIES OR COMMUNICATION ISSUES?**

1. ☒ Reads and comprehends without assistance (asked inmate or confirmed by past records).
2. ☐ No disabilities or effective communication needs found after review of DECS & TABE/Learning Disability lists.

*STOP!   IF ITEMS #1 AND #2 ARE BOTH CHECKED, GO TO SECTION B.  SIGN AND DATE.*

3. ☒ Identified with a disability or effective communication need (check all that apply):
☒ TABE 4.0 or lower, or no score         ☐ Hearing                ☐ Learning disability
☐ Requires reading/comprehension assistance   ☐ Vision               ☐ Developmental disability
☐ Foreign language speaking              ☐ Speech                ☐ EOP          ☐ CCCMS

**B.     APPEAL INTERVIEW**

1. How was assistance provided?  Check all that apply.
☒ Simple English spoken slowly & clearly   ☒ Inmate stated no need for EC assistance   ☐ Large print material used
☐ Read documents to inmate               ☐ Used text magnifier                      ☐ Lip reading
☐ Inmate was wearing hearing aid(s)       ☐ Sign language interpreter used; Name: _____
☐ Written notes used (notes attached)     ☐ Language interpreter used; Name: _____
☐ Other: _____

2. How was effective communication achieved?  Check all that apply.
☒ Inmate reiterated in his own words, what was explained.
☒ Inmate provided appropriate, substantive responses to questions asked.
☒ Inmate asked appropriate questions regarding the information provided.
☐ Inmate did not appear to understand the communication, even though the primary method of communication was used.
☐ Other: _____

| J. R. MCBRIDE, LT. | *[signature]* oS | 10/8/18 |
|---|---|---|
| Printed Name & Title | Signature | Date |

*STOP!  DO NOT FILL OUT SECTION C OR D UNLESS PROVIDING ASSISTANCE
WITH COMPLETED RESPONSE AS DIRECTED BY THE APPEALS OFFICE*

**C.     APPEAL RESPONSE - FIRST LEVEL**

1. How was assistance provided?
☐ Effective communication assistance was provided as identified in Section B, #1 of this form.
2. How was effective communication achieved?
☐ Effective communication assistance was provided as identified in Section B, #2 of this form.
Additional Comments:

| | | |
|---|---|---|
| Printed Name & Title | Signature | Date |

**D.     APPEAL RESPONSE - SECOND LEVEL**

1. How was assistance provided?
☐ Effective communication assistance was provided as identified in Section B, #1 of this form.
2. How was effective communication achieved?
☐ Effective communication assistance was provided as identified in Section B, #2 of this form.
Additional Comments:

| | | |
|---|---|---|
| Printed Name & Title | Signature | Date |

EXHIBIT D

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## THIRD LEVEL APPEAL DECISION

Date:  OCT 0 2 2019

In re:  Guillermo Truillo, AA2974
North Kern State Prison
P.O. Box 567
Delano, CA 93215-0567

TLR Case No.: 1908470          Local Log No.: PBSP-19-01924

This matter was reviewed on behalf of the Secretary of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Knight, Captain. All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT: It is the appellant's position that his appeal log number Pelican Bay State Prison (PBSP)-19-00275 / Third Level of Review (TLR) log number 1901924 was inappropriately cancelled at the TLR. The appellant alleges that he was never contacted at San Quentin State Prison regarding Investigative Services Unit (ISU) Correctional Sergeant (Sgt.) Anderson wanting to conduct a telephone interview. The appellant contends that Sgt. Anderson used this alibi and false statements that the appellant refused to participate in the telephonic interview the same day for three different appeals. The appellant asserts this action was taken in bad faith so he would not be able to exhaust administrative remedies. The appellant request for Sgt. Anderson to stop making false allegations that the appellant refused to participate in a telephone investigation interview and for his CDC Form 602, Inmate/Parolee Appeal Form to be bypassed.

II   EXAMINER'S DECISION:  The Office of Appeals (OOA) Examiner found the appellant refused to be interviewed regarding his filed appeal. On February 2, 2019, due to the appellant's out-to-court status and housing at San Quentin State Prison, Pelican Bay State Prison ISU Sgt. J. Anderson attempted to interview the appellant telephonically. However, the appellant refused to participate in the telephonic interview. Based upon the aforementioned the appellant's appeal was cancelled at the TLR.

III  THIRD LEVEL DECISION:  Appeal is denied.

A.  FINDINGS: The TLR analyzed the issues of the appellant's appeal and reaffirms the OOA Examiners conclusions as addressed within the appellant's cancelled appeal. The appellant has not submitted evidence or documentation to support his contention that he was not informed of or refused to participate in an appeal investigation interview with Sgt. Anderson. The appellant's refusal to participate in the appeal investigation interview was documented on a CDC Form 128-B, General Chrono authored by Correctional Officer B. Diggle. The TLR notes the action taken by the OOA Examiner was appropriate. Relief at the TLR is not warranted.

The appellant has added new issues and requests to the appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

B.  BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3000, 3000.5, 3001, 3002, 3004, 3005, 3022, 3084, 3084.1, 3084.2, 3084.3, 3084.4, 3084.5, 3084.6, 3084.7, 3084.8, 3084.9, 3190, 3193, 3270, 3271, 3380, 3391

C.  ORDER: No changes or modifications are required by the institution.

GUILLERMO TRUILLO, AA2974
CASE NO. 1908470
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

J. KNIGHT, Appeals Examiner
Office of Appeals

cc:     Warden, NKSP
        Appeals Coordinator, NKSP
        Appeals Coordinator, PBSP

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

190847D

AA2974

OOA-19-01924    10

*FOR STAFF USE ONLY*

You may _____ _____ Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which ____ ____ ____ other prescribed method of departmental review/remedy available.  See California Code of Regulations (CCR), Title 15, Section 3084 1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, *only* one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRUJILLO GUILLERMO CRUZ | *AA-2974 | B4-223 | N/A |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): *REJECTION,*
*CANCELLATION, AND WITHDRAWAL CRITERIA.*

A.  Explain your issue (if you need more space, use Section A of the CDCR 602-A): *ON THE ABOVE*
*DATE: JUNE-12-2019 CHIEF OFFICE OF APPEALS T. RAMOS CANCELLED*
*APPEAL LOG #P.B.S.P-19-00275. TLR CASE NUMBER #190/924 BECAUSE IT*
*WAS STATED THAT I APPELLANT REFUSED TO PARTICIPATE WITH SGT.*

B.  Action requested (if you need more space, use Section B of the CDCR 602-A): *I WOULD LIKE FOR*
*SGT. J. ANDERSON TO STOP MAKING FALSE ALLEGATIONS THAT I APPELLANT*
*REFUSED TO PARTICIPATE IN THE TELEPHONIC INVESTIGATION INTERVIEW*
*AND CORRECT HIMSELF FROM COVERING UP OFFICER KUMAR'S.*

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____

_____

☐ No, I have not attached any supporting documents. Reason: _____

_____

Inmate/Parolee Signature: _____ Date Submitted: 07-08-19

☐ By placing my initials in this box, I waive my right to receive an interview.

REC BY OOA

JUL 15 2019

C.  First Level - Staff Use Only                    Staff – Check One:  Is CDCR 602-A Attached?   ☐ Yes   ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
          Date of Interview: _____ Interview Location: _____
Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
          See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
          (Print Name)

Reviewer: _____ Title: _____ Signature: _____
          (Print Name)

Date received by AC: _____

| AC Use Only |
|---|

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A   (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|
| 1908470 | | | | |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed.   Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First) | CDC Number | Unit/Cell Number | Assignment |
|---|---|---|---|
| TRUJILLO GUILLERMO CRUZ | AA-2974 | B4-223 | N/A? |

A.  Continuation of CDCR 602, Section A only (Explain your issue): J. ANDERSON TELEPHONIC
INTERVIEW INVESTIGATION ON FEBRUARY-02-2019, WHILED HOUSED AT
SAN QUENTIN STATE PRISON FOR-OUT-TO-COURT PROCEEDINGS. THESE
ARE ALL FALSE ALLEGATION'S MADE BY BOTH SGT. J. ANDERSON AND J.
RAMOS BECAUSE I WAS NEVER INFORM BY PRISON OFFICIALS AT SAN
QUENTIN THAT I APPELLANT HAD A TELEPHONIC INTERVIEW WITH P.O.S.P
INVESTIGATION SERVICES SGT. J. ANDERSON AS STATED IN THE CANCELLATION
DECISION RESPONSE. I BELIEVE SGT. J. ANDERSON USED THIS ALIES AND
FALSE STATEMENTS THAT I APPELLANT REFUSED TO PARTICIPATE IN THE
TELEPHONIC INTERVIEW THE SAME DAY THREE TIMES. SEE ALSO APPEAL
LOG. NO # P.O.S.P-19-00272, 7LR CASE NUMBER #1901943 AS PROOF TO
SGT. J. ANDERSON'S LIES, TO COVER OFFICER NUMBER'S UNLAWFULL
MISCONDUCT AND HAVE APPEAL CANCELLED IN BAD FAITH TO NOT
BE ABLE TO EXHAUST ADMINISTRATIVE REMEDIES.

REC BY OOA

JUL 15 2019

Inmate/Parolee Signature: _____   Date Submitted: 07-08-19

B.  Continuation of CDCR 602, Section B only (Action requested): UNLAWFULL MISCONDUCT. I WOULD ALSO
LIKE 602 APPEAL BYPASS.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

Date:    JUN 11 2019

In re:    Guillermo Truillo, AA2974
North Kern State Prison
P.O. Box 567
Delano, CA 93216-0567

TLR CASE NUMBER:    1901924
LOCAL LOG NO.:    PBSP-19-00275

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner M. Hodges, Captain.

This appeal is being canceled in accordance with California Code of Regulations, Section 3084.6, Rejection, Cancellation, and Withdrawal Criteria. The appellant refused to be interviewed or cooperate.

On February 2, 2019, due to the appellant's out-to-court status and housing at San Quentin State Prison, Pelican Bay State Prison Investigative Services Unit Correctional Sergeant J. Anderson attempted to interview the appellant telephonically. However, the appellant refused to participate in the telephonic interview.

Pursuant to CCR 3084.6(e), once an appeal has been cancelled, the appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal of the cancellation is granted.

T. RAMOS, Chief (A)
Office of Appeals

cc:    Warden, NKSP
Appeals Coordinator, NKSP
Appeals Coordinator, PBSP

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR-0602 [REV. 03/12]

DEPARTMENT OF CORRECTIONS AND REHABILITATION

_Abbed after initial allegation was received and processed_    Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

PBSP -0-19-00275

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRUJILLO, GUILLERMO CRUZ | AA-2974 | FA-AG-115 | N/A |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

DELAYED OR LOST OR APPEAL.

