1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLLERMO TRUJILLO CRUZ, | Case No.  1:22-cv-00177-AWI-BAK (HBK) (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO REQUIRE PLAINTIFF TO PAY FILING FEE TO PROCEED WITH THIS ACTION |
| M. GONZALEZ, *et al.*, | |
| Defendants. | FOURTEEN-DAY OBJECTION PERIOD |

Plaintiff Guillermo Trujillo Cruz ("Plaintiff"), a state prisoner proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on February 10, 2022. (Doc. No. 1).  As of the date of these Findings and Recommendations, Plaintiff has not filed an application to proceed *in forma pauperis*[1] or paid the $402.00 filing fee.  The Court finds directing Plaintiff to file an application to proceed *in forma pauperis* would be futile because Plaintiff has had at least three dismissals that constitute strikes and he has not established he meets the imminent danger exception and is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).  Thus, Plaintiff must pay the full filing fee if he wishes to proceed with a civil action.

---

[1] Plaintiff filed a "Motion of Trust Account Office & Library Staff Denial to Obtain Legal Photocopies and Inmate Statement Reports" on February 10, 2022.  (Doc. No. 2).  The motion references a "denial" of paperwork necessary to prosecute Plaintiff's action.  Plaintiff's motion includes a copy of an "Inmate Request for Interview Form," noting Plaintiff's request to "obtain my (IFP's)." (*Id*.)  In light of the Court's finding that Plaintiff is subject to the three strikes bar under 28 U.S.C. § 1915(g), as discussed herein, the Court declines to address the motion at this time.

1

# APPLICABLE THREE STRIKE LAW

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes,* 493 F.2d 1047, 1052 (9th Cir. 2007). Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim counts as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727.

# ANALYSIS

## A. Plaintiff Has Three or More Qualifying Strikes

A review of the Pacer Database reveals plaintiff has filed approximately 65 civil actions or appeals in a court of the United States and has been deemed a three-striker under § 1915(g) prior to filing this lawsuit. Although not exhaustive, for purposes of this report and recommendation, each of the following cases are properly deemed qualifying § 1915(g) strikes and each were entered before Plaintiff commenced the instant action : (1) *Trujillo v. Sherman,* Case No. 1:14-cv-01401-BAM (E.D. Cal.) (dismissed on April 24, 2015 for failure to state a claim), *aff'd,* Case No. 15-15952 (9th Cir. May 6, 2016); (2) *Cruz v. Munoz,* No. 1:14-cv-01215-SAB (E.D. Cal.) (dismissed for failure to state a claim on May 17, 2016); (3) *Trujillo v. Ruiz,* Case No. 1:14-cv-00975-SAB (E.D. Cal.) (dismissed on January 6, 2016 for failure to state a claim), *aff'd,* Case No. 16-15101 (9th Cir. December 15, 2017); (4) *Cruz v. Munoz,* No. 1:14-cv-00976-DLB (E.D. Cal.) (dismissed for failure to state a claim on May 11, 2016); and (5) *Cruz v. Gomez,* Case No. 1:15-cv-00859-EPG (E.D. Cal.) (dismissed on February 3, 2017 for failure to

state a claim), *aff'd*, Case No. 17-15358 (9th Cir. October 25, 2017).  The Court also takes judicial notice of the following United States Court of Appeals case: *Trujillo v. Gonzalez-Moran*, Case No. 17-15200 (9th Cir.) (dismissed on August 21, 2017, as frivolous).  As evidenced by the above, Plaintiff has three or more qualifying strikes for purposes of § 1915(g).

### B.  The Imminent Danger Exception Does Not Apply

Because Plaintiff has three-qualifying strikes, he may not proceed IFP unless the complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury as of the date the Complaint is filed.  *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).  Here, liberally construing the complaint, the undersigned find it contains no plausible allegations sufficient to allege Plaintiff was in imminent danger of serious physical injury when he filed the action.[2]  Plaintiff is currently housed at Pelican Bay State Prison.  It is significant here that all Defendants in this action are employees of Kern Valley State Prison.  Plaintiff alleges that on April 8 and April 11, 2021, Defendant Gonzalez verbally threatened Plaintiff, while he was housed at Kern Valley State Prison, wherein Gonzalez "want[ed] to commit a battery upon" on him to occur on "the day [Plaintiff] transfer[red] back to Pelican Bay State Prison" and once Plaintiff was "finish[ed] with out-to-court proceedings." (Doc. 1 at 3).  Plaintiff claims Gonzalez "want[ed] the assault done at [the] release & receiving (R&R) holding cells." (*Id.*).  Plaintiff claims Gonzalez's actions are in retaliation for Plaintiff having filed previous grievances against Gonzalez and prior lawsuits.  (*Id.*).  Further, Plaintiff alleges an ongoing pattern of "physical injuries" by Gonzalez, referencing previous assaults by Gonzalez in February and March 2021. (*Id.*).  More particularly, Plaintiff contends on April 11, 2021, during laundry exchange, Gonzalez "'maliciously' and 'sadistically'" slammed the food port tray slot injuring Plaintiff's hands and causing severe emotional distress.  (*Id.* at 3-5).  Shortly thereafter, Gonzalez ignored Plaintiff's request to speak with the lieutenant and duty nurse. (*Id.* at 5).  Later that same day, Plaintiff made similar requests to Defendants Davis, Nizami, Perez and McDeaniel. (*Id.* at 6-7).  Plaintiff states

---

[2] The Court expresses no opinion on the merits of Plaintiff's claims.  The Court further notes that the complaint itself is comprised of approximately 11 pages but includes more than 200 pages of exhibits that are not referenced or incorporated into the complaint.  The Court has therefore based its analysis only on the eleven handwritten pages of the complaint.