A. Explain your issue (if you need more space, use Section A of the CDCR 602-A): ON JUNE 19, 2018
I SUBMITTED A 602 GRIEVANCE AGAINST OFFICER KUMBAT. ON JAN 13, 2017
SUBMITED A ~~GRIEVANCE~~ C.D.C.R FORM 22 (602) TO OBTAIN A RESPONSE
TO THE ORIGINAL DELAYED, LOST, OR DESTROYED 602 GRIEVANCE. ON JAN 15,

B. Action requested (if you need more space, use Section B of the CDCR 602-A): I WOULD LIKE TO
HAVE THIS 602 GRIEVANCE COMPLAINT UNDER INVESTIGATION BY THE OFFICE
OF INSPECTOR GENERAL, AND CRIMINAL CHARGES AGAINST HER FOR
HER UNPLEASANT TOUCHING (BATTERY) WITHOUT MY CONSENT. I WOULD ALSO

Supporting Documents: Refer to CCR 3084.3.
☒ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

C.D.C.R FORM 22 (602) DATED:
JAN 13, 2019                                    JAN 3 0 2019

☐ No, I have not attached any supporting documents. Reason ___ JAN 3 0 2019

Inmate/Parolee Signature: _____    Date Submitted: 01-17-2019
☐ By placing my initials in this box, I waive my right to receive an interview.

Pelican Bay State Prison

JAN 3 0 2019
Appeals Office

REC BY OOA
JUL 1 5 2019

REC BY OOA
MAR 11 2019

C. First Level - Staff Use Only                    Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes   ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
                (Print Name)
Reviewer: _____ Title: _____ Signature: _____
           (Print Name)
Date received by AC: _____

| | AC Use Only |
|---|---|

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR-0602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| 190/9?4 | PBSP -019-00275 | | |
| | FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): TRUJILLO, GUILLERMO ? | CDC Number: AA 2974 | Unit/Cell Number: FA-AG-115 | Assignment: N/A |
|---|---|---|---|

A. Continuation of CDCR 602, Section A only (Explain your issue): 2019 K.ROYAL C.C.II REQUESTED

_that I be more specific as to what animal I am inquiring about_

_or provide a log # for tracking down purposes. therefore since_

_the inmates appeal office did not respond back to log complaint_

_within it's thirty(30) day calendar, nor provide me with a log #_

_complaint. log # for tracking down purposes would like to give a rundown_

_about what the actual log complaint was about. on June 19, 2018, while_

_housed at P.B.S.P. facility A yard, building four officer's Kumbat_

_electronically open cell# 115 in an inspection or personal property due_

_to housing transfer per out-to-court proceedings on case # B012469._

_when sure officer's Kumbat unfang uparchin assigned cell# searcher minimized_

_me. once I started packing up personal property she Kumbat then battered_

_me with an offensive and intentional touching to my genital area with_

_out my consent. during the idle inventory of personal property she_

_Kumbat was standing inside of a state locker next to the employee's_

_restroom when she started to call me over to her and sexually huniliating_

_me by telling me to get close to her to use officer key to knee me in_

_between my legs to see how hard I am in between on legs. across this A.M._

_she stated fomenting rumors that I consent with her and that I personally_

_touched her._

Inmate/Parolee Signature: _[signature]_   Date Submitted: 01-17-2019

B. Continuation of CDCR 602, Section B only (Action requested): _Like to conduct a polygraph examination against_

_her if she denies all allegations made against her and state that an investigation_

_criminal charges against her per: title 15 section 3293(A)(B) polygraph examination._

Inmate/Parolee Signature: _[signature]_

Pellcan Bay State Prison

JAN 2 9 20??

Appeals Office

RECD BY OOA

MAR 1 1 2019

JAN 3 0 2019

State of California

Attachment E-1
Department of Corrections and Rehabilitation

# Memorandum

Date  :   February 8, 2018

To  :    TRUILLO, GUILLERMO , # AA2974
Z02001A1-104001L, Kern Valley State Prison

Subject:   STAFF COMPLAINT RESPONSE - APPEAL # PBSP-O-19-00275 *SECOND* LEVEL RESPONSE
PREA Log number assigned PBSP-PREA-19-02-005

### APPEAL ISSUE:

TRUILLO submitted a CDCR 22 Form to appeals wherein TRUILLO claimed he submitted a CDCR 602 on June 19, 2018 relative to being touched in the genitals by female staff.  The CDCR 22 Form was received on the day TRUILLO left PBSP on "out to court" status.

All issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response.  You do not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by you in this complaint.  If you are unable to name all involved staff you may request assistance in establishing their identity.

### DETERMINATION OF ISSUE:

A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal is:
➢  The allegations are being investigated per Prison Rape Elimination Act (PREA) policy.

Your appeal is PARTIALLY GRANTED in that:
➢  TRUILLO's appeal has been referred by the hiring authority to a trained investigator to determine whether the evidence warrants an investigation.  After the determination has been made, your complaint will be processed accordingly and you will be notified of the outcome.

An attempt was made to interview TRUILLO telephonically on Saturday, February 2, 2019 by Investigative Services Unit (ISU) Officer B. Diggle while you were housed at San Quentin State Prison.  TRUILLO refused to participate in the telephonic interview (see 128B dated 2/2/2019) authored by Officer B. Diggle.

TRUILLO AA2974                                                                Attachment E-1

Page 2

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.  A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.


Print: J. Anderson, Sergeant, ISU    Sign: _____    Date: 2/8/2019
Interviewer

Print: Bell CDW    Sign: _____    Date: 2/8/19
Reviewing Authority

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

1901924

AA2974

| | TAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|

PBSP-0-19-00275
FOR STAFF USE ONLY

You may appeal any ~~~ ~~~ ctions and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Tyrillo | AA2974 | | N/A |

Pelican Bay State Prison
To HH or SHU
Arcenta Mont

REC BY OOA
JUL 15 2019

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

FEB 06 2019

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):

FEB 06 2019

B. Action requested (If you need more space, use Section B of the CDCR 602-A):

FEB 06 2019

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

FEB 06 2019          FEB 06 2019

☐ No, I have not attached any supporting documents. Reason FEB 06 2019

REC BY OOA
MAR 11 2019

Inmate/Parolee Signature: _____ Date Submitted: _____
☐ By placing my initials in this box, I waive my right to receive an interview.

C. First Level - Staff Use Only                    Staff - Check One: Is CDCR 602-A Attached? ☐ Yes ☒ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.
   Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

BYPASS

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
   Date of Interview: _____ Interview Location: _____
Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: _____
   See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
            (Print Name)
Reviewer: _____ Title: _____ Signature: _____
         (Print Name)
Date received by AC: _____

AC Use Only

STATE OF CALIFORNIA

INMATE/PAROLEE APPEAL

CDCR 602 (REV. 03/12)                                                                                     Side 2

**D.** If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

BYPASS

Inmate/Parolee Signature: _____        Date Submitted : _____

---

**E. Second Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☒ No

This appeal has been:

☒ By-passed at Second Level of Review. Go to Section G.

☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____

☐ Cancelled (See attached letter)

☐ Accepted at the Second Level of Review

Assigned to: _____ISU_____ Title: _____ Date Assigned: 2/6/19 Date Due: 2/13/19

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: 2/2/19        Interview Location: Facility 2 SA  REFSD SEE 128B

Your appeal issue is: ☐ Granted  ☒ Granted in Part  ☐ Denied  ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: J. HOPPER        Title: SgT        Signature: _____  Date completed 2/2/19
(Print Name)

Reviewer: BELL        Title: RDW        Signature: _____
(Print Name)

Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant ___/___/___

---

**F.** If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

ACCORDING TO OFFICER JICCLE THIS 602 APPEAL WAS PARTIALLY GRANTED WITH NO ACTION TAKEN TO REPRIMAND OR CORRECT THE PROBLEM, THEREFORE RESUBMIT THE 602 APPEAL FOR FURTHER REVIEW AND CORRECT OFFICER HUMDAT UNLAWFUL ACTIONS UNAPPROPRIATE TOUCHING WITH OUT MY CONSENT VIOLATION OF C.D.C.R POLICY TITLE 15 3401.5 (a)(f)(g) STAFF SEXUAL MISCONDUCT. THEREFORE VOID EXU TO OBTAIN BETTER REMEDIES.

Inmate/Parolee Signature: _____        Date Submitted: _____

---

**G. Third Level - Staff Use Only**

This appeal has been:

☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____

☒ Cancelled (See attached letter)  Date: _____

☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____

See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant   JUN 2 8 2019

---

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature: _____        Date: _____

Print Staff Name: _____  Title: _____  Signature: _____        Date: _____

82

STATE OF CALIFORNIA
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 11/04)

CS./

## RIGHTS AND RESPONSIBILITY STATEMENT

The California Department of Corrections and Rehabilitation has added the department language shown inside brackets, in non-boldface type, for clarification purposes.

Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departments peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| SHELLDON WHITFIELD | [signature] | AA-2074 | 03-02-19 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL –
Public – Institution Head/Parole Administrator
Inmate/Parolee – Attach to CDC form 602
Employee – Institution Head/Parole Administrator
COPY - Complainant

STATE OF CALIFORNIA                                                                  DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (PRINT): (LAST NAME) (FIRST NAME) | | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| TREUJILLO, GUILLERMO CRUZ | | #AA·2974 | |
| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM  N  ½ A | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC): |
| FA-AL-115 | N/A | | POLYGRAPH EXAMINATION |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

I WOULD LIKE TO CONDUCT A POLYGRAPH EXAMINATION AGAINST C/O KUMBAT REGARDING TO HER SEXUAL
HARASSMENT AND FOMENTING OF RUMORS BY HER APPROVAL THAT I CAME TO AN AGREEMENT WITH HER
TO TOUCH EACH OTHER, WHICH ARE ALL LIES AND FALSE ACCUSATIONS BY OFFICER KUMBAT, THIS TYPE
OF MISCONDUCT SHALL NOT BE TOLERATED OR PERMITTED AT ANY POINT AND TIME, THIS POLYGRAPH
EXAMINATION SHALL BE CONDUCTED UNDER INVESTIGATION MATTERS AGAINST C/O KUMBAT PER:
TITLE 15 3293 (A)(B) POLYGRAPH EXAMINATION. SEE ATTACHED C.D.C.R FORM 22 (10/09) DATED:
JAN·13·2019.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX.) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☒ SENT THROUGH MAIL; ADDRESSED TO:  I.S.U (STAFF)                                 DATE MAILED: 01,23,19
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE)

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| | | | (CIRCLE ONE)    YES    NO |
| IF FORWARDED - TO WHOM: | | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
| INVESTIGATION SERVICES UNIT (STAFF) | | 01-23-19 | (CIRCLE ONE): IN PERSON  BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL.  KEEP FINAL CANARY
COPY.

| SIGNATURE: | | DATE SUBMITTED: | |
|---|---|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Distribution: Original - Return to Inmate/Parolee;  Canary - Inmate/Parolee's 2nd Copy;  Pink - Staff Members Copy;  Goldenrod - Inmate/Parolee's 1st Copy.

2

STATE OF CALIFORNIA
INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (PRINT) (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| TRUJILLO; GUILLERMO CRUZ | | AA·2974 | |

| HOUSING SEG NUMBER: | ASSIGNMENT: | HOURS FROM: N Y/A | FORM (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| FA-AG-115 | N/A | | DELAYED OR LOST OF APPEAL |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW

ON THE ADOVE DATE (JUNE·17·2017, was ~~appellant~~ SUBMITTED 602 GRIEVANCE AGAINST C/O KUMBIT REGARDING TO HER FOMENTING RUMORS OR TOUCHING ~~y~~ GENITIALS (PENIS) DURING AN INMATE PAYMENTY INVENTORY FOR OUT·TO·COURT PROCEEDINGS ON CASE NO # 3F-1355·UA. THIS 602 WAS SUBMITTED ON JUNE·17·2017, BUT HAVE NOT RECEIVED A RESPONSE BACK ON THAT PARTICULAR 6·2 IT'S BEEN OVER TWNTHY 30 CALENDAR DAYS. VIOLATION OF C.D.C.R. POLICY PER TITTLE 15 SECTION 3084.8 (E)(1)(2)(A/S) APPEAL TIME LIMITS, THEREFORE WOULD LIKE FOR THE INMATE APPEALS OFFICE TO TRACK DOWN THE DELAYED OR LOST OF APPEAL

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

[X] SENT THROUGH MAIL: ADDRESSED TO: INMATE APPEALS OFFICE AT (P.B.S.P)      DATE MAILED: 01/13/19
[ ] DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE)

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF?  (CIRCLE ONE: YES NO) |
|---|---|---|---|
| IF FORWARDED – TO WHICH: INMATE APPEALS OFFICE AT (P.B.S.P) | | DATE DELIVERED/MAILED: 01-13-19 | METHOD OF DELIVERY: (CIRCLE ONE: IN PERSON BY US MAIL) |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| K. Royal, CCII | 1-15·18 | | 1-15-19 |

Tom would need to be more specific as to what appeal log # you are referring to.

Pelican Bay State Prison

JAN 3 0 2019

Appeals Office

ASU 2. 159

3

## INMATE APPEAL ROUTE SLIP

To: ISU                                     Date: February 11, 2019

From: INMATE APPEALS OFFICE

Re: Appeal Log Number PBSP-O-19-00275 By Inmate TRUILLO, AA2974

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue: STAFF COMPLAINTS
Due Date: 03/14/2019
Special Needs: CCCMS - TRIPLE CMS, E. C. REQUIRED

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.

☐   K. Royal, Appeals Coordinator
☐   D. Landay, SSA
☐   T. Buchanan, SCR LT.
☐   I. DeWitt
Appeals Coordinator
PBSP Appeals Office

EXHIBIT E

STATE of CALIFORNIA

**OIG** | OFFICE of the
INSPECTOR GENERAL

*Roy W. Wesley, Inspector General*
*Bryan B. Beyer, Chief Deputy Inspector General*

**Independent Prison Oversight**

September 23, 2019

*Regional Offices*
*Sacramento*
*Bakersfield*
*Rancho Cucamonga*

Guillermo Trujillo, AA2974
Deuel Vocational Institution
P.O. Box 600
Tracy, CA 95378-0600

Dear Guillermo Trujillo,

The Office of the Inspector General (OIG) received your correspondence on November 19 and December 3, 2018. We also received correspondence from you on April 8 and June 10, 2019. We have conducted a review into the issues you raised. Based on our review of your complaint, we determined that no further intervention is warranted by our office at this time. We apologize for our delay in responding to your correspondence.

When conducting our reviews, we document and review the alleged activity, review applicable policies and procedures, and request additional documentation from the California Department of Corrections and Rehabilitation (CDCR), as needed. Our reviews may also require us to request an inmate appeals tracking system report from the department to ensure that inmates have access to formal administrative remedies.

We also attempt to determine if you have attempted to obtain resolution to your complaint by filing a CDCR Form 22, Inmate/Parolee Request for Interview, Item or Service or CDCR 1824, Request for Reasonable Accommodation. If your request was unsuccessful, we encourage you to utilize your available administrative grievance remedies by filing a CDCR 602, Inmate/Parolee Appeal form. You should continue the administrative grievance process until you have received a final decision by the CDCR's third level of review. If you have received a response by the third level of review and believe the department failed to appropriately address your concerns, you may choose to resubmit your complaint to our office and include the reasons why the department's response was inappropriate.

The OIG is an independent State of California government agency established by law. Our primary responsibility is the independent oversight of California's youth and adult correctional agencies, including the CDCR, the Board of Parole Hearings, and the Prison Industry Authority. As part of our statutory mandates, the OIG oversees the internal affairs investigations and employee disciplinary process of the CDCR, monitors CDCR's use-of-force review process, and conducts reviews of the department's policies, practices, and procedures. The OIG is not an investigative agency and does not conduct independent investigations, provide legal advice, or pursue legal actions on behalf of inmates.

If you have safety concerns you should notify staff immediately.

Thank you for bringing your concerns to our attention.

INTAKE AND REVIEW UNIT
Office of the Inspector General
ML : 18-0027942-PI

*Gavin Newsom, Governor*

10111 Old Placerville Road, Suite 110    

EXHIBIT F

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 91283-0001

**THIRD LEVEL APPEAL DECISION** Scanned at CDCR and E-Mailed

Date:    JUN 1 3 2019

on _____7/26/19_____ by ____JK____

(date)          (initials)

Number of pages scanned: 7|

In re:   Guillermo Trujillo, AA2974
North Kern State Prison
P.O. Box 567
Delano, CA  93216-0567

TLR Case No.: 1901944        Local Log No.: PBSP-19-00278

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner M. Hodges, Captain.  All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT:  It is the appellant's position that on January 19, 2019, Correctional Officer. (CO) Gutierrez conducted a clothed body search on him and inappropriately "cupped my genitals grasping at them causing pain then ran his right hand palm in between my buttocks skipping his fingers in between my two buttocheeks to offend and humiliate my dignity." CO Gutierrez then made unprofessional statements that "he never felt anything in between my legs" and that the "clothed search was done for the white girls female staff for writing them up on employee sexual harassment and the (indecipherable) of me exposing my genitals to his female coworkers."

The appellant requests an Internal Affairs investigation

II    SECOND LEVEL'S DECISION:   The reviewer found no basis to grant the appeal.  A review of the allegation of staff misconduct presented in the written complaint was completed and based upon this review the appellant's appeal was referred for an allegation investigation.  The appeal was partially granted in that the appeal has been referred by the hiring authority to a trained investigator to determine whether the evidence warrants an investigation.  After the determination has been made, the appellant's complaint will be processed accordingly and he will be notified of the outcome.

III  THIRD LEVEL DECISION:  Appeal is denied.

A.   FINDINGS:  It is noted that although Section "B" of this appeal is labeled, "Action requested...." the appellant inappropriately continued his written argument from Section "A" into Section "B."  The information provided in Section "A" of the CDC Form 602, Inmate/Parolee Appeal Form is considered an explanation of the issue.

Upon review of the documentation submitted, it was determined at the Third Level of Review (TLR) that the appellant's allegation was appropriately reviewed and evaluated by administrative staff.  All staff personnel matters are confidential in nature and will not be disclosed to other staff, the general public, the inmate population, or the appellant.  If the conduct of staff was determined to not be in compliance with policy, the institution will take the appropriate course of action.  In this case, the Second Level of Review informed the appellant that an allegation inquiry by the Investigative Services Unit is pending. While the appellant has the right to submit an appeal as a staff complaint, requests for: administrative action regarding staff; the placement of documentation in a staff member's personnel file; to reprimand staff; to remove staff from a position; and/or requests for monetary compensation, are beyond the scope of the appeals process.  Contact with the Pelican Bay State Prison (PBSP) Investigative Services Unit staff provided information that the allegation inquiry is pending.  No relief is warranted at the TLR.

The appellant has added new issues and requests to the appeal.  The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

B.   BASIS FOR THE DECISION:
California Penal Code Section: 832.7, 832.8

GUILLERMO TRUILLO, AA2974
CASE NO. 1901944
PAGE 2

California Code of Regulations, Title 15, Section: 3004, 3084.1, 3391
CDCR Operations Manual, Section: 54100.4

C.  ORDER: No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

M. HODGES, Appeals Examiner
Office of Appeals

cc:    Warden, NKSP
        Appeals Coordinator, NKSP
        Appeals Coordinator, PBSP

T. RAMOS, Chief (A)
Office of Appeals

Scanned at CDCR and E-Mailed
on __7/26/19__ by __T. IC__
        (date)           (initials)
Number of pages scanned: 71

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR-0602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

1901944

AA2974

**PBSP** A-19-00278  Category (7)

Institution/Parole Region:    Log #:    Category

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations (CCR), Title 15, Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal.  If additional space is needed, *only* one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): _TRUJILLO, GUILLERMO CRUZ_    CDC Number: _AA2974_    Unit/Cell Number: _FA-A6-115_    Assignment: _N/A_

Pelican Bay State Prison
JAN 31 2019
Appeals Office
TO HA for SC Review
Process'g as Alleged ID
( )

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): _ON THE ABOVE DATE:_
_01-19-19, C/O GUTIERREZ was MALISIOUS MAKING FREELY A YARD, YARD RELEASE_
_WHEN HE SAW C/O GUTIERREZ, UNPLEASANT, OFFENSIVE, AND INTENTIONALLY_
_TOUCHED ME WITHOUT MY CONSENT by USING THE ALIAS THAT WAS UNPLEASANT_

B. Action requested (If you need more space, use Section B of the CDCR 602-A): _I would like to_
_conduct and internal affairs investigation against embarrassing sexual_
_reference, and press criminal charges against, and a maximum_
_examination without him under investigation MONITORS, and he also being_

Supporting Documents:  Refer to CCR 3084.3.
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
_C.D.C.R 22 FORM (10/09) DATED:_
_JAN-31-2019_

JAN 3 1 2019
JAN 3 1 2019

( )
(1)
(2)

☐ No, I have not attached any supporting documents. Reason: JAN 3 1 2019

(3)
(4)

**REC BY OOA**
(5)
MAR 11 2019

Inmate/Parolee Signature: _[signature]_    Date Submitted: _01-19-2019_

☐ By placing my initials in this box, I waive my right to receive an interview.

C. First Level - Staff Use Only    Staff – Check One:  Is CDCR 602-A Attached?  ☒ Yes  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review.  Go to Section E.
☒ Rejected (See attached letter for instruction)  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.
Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder:  Complete a First Level response.  Include Interviewer name, title, interview date, location, and complete the section below.
Date of Interview: _____  Interview Location: _____

Scanned at CDCR and E-Mailed

Your appeal is is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
See attached letter.  If dissatisfied with First Level response, complete Section D.

on _7/26/19_ by _J.K_

Interviewer: _____ (Print Name)  Title: _____  Signature: _____

(date)t completed: (initials)

Reviewer: _____ (Print Name)  Title: _____  Signature: _____

Number of pages scanned: 7|

Date received by AC: _____

AC Use Only

INMATE/PAROLEE APPEAL
CDCR-0602 (REV. 03-12)    Case 4:20-cv-02714-HSG    Document 1    Filed 04/20/20    Page 85 of 122    Side 2

D. If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.  If you need more space, use Section D of the CDCR 602-A.

BYPASS

Inmate/Parolee Signature: _____    Date Submitted : _____

**E. Second Level - Staff Use Only**    Staff – Check One:  Is CDCR 602-A Attached?  ☒Yes   ☐No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review
Assigned to: _____ISU_____    Title: _____    Date Assigned: 1-6-19    Date Due: 2-13-19

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.    REFUSED SEE 1288 /A
Date of Interview: 2-7-19    Interview Location: Telephonic

Your appeal issue is:  ☐ Granted  ☒ Granted In Part  ☐ Denied  ☐ Other: _____
See attached letter. If dissatisfied with Second Level response, complete Section F below.
Interviewer: J. ANDERSON    Title: SLT    Signature: _____    Date completed: 2/2/19
Reviewer: _____    Title: CDW    Signature: _____    2/11/2019
Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant ___/___/___

F. If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

I AM DISSATISFIED WITH THE SECOND LEVEL RESPONSE BECAUSE THERE HAS NOT BEEN ANY APPROPRIATE ACTION TO OFFICER GUTIERREZ UNNAPPROPRIATE TOUCHING. THERE FORE I WOULD LIKE TO PLACE THIS 602 APPEAL UNDER INVESTIGATION WITH THE OFFICE OF INSPECTOR GENERAL AND OBTAIN BETTER REMEDIES.

Inmate/Parolee Signature: _____    Date Submitted: _____

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☒ Accepted at the Third Level of Review.  Your appeal issue is  ☐ Granted  ☐ Granted In Part  ☒ Denied  ☐ Other: _____
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant   JUN 2 0 2019

H. Request to Withdraw Appeal:  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____
_____

Inmate/Parolee Signature: _____    Date: _____
Print Staff Name: _____    Title: _____    Signature: _____    Date: _____

1E

| STATE OF CALIFORNIA INMATE/PAROLEE APPEAL FORM ATTACHMENT CDCR-0602-A (REV. 03/12) | | 3 2 | DEPARTMENT OF CORRECTIONS AND REHABILITATION | Side 1 |
|---|---|---|---|---|
| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |

PBSP A-19-00378

*FOR STAFF USE ONLY*

*1901944*

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): TRUJILLO, GUILLERMO CRUZ | CDC Number: #AA-2974 | Unit/Cell Number: FA-A6-115 | Assignment: N/A |
|---|---|---|---|

Pelican Bay State Prison

JAN 3 1 2019

Appeals Office

A. Continuation of CDCR 602, Section A only (Explain your issue): *[handwritten text, largely illegible]* TOUCHING OF CLOTHED SCROTUM WAS DONE RETALIATORY SUPERVISION INTO OR OUT OF HIGH SECURE RISK AREAS. OFFICER GUTIERREZ, INSERT HIS RIGHT HAND WHILE ONLY WEARING STATE BOXER SHORT AND ISSUE STATE T-SHIRT IN BETWEEN MY LEGS INTO THE CAVITY AND REMOVED UNDER AND AROUND WHILE HE RIPPED MY GENITALS GRASPING AT THEM CAUSING MY PAIN AND THEN RAN HIS RIGHT HAND FROM IN BETWEEN MY BUTTOCKS — HUMILIATE HIS FINGERS IN BETWEEN MY TWO BUTTCHEEKS TO OFFEND — LOWERING MY DIGNITY. AFTER OFFICER GUTIERREZ FINISH CONDUCTING HIS CLOTHED INSPECTION SEARCH HE STARTED MAKING UNPROFESSIONAL STATEMENTS THAT HE NEVER FELT ANY THING IN BETWEEN MY LEGS. I BELIEVE THESE STATEMENTS BY OFFICER GUTIERREZ WAS DONE WITH THE INTENTION TO EMBARRASS ME BUT THAT I DON'T HAVE ANY GENITALS WHAT SO EVER. HE ALSO MADE THE FOLLOWING STATEMENTS THAT THE CLOTHED SEARCH WAS DONE FOR THE WHITE GIRLS FEMALE STAFF, FOR WRITING THEM UP ON THE GROUNDS OF COMPLAINTS SEXUAL HARASSMENT AND THE EXPOSING MY GENITALS TO HIS FEMALE COWORKERS. VIOLATION OF D.C.R POLICY, PWN TITLE 15 SECTION 3287 BODY PROPERTY AND BODY INSPECTIONS AND THE VIOLATION OF MY FOURTH AMENDMENT RIGHTS UNAPPROPRIATE SEARCH AND SEIZURE. THIS BEING THE A BATTERY ON AN INMATE AS OFFENSIVE AND INTENTIONAL TOUCHING WITHOUT THE VICTIMS CONSENT.

JAN 3 1 2019

Inmate/Parolee Signature: *[signature]*          Date Submitted: 01-19-2019

REC BY OOA

MAR 1 1 2019

B. Continuation of CDCR 602, Section B only (Action requested): OF ALL ALLEGATIONS MADE AGAINST HIM. THIS POLYGRAPH EXAMINATION SHALL AND BE USED AS AN ALTERNATIVE TO DETERMINE A PERSONS GUILTY OR INNOCENT OF CHARGE IN DISCIPLINARY MATTERS. BUT IN CONTRARY TO SEE IF HE MEETS HIS VALUES AS A CORRECTIONAL OFFICER AND HIS TRUTHFUL STATEMENTS OF HONESTY. TITLE 15 SECTION 3283(A)(B). POLYGRAPH EXAMINATION.   JAN 3 1 2019

Scanned at CDCR and E-Mailed on 7/26/19 by ꓤ.ꓘ.
(date)     (initials)
Number of pages scanned: 7/

Inmate/Parolee Signature: *[signature]*          Date Submitted: 01-19-2019

Attachment E-1
Department of Corrections and Rehabilitation

State of California

## Memorandum

Date : February 8, 2018

To : TRUILLO, GUILLERMO , # AA2974
Z02001A1-104001L, Kern Valley State Prison

Subject: STAFF COMPLAINT RESPONSE - APPEAL # PBSP-A-19-00278 *SECOND* LEVEL RESPONSE
PREA Log number assigned PBSP-PREA-19-02-008

APPEAL ISSUE:
TRUILLO submitted a CDCR 602 Form to appeals wherein TRUILLO alleged staff inappropriately touched his genitals and buttocks during a clothed body search. TRUILLO further alleged that the staff member made inappropriate comments concerning TRUILLO's genitals.

All issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response. You do not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by you in this complaint. If you are unable to name all involved staff you may request assistance in establishing their identity.

DETERMINATION OF ISSUE:
A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal is:
➢ The allegations are being investigated per Prison Rape Elimination Act (PREA) policy.

Your appeal is PARTIALLY GRANTED in that:
➢ TRUILLO's appeal has been referred by the hiring authority to a trained investigator to determine whether the evidence warrants an investigation. After the determination has been made, your complaint will be processed accordingly and you will be notified of the outcome.

TRUILLO was telephonically interviewed on Thursday, February 7, 2019 at approximately 1515 hours.by Investigative Services Unit (ISU) Sergeant J. Anderson.  TRUILLO reiterated the allegations contained within the submitted appeal and clarified information needed to proceed with the PREA investigation.

Scanned at CDCR and E-Mailed
on 7/26/19 by J.K
(date)        (initials)
Number of pages scanned: 7/

TRUILLO AA2974                                                    Attachment E-1

Page 2

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: J. Anderson, Sergeant, ISU   Sign: _____   Date: 2/8/2019
Interviewer

Print: _Dell, CDW_   Sign: _____   Date: 2/8/19
Reviewing Authority

Scanned at CDCR and E-Mailed
on _7/26/19_ by _J.C._____
       (date)         (initials)
Number of pages scanned: 71

STATE OF CALIFORNIA
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 10-06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

23./

## RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added the department language (shown inside brackets, in non-boldface type) for clarification purposes.*

Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.   CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| *Terrell Ervin Trufields* | | *AA-2974* | *02-28-19* |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL –
Public – Institution Head/Parole Administrator
Inmate/Parolee – Attach to CDC form 602
Employee – Institution Head/Parole Administrator
COPY - Complainant

Scanned at CDCR and E-Mailed
on  7/26/19  by  J.K.
      (date)          (initials)
Number of pages scanned: 71

*ASU2. 159L*

## INMATE APPEAL ROUTE SLIP

To: ISU                                            Date: February 12, 2019

From: INMATE APPEALS OFFICE

Re: Appeal Log Number  PBSP-A-19-00278  By Inmate  TRUILLO, AA2974

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue:  STAFF COMPLAINTS
Due Date: 02/13/2019
Special Needs:  CCCMS - TRIPLE CMS, E. C. REQUIRED

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.

☐  K. Royal, Appeals Coordinator
☐  D. Landay, SSA
☐  T. Buchanan, SCR LT.
☐  I. DeWitt
Appeals Coordinator
PBSP Appeals Office

Scanned at CDCR and E-Mailed
on  7/26/19  by  J·K
    (date)        (initials)
Number of pages scanned: 71

3401.5.    Staff Sexual Misconduct.

(a) For the purposes of this section, staff sexual misconduct means any sexual behavior by a departmental employee, volunteer, agent or individual working on behalf of the Department of Corrections and Rehabilitation, which involves or is directed toward an inmate or parolee. The legal concept of "consent" does not exist between departmental staff and inmate/parolees; any sexual behavior between them constitutes sexual misconduct and shall subject the employee to disciplinary action and/or to prosecution under the law. Sexual misconduct includes, but is not limited to:

(1) Influencing or offering to influence an inmate's/parolee's safety, custody, housing, privileges, parole conditions or programming, or offering goods or services, in exchange for sexual favors; or

(2) Threatening an inmate's/parolee's safety, custody, housing, privileges, work detail, parole conditions or programming because the inmate/parolee has refused to engage in sexual behavior; or

(3) Engaging in sexual act(s) or contact, including:

(A) Sexual intercourse; or

(B) Sodomy; or

(C) Oral Copulation; or

(D) Penetration of genital or anal openings by a foreign object, substance, instrument or device for the purpose of sexual arousal, gratification, or manipulation; or

(E) Rubbing or touching of the breasts or sexual organs of another or of oneself, in the presence of and with knowledge of another, for the purpose of sexual arousal, gratification, or manipulation; or

(F) Invasion of privacy, beyond that reasonably necessary to maintain safety and security; or disrespectful, unduly familiar, or sexually threatening comments directed to, or within the hearing of, an inmate/parolee.

(4) Display by staff, in the presence of an inmate, of the staff person's uncovered genitalia, buttocks, or breast;

TIONS AND REHABILITATION                    § 3401.5

(5) Voyeurism by a staff person including volunteers or independent contractors. Voyeurism is defined as an invasion of privacy of an offender by staff for reasons unrelated to official duties.

(b) Penalties. All allegations of staff sexual misconduct shall be subject to investigation, which may lead to disciplinary action and/or criminal prosecution.

(c) Reporting Requirements. Any employee who observes, or who receives information from any source concerning staff sexual misconduct, shall immediately report the information or incident directly to the hiring authority, unit supervisor, or highest-ranking official on duty. Failure to accurately and promptly report any incident, information or facts which would lead a reasonable person to believe a sexual misconduct has occurred may subject the employee who failed to report it to disciplinary action.

(d) Confidentiality. Alleged victims who report criminal staff sexual misconduct falling into one of the Penal Code section set forth in Government Code Section 6254(f)(2) shall be advised that their identity may be kept confidential pursuant to Penal Code Section 293.5, upon their request.

(e) Retaliation Against Employees. Retaliatory measures against employees who report incidents of staff sexual misconduct shall not be tolerated and shall result in disciplinary action and/or criminal prosecution. Such retaliatory measures include, but are not limited to, unwarranted denials of promotions, merit salary increases, training opportunities, or requested transfers; involuntary transfer to another location/position as a means of punishment; or unsubstantiated poor performance reports.

(f) Retaliation Against Inmates/Parolees. Retaliatory measures against inmates/parolees who report incidents of staff sexual misconduct shall not be tolerated and shall result in disciplinary action and/or criminal prosecution. Such retaliatory measures include, but are not limited to, coercion, threats of punishment, or any other activities intended to discourage or prevent an inmate/parolee from reporting sexual misconduct.

(g) Protection Measures. Multiple protection measures shall be considered to protect inmate victims who report staff sexual misconduct or cooperate with staff sexual misconduct investigations including but not limited to housing changes or transfers for inmate victims, removal of alleged staff from contact with victims, and emotional support services for inmates or staff who fear retaliation for reporting staff sexual misconduct or sexual harassment or for cooperating with investigations.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 290.6, 293.5 and 5054, Penal Code; and Section 6254, Government Code; and 28 CFR Section 115.67.

HISTORY:

1. New section filed 6-21-2000 as an emergency; operative 6-21-2000 (Register 2000, No. 25). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 11-28-2000 or emergency language will be repealed by operation of law on the following day.

2. Certificate of Compliance as to 6-21-2000 order transmitted to OAL 10-5-2000 and filed 11-6-2000 (Register 2000, No. 45).

3. Amendment of subsection (d) and repealer of subsection (g) filed 3-20-2002; operative 4-19-2002 (Register 2002, No. 12).

4. Change without regulatory effect amending subsection (a) filed 3-11-2013 pursuant to section 100, title 1, California Code of Regulations (Register 2013, No. 11).

5. Amendment of section heading and subsection (a), new subsections (a)(4)-(5), amendment of subsection (b)-(f), new subsection (g) and amendment of Note filed 10-20-2016; operative 10-20-2016 pursuant to Government Code section 11343.4(b)(3) (Register 2016, No. 43).

Scanned at CDCR and E-Mailed
on 7/26/19 by JK
      (date)        (initials)
Number of pages scanned: 7

153

Case 4:20-cv-02714-HSG   Document 1   Filed 04/20/20   Page 92 of 122

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side I

1901923

AA2974

SE ONLY  Institution/Parole Region:  Log #:  Category:

PBSP-0-19-00073   (7)

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                     WRITE, PRINT, OR TYPE CLEARLY in black or blue ink.

Name (Last, First):  _Trujillo_   CDC Number: _AA2974_   Unit/Cell Number:   Assignment: _N/A_

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
_Staff complaint_

Pelican Bay State Prison
PHA/ISI SCRU
REC. BY COMES
Appeals Office
JUL - 8 2019

A.  Explain your issue (if you need more space, use Section A of the CDCR 602-A):   FEB 0 6 2019

B.  Action requested (if you need more space, use Section B of the CDCR 602-A):   FEB 0 6 2019

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
   FEB 0 6 2019                    FEB 0 6 2019
☐ No, I have not attached any supporting documents. Reason:   FEB 0 6 2019

REC. BY OOA
MAR 1 1 2019

Inmate/Parolee Signature: _____  Date Submitted: _____
[   ] By placing my initials in this box, I waive my right to receive an interview.

C. First Level - Staff Use Only                          Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☒ No
This appeal has been:
☒ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.
   Assigned to: _____  BYPASS  Date Assigned: _____  Date Due: _____
First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
   Date of Interview: _____  Interview Location: _____
Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
   See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____  Title: _____  Signature: _____  Date completed: _____
              (Print Name)
Reviewer: _____  Title: _____  Signature: _____
          (Print Name)
Date received by AC: _____                    AC Use Only

Case ...0-cv-02714-HSG   Document 1   Filed 04/20/20   Page 93 of 122

*SUBMITTED FOR REVIEW*
*ON 03-04-2019*

ASU2.1591

INMATE APPEAL ROUTE SLIP

To: ISU                                                Date: February 12, 2019

From: INMATE APPEALS OFFICE

Re: Appeal Log Number PBSP-O-19-00273  By Inmate TRUILLO, AA2974

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue: STAFF COMPLAINTS
Due Date: 03/13/2019
Special Needs: CCCMS - TRIPLE CMS, E. C. REQUIRED

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin
your response with: GRANTED, DENIED, PARTIALLY GRANTED or
WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete
will be returned to the responding staff for appropriate completion. Refer to D.O.M.
54100 for instructions.


[ ]  K. Royal, Appeals Coordinator
[ ]  D. Landay, SSA
[ ]  T. Buchanan, SCR LT.
[ ]  I. DeWitt
Appeals Coordinator
PBSP Appeals Office


Scanned at CDCR and E-Mailed
on __7/26/19__ by __J.K.__
      (date)          (initials)
Number of pages scanned:
      ___71___

EXHIBIT G

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

### THIRD LEVEL APPEAL DECISION

Date:  SEP 12 2019

In re:  Guillermo Truillo, AA2974
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

TLR Case No.: 1908016          Local Log No.: OOA-19-01923

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT:   It is the appellant's position that the Office of Appeals (OOA) inappropriately cancelled his submitted appeal from Pelican Bay State Prison (PBSP). The appellant states that since the Second Level of Review (SLR) contains false information, the claim that he refused to be interviewed for the appeal interview is also a lie. The appellant states that staff lied as he never refused to be interviewed and his appeal matter should be addressed. The appellant requests that his previously cancelled appeal (PBSP Log #19-00273) be processed.

II  EXAMINER'S DECISION:   The OOA cancelled the appeal in accordance with the California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(8). The appellant failed to be interviewed with the reviewer.

III THIRD LEVEL DECISION: Appeal is denied.

A.  FINDINGS:   Although the appellant asserts that his appeal was inappropriately cancelled by the OOA, he has not presented sufficient evidence to support his claim that multiple staff lied concerning his refusal to cooperate during the appeal interview.    Pursuant to the CCR 3084.6(c)(8), an appeal may be cancelled if the appellant refuses to be interviewed or to cooperate with the reviewer.

In the appellant's case, Investigative Services Unit Correctional Officer Diggle documented on a CDCR Form 128-B, General Chrono the appellant's refusal to participate in the telephonic interview. Therefore, the appeal was correctly cancelled in accordance with departmental rules and regulations. The appellant did receive a SLR and it is noteworthy that the CCR 3084.6(a)(5) indicates that "Erroneous acceptance of an appeal at a lower level does not preclude the next level of review from taking appropriate action, including rejection or cancellation of the appeal." Relief in this matter at the Third Level of Review is not warranted.

B.  BASIS FOR THE DECISION:
California Penal Code Section: 5058
CCR: 3001, 3084.1, 3084.5, 3084.6, 3084.8
CDCR Operations Manual, Section: 54100.1, 54100.3

GUILLERMO TRUILLO, AA2974
CASE NO. 1908016
PAGE 2

    C.  ORDER: No changes or modifications are required.

This decision exhausts the administrative remedy available to the appellant within CDCR.


K. J. ALLEN, Appeals Examiner
Office of Appeals

cc:    Warden, PBSP
       Appeals Coordinator, PBSP
       Appeals Coordinator, OOA

T. RAMOS, Chief (A)
Office of Appeals

22

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

1908016

AA2974   ations and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material
adverse effect upon your 10000.   a is no other prescribed method of departmental review/remedy available.   See California Code of
Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar
days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further
guidance with the appeal process. No reprisals will be taken for using the appeal process.

| TAB USE ONLY | Institution/Parole Region: | Log #: | Category: | Side: |
|---|---|---|---|---|
| | | OOA-19-01923 | (10) | |

FOR STAFF USE ONLY

Appeal is subject to rejection if one row of text per line is exceeded.   **WRITE, PRINT, or TYPE CLEARLY** in black or blue ink.

| Name (Last, First): TRUJILLO GUILLERMO CRUZ | CDC Number: AA-2974 | Unit/Cell Number: FB-D4-223 | Assignment: N/A |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
REJECTION, CANCELLATION, AND WITHDRAWAL CRITERIA

JUL - 8 2019

A.   Explain your issue (If you need more space, use Section A of the CDCR 602-A): I AM APPEALING
THE CANCELLATION DECISION BECAUSE SGT. J. ANDERSON AT P.B.S.P
ATTEMPTED TO INTERVIEW APPELLANT TELEPHONICALLY BUT THAT
APPELLANT C TRUJILLO REFUSED TO BE INTERVIEWED OR COOPERATE

B.   Action requested (If you need more space, use Section B of the CDCR 602-A): I WOULD LIKE
FOR SGT. J. ANDERSON TO STOP MAKING FALSE ALLEGATIONS AGAINST
I APPELLANT AND HAVE 602 GRIEVANCE BYPASS.

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____   _____

☐ No, I have not attached any supporting documents.   Reason: _____

Inmate/Parolee Signature: _____   Date Submitted: 07-04-19

☐ By placing my initials in this box, I waive my right to receive an interview.

C.   First Level - Staff Use Only                    Staff - Check One:   Is CDCR 602-A Attached?   ☐ Yes   ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review.   Go to Section E.
☐ Rejected (See attached letter for instruction)   Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____   Title: _____   Date Assigned: _____   Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____   Interview Location: _____

Your appeal issue is:   ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____   Title: _____   Signature: _____   Date completed: _____
              (Print Name)

Reviewer: _____   Title: _____   Signature: _____
          (Print Name)

Date received by AC: _____

AC Use Only

STATE OF CALIFORNIA Case 4:20-cv-02714-HSG   Document 1   Filed 04/20/20   Page 98 of 122
CDCR 602 (REV. 03/12)                                                                    Side 2

D. If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

BYPASS

Inmate/Parolee Signature: _____  Date Submitted : _____

E. Second Level - Staff Use Only                           Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes  ☒ No

This appeal has been:

☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review·
Assigned to: _____ISU_____   Title: _____   Date Assigned: 2/6/19   Date Due: 2/13/19
Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.
                         Date of Interview: 2/2/19            Interview Location: REASON SEE 128 B
Your appeal issue is: ☐ Granted  ☒ Granted in Part  ☐ Denied  ☐ Other:
                      See attached letter. If dissatisfied with Second Level response, complete Section F below.
Interviewer: J. ANDERSON   Title: SGT   Signature: _____   Date completed: 2/2/19
Reviewer: Bell   Title: CDW   Signature: _____

Date received by AC: _____                    AC Use Only
                                                   Date mailed/delivered to appellant ___/___/___

F. If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

_I AM DISSATISFIED WITH THE SECOND LEVEL RESPONSE BECAUSE REASON BEHIND THE D.P. RULE STATED THAT WHILE I WAS HOUSED AT SAN QUENTIN STATE PRISON, I REFUSED TO PARTICIPATE IN THE TELEPHONIC INTERVIEW DATED SATURDAY, FEBRUARY 02, 2019 WHICH SEE 128 BECAUSE I WAS NEVER INFORMED BY SAN QUENTIN STAFF THAT I HAD A 602 INTERVIEW WITH (P.O.S.P) REGARDING THIS PARTICULAR 602 NOR HAVE I RECEIVED 128 B CHRONO RETARDING THIS INTERVIEW. THEREFORE I WOULD LIKE TO OBTAIN BETTER REMEDIES._

Inmate/Parolee Signature: _____  Date Submitted: _____

G. Third Level - Staff Use Only
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: 2-2610   Date: _____ Date: _____ Date: _____ Date: _____
☒ Cancelled (See attached letter)  Date: _____
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other:
     See attached Third Level response.
                                                   Third Level Use Only              JUN 2 0 2019
                                                   Date mailed/delivered to appellant

H. Request to Withdraw Appeal: I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature: _____  Date: _____
Print Staff Name: _____  Title: _____  Signature: _____  Date: _____

24

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A  (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|
| 1908016 | | OOA-19-01923 | | 10 |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC number. | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRUJILLO  GUILLERMO CRUZ | AA·2474 | FD-04-223 | N/A |

A.  Continuation of CDCR 602, Section A only (Explain your issue) : WITH THE INVESTIGATION
WHILE HOUSED AT SAN QUENTIN STATE PRISON. THESE ARE ALL FALSE
ALLEGATIONS MADE BY SGT. J. ANDERSON THAT I APPELLANT REFUSED
TO PARTICIPATE IN THE TELEPHONIC INTERVIEW FOR THE VERY
PURPOSE TO HAVE APPEAL CANCELLED.

REC BY-OOA

JUL - 8 2019

Inmate/Parolee Signature: _____  Date Submitted: 07-04-19

B.  Continuation of CDCR 602, Section B only (Action requested): _____

Inmate/Parolee Signature:                                    Date Submitted:

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM
CDCR 602-A   (REV. 03/12)

Side 2

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____   Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____   Date Submitted: _____

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

Date:    JUN 1 3 2019

In re:    Guillermo Truillo, AA2974
North Kern State Prison
P.O. Box 567
Delano, CA 93216-0567

TLR CASE NUMBER:    1901923
LOCAL LOG NO.:    PBSP-19-00273

This matter was reviewed on behalf of the Director of the California Department of
Corrections and Rehabilitation (CDCR) by Appeals Examiner M. Hodges, Captain.

This appeal is being canceled in accordance with California Code of Regulations, Section
3084.6, Rejection, Cancellation, and Withdrawal Criteria. The appellant refused to be
interviewed or cooperate.

On February 2, 2019, due to the appellant's out-to-court status and housing at San
Quentin State Prison, Pelican Bay State Prison Investigative Services Unit Correctional
Sergeant J. Anderson attempted to interview the appellant telephonically. However, the
appellant refused to participate in the telephonic interview.

Pursuant to CCR 3084.6(e), once an appeal has been cancelled, the appeal may not be
resubmitted. However, a separate appeal can be filed on the cancellation decision. The
original appeal may only be resubmitted if the appeal of the cancellation is granted.

T. RAMOS, Chief (A)
Office of Appeals

cc:    Warden, NKSP
Appeals Coordinator, NKSP
Appeals Coordinator, PBSP

State of California

Attachment E-1
Department of Corrections and Rehabilitation

# Memorandum

Date   :    February 8, 2018

To   :    TRUILLO, GUILLERMO , # AA2974
Z02001A1-104001L, Kern Valley State Prison

Subject:    STAFF COMPLAINT RESPONSE - APPEAL # PBSP-O-19-00273 *SECOND* LEVEL RESPONSE
PREA Log number assigned PBSP-PREA-19-02-007

### APPEAL ISSUE:
·TRUILLO submitted a CDCR 22 Form to appeals wherein TRUILLO claimed he submitted a
CDCR 602 on June 19, 2018 relative to being touched in the genitals by female staff.  The
CDCR 22 Form was received on the day TRUILLO left·PBSP on "out to court" status.

All issues unrelated to the allegation of staff misconduct must be appealed separately and
will not be addressed in this response.  You do not exhaust administrative remedies on any
unrelated issue not covered in this response or concerning any staff member not identified
by you in this complaint.  If you are unable to name all involved staff you may request
assistance in establishing their identity.

### DETERMINATION OF ISSUE:
A review of the allegations of staff misconduct presented in the written complaint has been
completed. Based upon this review your appeal is:
➢  The allegations are being investigated per Prison·Rape Elimination Act (PREA) policy.

### Your appeal is PARTIALLY GRANTED in that:
➢  TRUILLO's appeal has been referred by the hiring authority to a trained investigator to
determine whether the evidence warrants an investigation.  After the determination has
been made, your complaint will be processed accordingly and you will be notified of the
outcome.

An attempt was made to interview TRUILLO telephonically on Saturday, February 2, 2019 by
Investigative Services Unit (ISU) Officer B. Diggle while you were housed at San Quentin
State Prison.  TRUILLO refused to participate in the telephonic interview (see 128B dated
2/2/2019) authored by Officer B. Diggle.

Case 4:20-cv-02714-HSG   Document 1   Filed 04/20/20   Page 103 of 122

TRUILLO AA2974                                                              Attachment E-1

Page 2

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: J. Anderson, Sergeant, ISU   Sign: _____   Date: 2/8/2019
Interviewer

Print: _____ Sign: _____   Date: 2/8/19
Reviewing Authority

Appeal Log No: PBSP-O-19-00273

STATE OF CALIFORNIA
INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (PRINT): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| TRUJILLO, GUILLERMO CRUZ | | #AA-2974 | |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM N ЯA | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| FA-AG-115 | N/A | | POLYGRAPH EXAMINATION |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:
I WOULD LIKE TO CONDUCT A POLYGRAPH EXAMINATION AGAINST C/O KUMBAT REGARDING TO HER SEXUAL
HARASSMENT AND FOMENTING OF RUMORS BY HER APPROVAL THAT I CAME TO AN AGREEMENT WITH HER
TO TOUCH EACH OTHER WHICH ARE ALL LIES AND FALSE ACCUSATIONS BY OFFICER KUMBAT. THIS TYPE
OF MISCONDUCT SHALL NOT BE TOLERATED OR PERMITTED AT ANY POINT AND TIME. THIS POLYGRAPH
EXAMINATION SHALL BE CONDUCTED UNDER INVESTIGATION MATTERS AGAINST C/O KUMBAT PER:
TITLE 15 3293 (A)(B) POLYGRAPH EXAMINATION. SEE ATTACHED C.D.C.R FORM 22 (10/09) DATED:
JAN-13-2019.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☒ SENT THROUGH MAIL; ADDRESSED TO: _I.S.U (STAFF)_         DATE MAILED: 01/23/19
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE)   YES   NO |
|---|---|---|---|
| IF FORWARDED - TO WHOM: INVESTIGATION SERVICES UNIT (STAFF) | DATE DELIVERED/MAILED: 01-23-19 | | METHOD OF DELIVERY: (CIRCLE ONE)   IN PERSON   BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

ASU2·159L

### INMATE APPEAL ROUTE SLIP

To: ISU                                      Date: February 12, 2019

From: INMATE APPEALS OFFICE

Re: Appeal Log Number PBSP-O-19-00273  By Inmate TRUILLO, AA2974

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue: STAFF COMPLAINTS
Due Date: 03/13/2019
Special Needs: CCCMS - TRIPLE CMS, E. C. REQUIRED

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.

☐   K. Royal, Appeals Coordinator
☐   D. Landay, SSA
☐   T. Buchanan, SCR LT.
☐   I. DeWitt
Appeals Coordinator
PBSP Appeals Office

STATE OF CALIFORNIA
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 10-04)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added the department language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.   CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME GUILLERMO TRUJILLO | INMATE/PAROLEE SIGNATURE | CDC NUMBER #AA-2974 | DATE SIGNED 03-02-19 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL –
Public – Institution Head/Parole Administrator
Inmate/Parolee – Attach to CDC form 602
Employee – Institution Head/Parole Administrator
COPY - Complainant

EXHIBIT H

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

### THIRD LEVEL APPEAL DECISION

Date:  MAY - 1 2017

In re:  Guillermo Trujillo, AA2974
California Medical Facility
P.O. Box 2000
Vacaville, CA  95696

TLR Case No.: 1709527      Local Log No.: OOA-17-04917

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner S. K. Hemenway. All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT:  It is the appellant's position that he is re-appealing the cancellation decision on appeal log # PBSP-17-00012. It was stated by Chief M. Voong at the Office of Appeals (OOA) that the issue had been resolved; however, argues that there was no action taken against correctional officers denial to his priority legal user status on the specific listed days, which is a violation of California Code of Regulations, Title 15, Section (CCR) 3122, Inmate Law Library and to have meaningful access to the courts and meet deadlines on active cases. The appellant is requesting this appeal bypass the Third Level of Review (TLR) to finish exhausting his administrative remedies.

II   OOA'S DECISION:  The above appeal log # PBSP-17-00012 was cancelled by the OOA as the FLR and SLR granted the appellant's request to be given Priority Legal User (PLU) status on December 21, 2016 through January 7, 2017.

III  THIRD LEVEL DECISION:  Appeal is denied.

A.  FINDINGS:  The reviewer found that the appeal, log # PBSP-17-00012 was cancelled at the TLR as the appellant was authorized Priority Legal User (PLU) status on December 21, 2016, through January 7, 2017, as the appellant requested. The appellant claims that he was not allowed access to the library by the correctional officers. The appellant did not mention who those officers were or when he was denied access.

The Examiner reviewed the attached CDCR 22, Inmate/Parolee Request for Interview, Item or Service dated December 11, 2016, requesting his legal and personal property from the Facility "B" property staff. The appellant does not mention if he received the property or not, just states in this appeal that the officers would not give him access to his PLU status.

The Examiner surmises that the appellant was allowed access to the law library as annotated by the attached Pelican Bay State Prison Law Library Access Request. The above appeal was appropriately cancelled as the appellant was granted PLU status on the dates he requested.

After consideration of the evidence and arguments herein, the Examiner has determined that staff acted in accordance with departmental policy and procedure; therefore, relief at the TLR is not warranted in this case.

B.  BASIS FOR THE DECISION:
CCR: 3000, 3000.5, 3001, 3084, 3084.1, 3084.3, 3120, 3122, 3123, 3380

C.  ORDER:  No changes or modifications are required by the Institution.

8A

GUILLERMO TRUILLO, AA2974
CASE NO. 1709527
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

S. K. HEMENWAY, Appeals Examiner
Office of Appeals

M. VOONG, Chief
Office of Appeals

cc:   Warden, CMF
      Appeals Coordinator, CMF
      Appeals Coordinator, OOA

A 8

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

1709527

AA2974

| | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| TAB USE ONLY | OOA-17-04912 | | |

FOR STAFF USE ONLY

You ___ ns and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and/or supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                              WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRUJILLO, GUILLERMO CRUZ | AA·2974 | FB·B4·217 | N/A |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
3084.6 REJECTION, CANCELLATION, AND WITHDRAWAL CRITERIA

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): I AM REAPPEALLING THE
CANCELLATION DECISION ON APPEAL LOG NO.# PVSP-17-00112, BECAUSE IT WAS STATED
BY CHIEF M. VOONG THAT THE ISSUE HAD BEEN EXPLAINED AND FUTURE REVIEW IS NOT
NECESSARY BUT LESS TO ARGUE THAT THERE HAS NOT BEEN ANY ACTION TAKEN AGAINST;
B. Action requested (If you need more space, use Section B of the CDCR 602-A): I WOULD LIKE TO
HAVE THE GRIEVANCE PROPERLY PROCESSED AT THE THIRD LEVEL APPEALS REVIEW TO
FINISH EXHAUSTING ADMINISTRATIVE REMEDIES.

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____     _____

_____     _____

☐ No, I have not attached any supporting documents. Reason : _____

_____

_____

Inmate/Parolee Signature: _____     Date Submitted: 08·13·17

☐ By placing my initials in this box, I waive my right to receive an interview.

REC BY OOA
AUG 17 2017

C. First Level - Staff Use Only
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.

Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes   ☐ No

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____     Interview Location: _____
Your appeal issue is:   ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name) Title: _____ Signature: _____ Date completed: _____

Reviewer: _____ (Print Name) Title: _____ Signature: _____

Date received by AC: _____

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT                                                    Side 1
CDCR 602-A (REV. 03/12)

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| 1709527 | OOA-17-0491 | 10 | |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRUJILLO, GUILLERMO CRUZ | AA-2974 | FB-134-217 | N/A |

A. Continuation of CDCR 602, Section A only (Explain your issue): CORRECTIONAL OFFICERS DENIAL
TO HIS PRIORITY LEGAL USER STATUS WITH THE SPECIFIC LISTED DAYS WHICH DECLINES
THE VIOLATION OF CALIF POLICY PURSUANT IS SECTION 3122 (a)(b)(1) INMATE
LAW LIBRARY, ~~REQUIRE~~ TO HAVE MEANINGFUL ACCESS WITH THE COURTS TO MEET
DEADLINE ON ACTIVE CASE.

REC. BY OOA
AUG 17 2017

Inmate/Parolee Signature: [signature]                    Date Submitted: 08-13-17

B. Continuation of CDCR 602, Section B only (Action requested):

BA

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

Date:        AUG - 7 2017

In re:       Guillermo Truillo, AA2974
             San Quentin State Prison
             San Quentin, CA  94974

        TLR CASE NUMBER:        1704917
        LOCAL LOG NO.:          PBSP-17-00012

        This matter was reviewed on behalf of the Director of the California Department of
        Corrections and Rehabilitation (CDCR) by Appeals Examiner M. Hodges, Captain.

        This appeal is being cancelled in accordance with California Code of Regulations,
        Section 3084.6, Rejection, Cancellation, and Withdrawal Criteria.  The issue has been
        resolved.  Further review is unnecessary.

        In this appeal the appellant appealed his law library access.  His requested action was
        "...would like for (staff) to stop denying me to attend law library...."  The First and
        Second Levels of Review noted the appellant was granted Priority Legal User status and
        afforded law library access on the specific listed days.  The appellant's request was
        granted at the First and Second Levels of Review.

        Pursuant to CCR 3084.6(e), once an appeal has been cancelled, the appeal may not be
        resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The
        original appeal may only be resubmitted if the appeal of the cancellation is granted.



        M. VOONG, Chief
        Office of Appeals

        cc:      Warden, SQ
                 Appeals Coordinator, SQ
                 Appeals Coordinator, PBSP


                                          8 A

1704917

Case 4:20-cv-02714-HSG    Document 1    Filed 04/20/20    Page 113 of 122

STATE OF CALIFORNIA
'N' ATE/PAROLEE APPEAL
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

IAB USE ONLY

Institution/Parole Region:    Log #:    Category:

PBSP b - 17 - 00012

FOR STAFF USE ONLY

1704917

AA2974

You may appeal any _____ ons and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse affect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| | *AA-____ | | N/A |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): _____

_____

_____

_____

B. Action requested (If you need more space, use Section B of the CDCR 602-A): _____

_____

_____

_____

Supporting Documents: Refer to CCR 3084.3.    JAN 03 2017
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____

_____

☐ No, I have not attached any supporting documents. Reason: _____

_____

Inmate/Parolee Signature: _____    Date Submitted: 12-23-16

☐ By placing my initials in this box, I waive my right to receive an interview.

JAN 03 2017

JAN 30 2017

JAN 20 2017
Appeals Office
Pelican Bay State Prison

JAN 24 2017
IA
Appeals Office
Pelican Bay State Prison

MAR 15 2017

REC'D BY OOA

C. First Level - Staff Use Only    Staff – Check One: Is CDCR 602-A Attached? ☒ Yes ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☒ Rejected (See attached letter for instruction) Date: JAN 03 2017 Date: JAN 18 2017 Date: JAN 20 2017 Date: ___
☐ Cancelled (See attached letter) Date: ___
☒ Accepted at the First Level of Review.
Assigned to: CIS/SCCPO    Title: _____    Date Assigned: 1/24/17 Date Due: 3/8/17

First Level Responder: Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: 2/9/17    Interview Location: Bradley Law Library

Your appeal issue is: ☒ Granted ☐ Granted in Part ☐ Denied ☐ Other: ___
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: J. Conway    Title: SCG CK    Signature: _____    Date completed: 2/10/17

Reviewer: _____    Title: AW    Signature: _____

Date received by AC: FEB 15 2017

8 A

AC Use Only

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| 17-04917 | PBSP B-17-00012 | | |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRUJILLO GUILLERMO CRUZ | AA-2774 | FB-12E-205 | N/A |

**A. Continuation of CDCR 602, Section A only (Explain your issue):**

_[handwritten text]_ JAN 03 2017

REC BY OOA
MAY 11 2017

Inmate/Parolee Signature: _[signature]_     Date Submitted: 12-23-16

Pelican Bay State Prison
JAN 03 2017
Appeals Office

Pelican Bay State Prison
JAN 10 2017
Appeals Office

Pelican Bay State Prison
JAN 20 2017
Appeals Office

Pelican Bay State Prison
JAN 27 2017
Appeals Office

Pelican Bay State Prison
MAR 15 2017
Appeals Office

**B. Continuation of CDCR 602, Section B only (Action requested):**

_[handwritten text]_

REC BY OOA
AUG 17 2017

8A

 

FIRST LEVEL APPEAL RESPONSE

RE:    PELICAN BAY STATE PRISON (PBSP)
       Appeal Log PBSP-B-17-00012
       First Level Reviewer's Response

INMATE:    TRUJILLO, AA2974

APPEAL DECISION:    GRANTED

APPEAL ISSUE:    LEGAL

EFFECTIVE COMMUNICATION:

A review of the Pelican Bay State Prison (PBSP) Test of Adult Basic Education (TABE) database indicates your reading grade point level is 1.8.    A review of the Disability and Effective Communication System indicates you have no disabilities which require special accommodation. However, based on your TABE reading level, to ensure effective communication during your interview with Mr. Cummings, acting Supervisor of Correctional Education Programs [SCEP (A)], he used simple English spoken slowly and clearly. Effective communication was achieved based on the manner in which you were able to restate the appeal issue in your own words. You also verified that you fully understood all aspects of the interview and appeal issue. Since your reading score is less than 4.0, the Appeals Coordinator will assign a staff member to read this appeal response to you to ensure effective communication.

ACTION REQUESTED:

You request that staff not obstruct your access to the courts by denying your access to the Law Library.

FINDINGS:

Inmate TRUJILLO, in reaching a decision on your appeal, your California Department of Corrections and Rehabilitation (CDCR) 602 and its attachments, applicable sections of the California Code of Regulations (CCR), Title 15, the Department Operations Manual (DOM), PBSP DOM Supplements, and your Thursday, February 9, 2017, interview with Mr. Cummings, SCEP (A), were reviewed and considered.

During your interview with Mr. Cummings, you verified the appeal issue and requested remedy. You were designated a Priority Legal User (PLU) on December 21, 2016, that expired on January 7, 2017. The CCR, Title 15, Section 3123(b), states in part: *Inmates on PLU status may receive a minimum of 4 hours per calendar week of requested physical law library access, as resources are available, and shall be given higher priority to the law library resources.* Inmates receive physical access to the law library dependent on their user status, PLU or GLU and also available resources, custody personnel, and the requirements of custodial security in accordance with the Title 15, Section 3270. SOMS appointment scheduling shows that you were scheduled for Law Library access on December 28, 2016, December 29, 2016, January 3, 2017, January 4, 2017, and January 5, 2017. Based on the fact that you were scheduled to attend Law Library, PBSP has not obstructed your access to the courts nor have you been denied access to the Law Library. Therefore, your request to have access to the courts by being given library access is GRANTED.

8A

TRUJILLO, AA2974
Appeal Log # B-17-00012
Page 2

DETERMINATION OF ISSUE:

The First Level Review was comprehensive and your concerns were clearly addressed. Based on the information above, your appeal has been GRANTED. Your request that staff not obstruct your access to the courts by denying your access to the Law Library has been GRANTED.

If you are dissatisfied with this decision, you may appeal to the Second Level Review by following the directions on the front of your CDCR 602 form.

A. PEPIOT          Date
Captain (Adult Institution)
Central Services

D. BARNEBURG          Date   2/14/2017
Associate Warden
Central Services

8A



## PELICAN BAY STATE PRISON
### SECOND LEVEL REVIEW

DATE: APR 1 1 2017

Inmate TRUILLO, AA2974
Kern Valley State Prison
·Short Term Housing Unit ·
· Facility Z, Cell 122

RE: ·WARDEN'S LEVEL DECISION          APPEAL: GRANTED
APPEAL LOG NO. PBSP-B-17-00012       ISSUE:   LEGAL

This matter was reviewed by C. E. Ducart, Warden, at Pelican Bay State Prison (PBSP).   On February 9, 2017, J. Cummings, Supervisor of Correctional Education Programs (SCEP), conducted the interview at the First Level Review.   All submitted documentation and supporting arguments have been considered.

### ISSUES ·

On· December 20, 2016, the inmate submitted a Priority Legal User (PLU) request for his legal deadline ending December 23, 2016. The inmate's request was granted on December 21, 2016, for PLU through January 7, 2017. The inmate alleges the law library violated his two day deadline in bad faith to have his action dismissed.

The inmate is requesting for staff to stop denying him access to the law library.

### EFFECTIVE COMMUNICATION

The inmate has been identified with a disability or·effective communication need.  The inmate has a Test of Adult Basic Education score of 1.8. The inmate is a participant in the Mental Health Services· Delivery System at the Correctional Clinical Case Management System level of care.

### ·FINDINGS ·

First Level Review notes the inmate's PLU designation started on December 21, 2016, and expired on January 7, 2017. PLU designated inmates are allowed access to the law library based on their user status, available resources, custody personnel, and the requirements of custodial security in accordance with the California Code of Regulation (CCR), Title 15, Section 3271. Strategic Offender Monitoring System appointment scheduling shows the inmate was scheduled for law library access on December 28, 2016, December 29, 2016, January 3, 2017, January 4, 2017, and January 5, 2017. Based in the inmate being scheduled to attend law library no obstruction has occurred while at PBSP and the inmate's request was granted.

BA

Supplement Page 2
TRUJILLO, AA2974
Appeal # PBSP-B-17-00012

II

The inmate disagrees with the First Level Review as he contends D. Short, Captain, refuses to take full responsibility for the inmate being denied access to the law library.

DETERMINATION OF ISSUE

The CCR, Title 15, Section 3123, Access to Law Libraries, states in part, *(a) Physical law library access means physical entry into a facility law library for the purpose of using its legal resources. A facility law library includes, but is not limited to, a print law library or the Law Library Electronic Delivery System (LLEDS) with any necessary print supplements. (b) All inmates, regardless of their classification or housing status, shall be entitled to physical law library access that is sufficient to provide meaningful access to the courts. Inmates on PLU status may receive a minimum of four hours per calendar week of requested physical law library access, as resources are available, and shall be given higher priority to the law library resources. Inmates on GLU status may receive a minimum of two hours per calendar week of requested physical law library access, as resources are available.*

The CCR, Title 15, Section 3270, Rejection, General Policy, states, *The primary objectives of the correctional institutions are to protect the public by safely keeping persons committed to the custody of the Secretary of Corrections and Rehabilitation, and to afford such persons with every reasonable opportunity and encouragement to participate in rehabilitative activities. Consistent effort will be made to insure the security of the institution and the effectiveness of the treatment programs within the framework of security and safety. Each employee must be trained to understand how physical facilities, degree of custody classification, personnel, and operative procedures affect the maintenance of inmate custody and security. The requirement of custodial security and of staff, inmate and public safety must take precedence over all other considerations in the operation of all the programs and activities of the institutions of the department.*

A thorough review of this matter was conducted at the First and Second Level Review. The inmate's request for staff to stop denying him access to the law library is GRANTED. The appeal was granted at the First Level Review noting the dates made available for the inmate to attend law library. The inmate does not show how or articulate how he was denied access to the law library.

This appeal is GRANTED at the Second Level Review.

MODIFICATION ORDER

No modification of this decision or action taken is required.

C.E. DUCART
Warden

KWR    DATE: 4/6/17

8A

ATTACHMENT

①.

3004.    Rights and Respect of Others.

(a) Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner. Employees and inmates may use first names in conversation with each other when it is mutually acceptable to both parties.

(b) Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence.

(c) Inmates, parolees and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap.

HISTORY:

1. Amendment filed 2-24-77; effective thirtieth day thereafter (Register 77, No. 9).

2

④.

3293.   Polygraph Examinations.

(a)  Polygraph examinations may be administered by departmental staff to inmates, parolees, and employees in the course of an investigation of official matters, under the following conditions:

(1)  The examinee has, without coercion, signed a written statement of consent to the examination.

(2)  The polygraph examiner is a Office of Correctional Safety staff member.

(3)  The Assistant Secretary or designee, Office of Correctional Safety, has approved the examination.

(b)  Polygraph examinations shall not be used as an alternative to regulatory requirements for determining a person's guilt or innocence of charges in disciplinary matters.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 3307, Government Code; Section 5054, Penal Code; and *Long Beach City Employee's Association v. City of Long Beach* (1986) 41 Cal.3rd 937, 227 Cal.Rptr. 90.

3401.5. Staff Sexual Misconduct.

(a) For the purposes of this section, staff sexual misconduct means any sexual behavior by a departmental employee, volunteer, agent or individual working on behalf of the Department of Corrections and Rehabilitation, which involves or is directed toward an inmate or parolee. The legal concept of "consent" does not exist between departmental staff and inmates/parolees; any sexual behavior between them constitutes sexual misconduct and shall subject the employee to disciplinary action and/or to prosecution under the law. Sexual misconduct includes, but is not limited to:

(1) Influencing or offering to influence an inmate's/parolee's safety, custody, housing, privileges, parole conditions or programming, or offering goods or services, in exchange for sexual favors; or

(2) Threatening an inmate's/parolee's safety, custody, housing, privileges, work detail, parole conditions or programming because the inmate/parolee has refused to engage in sexual behavior; or

(3) Engaging in sexual act(s) or contact, including:

(A) Sexual intercourse; or

(B) Sodomy; or

(C) Oral Copulation; or

(D) Penetration of genital or anal openings by a foreign object, substance, instrument or device for the purpose of sexual arousal, gratification, or manipulation; or

(E) Rubbing or touching of the breasts or sexual organs of another or of oneself, in the presence of and with knowledge of another, for the purpose of sexual arousal, gratification, or manipulation; or

(F) Invasion of privacy, beyond that reasonably necessary to maintain safety and security; or disrespectful, unduly familiar, or sexually threatening comments directed to, or within the hearing of, an inmate/parolee.

(4) Display by staff, in the presence of an inmate, of the staff person's uncovered genitalia, buttocks, or breast;

(5) Voyeurism by a staff person including volunteers or independent contractors. Voyeurism is defined as an invasion of privacy of an offender by staff for reasons unrelated to official duties.

(b) Penalties. All allegations of staff sexual misconduct shall be subject to investigation, which may lead to disciplinary action and/or criminal prosecution.

(c) Reporting Requirements. Any employee who observes, or who receives information from any source concerning staff sexual misconduct, shall immediately report the information or incident directly to the hiring authority, unit supervisor, or highest-ranking official on duty. Failure to accurately and promptly report any incident, information or facts which would lead a reasonable person to believe sexual misconduct has occurred may subject the employee who failed to report it to disciplinary action.

(d) Confidentiality. Alleged victims who report criminal staff sexual misconduct falling into one of the Penal Code section set forth in Government Code Section 6254(f)(2) shall be advised that their identity may be kept confidential pursuant to Penal Code Section 293.5, upon their request.

(e) Retaliation Against Employees. Retaliatory measures against employees who report incidents of staff sexual misconduct shall not be tolerated and shall result in disciplinary action and/or criminal prosecution. Such retaliatory measures include, but are not limited to, unwarranted denials of promotions, merit salary increases, training opportunities, or requested transfers; involuntary transfer to another location/position as a means of punishment; or unsubstantiated poor performance reports.

(f) Retaliation Against Inmates/Parolees. Retaliatory measures against inmates/parolees who report incidents of staff sexual misconduct shall not be tolerated and shall result in disciplinary action and/or criminal prosecution. Such retaliatory measures include, but are not limited to, coercion, threats of punishment, or any other activities intended to discourage or prevent an inmate/parolee from reporting sexual misconduct.

(g) Protection Measures. Multiple protection measures shall be considered to protect inmate victims who report staff sexual misconduct or cooperate with staff sexual misconduct investigations including but not limited to housing changes or transfers for inmate victims, removal of alleged staff from contact with victims, and emotional support services for inmates or staff who fear retaliation for reporting staff sexual misconduct or sexual harassment or for cooperating with investigations.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 289.6, 293.5 and 5054, Penal Code; and Section 6254, Government Code; and 28 CFR Section 115.67.

HISTORY:

1. New section 8(a) 6-21-2000 as an emergency; operative 6-21-2000 (Register 2000, No. 25). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 11-28-2000 or emergency language will be repealed by operation of law on the following day.

2. Certificate of Compliance as to 6-21-2000 order transmitted to OAL 10-5-2000 and filed 11-6-2000 (Register 2000, No. 45).

3. Amendment of subsection (d) and repealer of subsection (g) filed 3-20-2002; operative 4-19-2002 (Register 2002, No. 12).

4. Change without regulatory effect amending subsection (a) filed 3-11-2013 pursuant to section 100, title 1, California Code of Regulations (Register 2013, No. 11).

5. Amendment of section heading and subsection (a), new subsections (a)(4)-(5), amendment of subsections (b)-(f), new subsection (g) and amendment of Note filed 10-20-2016; operative 10-20-2016 pursuant to Government Code section 11343.4(b)(3) (Register 2016, No. 43).

TIONS AND REHABILITATION                    § 3401.5

153