1    all requests to speak with a supervisor and the duty nurse were denied. (*Id.*).  Plaintiff alleges he

2    suffered from "discomfort, severe pain, soreness, swelling and breakage of skin to index finger,

3    middle finger, and pinky knuckle" and emotional distress. (*Id*. at 6, 8).

4         Next, Plaintiff claims Sergeant R. Olivarez served him with a "C.D.C.R 128-B Chrono"

5    on April 8, 2021, while he was housed at Kern Valley State Prison, indicating Plaintiff may be

6    targeted for assault by members of the Mexican Mafia, thus negatively impacting his housing at

7    that facility.  Plaintiff alleges Olivares, along with Defendant Gonzalez and others, "fabricated

8    these false misleading statements and story to try and cover up their [own] assault" against

9    Plaintiff. (Doc. No. 1 at 4).

10        Plaintiff does not allege in the complaint that the conduct of Defendant Gonzalez or any

11   other defendant at Kern Valley State Prison is ongoing.  Rather, he contends that prison officials

12   at Pelican Bay State Prison – where he is presently housed and where he was housed when he

13   filed his complaint – are "following the same pattern of verbal threats" that Defendants pursued at

14   Kern Valley State Prison, amounting to an imminent danger of serious physical injury.  (Doc. No.

15   1 at 4).

16        Plaintiff's complaint contains no indication that a physical attack is likely to happen again,

17   at either institution.  Plaintiff only referenced a pattern of "verbal threats" at Pelican Bay State

18   Prison rather than any likelihood of physical attack, and the reference is conclusory at best.

19   Moreover, Plaintiff is no longer housed at Kern Valley State Prison where the incidents giving

20   rise to his complaint were alleged to have occurred and where Defendants are employed.

21   Therefore, there is no risk of a physical attack at Kern Valley State Prison.  The availability of the

22   imminent danger exception "turns on the conditions a prisoner faced at the time the complaint

23   was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d at 1053, 1056;

24   *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *see also Turner v. Allison*, No. 18-cv-

25   02061-YGR (PR), 2019 WL 1230437, at *2 (N.D. Cal. Mar. 15, 2019) ("None of these alleged

26   incidents of excessive force occurred at the prison[ ] where Plaintiff was incarcerated at the time

27   he filed his complaint"); *Cruz v. Baker*, No. 1:18-CV-01641-LJO-SAB PC, 2018 WL 11241283,

28   at *1 (E.D. Cal. Dec. 13, 2018) (finding past incidents of alleged excessive force by guard

1   allegedly employed at former prison "do not meet the imminent physical danger exception under

2   section 1915(g)"); *Bontemps v. Smith*, No. CV 15-8226-JFW (SP), 2016 WL 10894023, at *3

3   (C.D. Cal. Nov. 18, 2016) (finding a single incident of excessive force at another prison,

4   occurring more than a year before filing insufficient to satisfy 28 U.S.C. Section 1915(g)'s

5   exception for imminent danger of serious physical injury), *aff'd*, 708 F. App'x 360 (9th Cir. 2017).

6   Thus, Plaintiff's allegations involving Kern Valley State Prison staff concern conditions Plaintiff

7   faced at an earlier time, not conditions he faced at the time he filed his complaint.

8        "Imminent danger of serious physical injury must be a real, present threat, not merely

9   speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4,

10  2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of

11  ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent

12  serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and

13  utterly conclusory assertions" of imminent danger or insufficient. *White v. Colorado*, 157 F.3d

14  1226, 1231–32 (10th Cir. 1998). Here, Plaintiff has failed to meet his burden. Plaintiff faces no

15  imminent danger of ongoing serious physical injury, nor has he alleged a pattern of misconduct

16  showing a likelihood of imminent serious physical injury. Plaintiff's allegations are speculative,

17  conclusory, and insufficient.

18       Accordingly, the complaint fails to contain plausible allegations that Plaintiff was in any

19  imminent danger of serious physical injury at the time the complaint was filed.  Plaintiff has not

20  satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must

21  pay the $402.00 filing fee if he wishes to litigate this action.

22       Accordingly, it is **RECOMMENDED**:

23       If Plaintiff fails to pay the $402.00 filing fee within a specified time set by the District

24  Court, the case be automatically dismissed.

25                    <u>NOTICE TO PARTIES</u>

26       These findings and recommendations will be submitted to the United States district judge

27  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen

28  (14) days after being served with these findings and recommendations, a party may file written

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


Dated:    March 10, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE